1  JOHN K. SKOUSEN, SBN 192581
   E-Mail  jskousen@fisherphillips.com
2  CHRISTOPHER M. AHEARN, SBN 239089
   E-Mail  cahearn@fisherphillips.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone: (949) 851-2424
5  Facsimile: (949) 851-0152

6  Attorneys for Defendant
   BALL METAL BEVERAGE CONTAINER CORP. (erroneously sued as "BALL METAL
7  BEVERAGE CONTAINER CORPORATION")

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11

12  ROBERT WESTFALL, individually and on    Case No:  2:16-at-01361
    behalf of all others similarly situated,

13              Plaintiff,                   **[AMENDED] NOTICE OF REMOVAL OF
                                             ACTION TO U.S. DISTRICT COURT**
14       v.

15  BALL METAL BEVERAGE CONTAINER    [Originally Solano Superior Court Action No.
    CORP., a Colorado Corporation, Does 1-20  FCS047654]
16  inclusive,
                                     Complaint Filed: September 7, 2016
17              Defendants.          Trial Date:      None Set

18

19

20

21

22

23

24

25

26

27

28

---

PLEASE TAKE NOTICE that Defendant BALL METAL BEVERAGE CONTAINER CORP.[1] (hereinafter referred to as "Defendant"), through its undersigned counsel, hereby <u>files this amended notice removing</u> the above-captioned action from the Superior Court of the State of California, in and for the County of Solano, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act), 1441, 1446, and 1453.  Defendant's <u>Amended</u> Notice of Removal is based upon and supported by the following.  <u>This Amended Notice is intended to replace the Notice of Removal filed earlier today. Additional material is underlined, except for caption information related to Defendant's "erroneously sued as" status).</u>

## I.   THE STATE COURT ACTION

1.   On or about September 7, 2016, Plaintiff Robert Westfall (hereinafter, "Plaintiff") filed an unverified "Class Action Complaint" (hereinafter, the "Complaint") in the Superior Court of the State of California, in and for the County of Solano, entitled "ROBERT WESTFALL, individually and on behalf of all others similarly situated, Plaintiff, v. BALL METAL BEVERAGE CONTAINER CORPORATION, a Colorado Corporation, Does 1-20 inclusive, Defendants, Case No. FCS047654" (hereinafter, the "State Court Action").  A true and correct copy of the Complaint is attached hereto as <u>Exhibit A</u>.

2.   The County of Solano is within the territory of the United States District Court for the Eastern District of California.

3.   Plaintiff's Complaint asserts causes of action for: (1) California Wages and Overtime Violations Under Labor Code §§ 510, 1194, 1199; (2) Failure to Provide Meal Breaks Under Labor Code §§ 226.7 and 512; (3) Failure to Provide Rest Breaks Under Labor Code § 226.7; (4) Violation of Labor Code § 226(a); (5) Penalties Pursuant to Labor Code § 203; and (6) Violation of Business & Professions Code § 17200.  The Caption page of Plaintiff's Complaint states that <u>it</u> asserts a cause of action for "Penalties Pursuant to Labor Code § 2699, et seq.", however such claim is not pleaded in the body of the Complaint, and as such Defendant has

---

[1]  <u>Defendant was erroneously sued as "BALL METAL BEVERAGE CONTAINER CORPORATION."</u>

1  disregarded it for purposes of this notice of removal and alleging any amount in controversy.

2          4.      True and correct copies of all other process, pleadings and orders (*see* 28 U.S.C.

3  § 1446(a)) that have been served on Defendant in the State Court Action are attached hereto,

4  respectively, as <u>Exhibit B</u> (Summons), <u>Exhibit C</u> (Case Management Order), and <u>Exhibit D</u>

5  (ADR Information).  Additionally, on November 2, 2016, Defendant filed and served an Answer

6  in the State Court Action, a true and correct copy of which is attached hereto as <u>Exhibit E</u>.

7          5.      The Complaint, along with Exhibits B through D hereto were served on Defendant

8  on October 4, 2016, by notice and acknowledgement of receipt pursuant to Cal. Code. Civ. Proc.

9  §§ 415.30.

10  **II.     REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD**

11          6.      In 2014, the U.S. Supreme Court held that notices of removal are subject to the

12  same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal

13  Rules of Civil Procedure, and that accordingly such notices need not attach evidence or meet a

14  burden of proof, but rather need only contain a "short and plain statement of the grounds for

15  removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551-554 (2014)

16  (quoting 28 U.S.C. § 1446(a)).  This governing principle also applies to a removing party's

17  allegations to the amount in controversy.  *Id.*; *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334

18  (2015).  Only if the Court, or another party, contests the allegations of removability must the

19  removing party submit evidence supporting its allegations, whereupon removability is decided

20  under a preponderance of the evidence standard.  *Dart Cherokee, supra*, 135 S.Ct. at 553-554.

21  **III.   THE U.S. DISTRICT COURT HAS JURISDICTION PURSUANT TO THE**

22          **CLASS ACTION FAIRNESS ACT**

23          7.      On February 18, 2005, the Class Action Fairness Act of 2005 ("CAFA") was

24  enacted. In relevant part, CAFA grants U.S. District Courts original jurisdiction over civil class

25  action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a

26  citizen of a state different from any defendant, and in which the matter in controversy exceeds

27  the sum or value of $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). CAFA

28  authorizes removal of such actions in accordance with 28 U.S.C. § 1446. While there are a

[AMENDED] NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

1    number of exceptions to this rule of original jurisdiction contained in amended 28 U.S.C. §§

2    1332(d)(3)-(5), none of them are applicable here.

3        8.     There is no "presumption against removal" when a Defendant seeks to remove

4    pursuant to CAFA.  *Dart Cherokee, supra*, 135 S.Ct. at 554.

5        9.     This Court has original jurisdiction over this case under CAFA in that it is a civil

6    action filed as a class action wherein the matter in controversy exceeds the sum of $5 million,

7    exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a

8    citizen of a state different than Defendant. *See* 28 U.S.C. § 1332(d).

9        10.    Plaintiff's Complaint asserts claims on behalf of a putative class consisting of

10   "[a]ll persons who hold or held an hourly paid position in the 'Production', 'Engineering' and

11   '[Production] Support' Departments for Defendant" (hereinafter, the "Putative Class").  There

12   are more than 100 such persons, and as such CAFA's exception for classes of fewer than 100

13   persons does not apply.  *See* 28 U.S.C. § 1332(d)(5)(B).

14       11.    Under 28 U.S.C. § 1453(b), a part of the CAFA, "a class action may be removed

15   to a district court of the United States in accordance with section 1446 (except that the 1-year

16   limitation under section 1446(b) shall not apply), without regard to whether a defendant is a

17   citizen of the State in which the action is brought, except that such action may be removed by

18   any defendant without the consent of all defendants." CAFA's diversity requirement is satisfied

19   when at least one plaintiff is a citizen of a state in which none of the defendants are citizens,

20   when one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one

21   plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. §§ 1332(d)(2),

22   1332(d)(5)(B), 1453(a).

23       12.    At all times from September 7, 2016 to the present, Plaintiff has been a resident

24   and citizen of the State of California.  *See* Complaint, ¶ 22.

25       13.    A corporation is deemed to be a citizen of the state in which it has been

26   incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The phrase

27   "principal place of business" "refers to the place where the corporation's high level officers

28   direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77,

3

80 (2010).  This is the corporation's "nerve center."  *Id*. at 78.  "[I]n practice [this] should normally be the place where the corporation maintains its headquarters. . ."  *Id*. This analysis focuses on the place from which the corporation's business activities are directed, controlled, and coordinated.  *Id*.  At all times from September 7, 2016 to the present, the following have been the case with regard to Defendant:  (a) it has been a Corporation, incorporated in and under the laws of the State of Colorado; (b) its corporate headquarters, where its "high level" officers (including its <u>President</u>) have directed, controlled, and coordinated Defendant's business operations, has been located in the State of Colorado; (c) its core executive and administrative functions have been carried out in the State of Colorado, including but not limited to all legal work and analysis, policy-making and decisions, corporate communications (internal and external), advertising and marketing, and computer operations.  Therefore, Defendant is a citizen of the State of Colorado.  *Hertz, supra*, 559 U.S. at 78.

14.     Based upon the foregoing, minimal diversity is established because Plaintiff is a citizen of California and Defendant is a citizen of Colorado, and both have been the case at all times from September 7, 2016 to the present.

15.     There are no other defendants whose consent or joinder are required for removal.

16.     Intra-district assignment to the Sacramento Division of this Court is proper because the case was originally filed in the California Superior Court in and for the County of Solano.

17.     Section 28 U.S.C. § 1332(d) of CAFA authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. Plaintiff's Complaint is silent as to the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *White v. J.C. Penny Life Ins. Co*., 861 F. Supp. 25, 26 (S.D. W.Va.1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining. . . to place a specific dollar claim upon its claim.")

18. Specifically, the "Amount in Controversy" requirement is met here based on the following:

(a) Plaintiffs First Cause of Action for unpaid wages and overtime claims that Defendant failed to provide compensation for all hours worked at the "proper rate." Complaint, ¶ 45. The gravamen of Plaintiff's wage claim appears to be Plaintiff's allegation that when he and Putative Class members worked extra, non-scheduled shifts, they were not paid at the correct overtime rate to account for the extra time. Complaint, ¶ 10. The Complaint is devoid of detail regarding exactly how many such extra shifts were worked, for how many hours, or when they occurred. As such, in an effort to be conservative in alleging the amount in controversy, Defendant disregards Plaintiff's overtime/unpaid wage claims. However, as is set forth below, the threshold is reached based on Plaintiff's meal and rest period, wage statement, and "waiting time" penalty claims alone.

(b) Plaintiff's Second and Third Cause of Action allege that Defendant failed entirely to provide Plaintiff and Putative Class Members with meal and rest periods as required by California law. *See* Complaint, ¶¶ 47-57. Plaintiffs claim one hour of "premium wages" for each missed meal period and each missed rest period. *Id.* at ¶¶ 52, 57. Plaintiff claims that, because of the need to monitor pages over Defendant's plant intercom system, he and members of the Putative Class were deprived of meal and rest periods. Complaint, ¶ 11. Plaintiff further alleges that the pages occurred with such frequency that he and members of the Putative Class were effectively deprived of any ability to take meal and rest periods. Complaint, ¶¶ 11-16.

(c) Plaintiff's claims for meal and rest period "premium" wages is subject to a four-year limitation period. *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1105-1114 (2007) (break premiums are considered wages); *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 177-179 (2000) (wage payments are subject to four year limitation period when pleaded as claim for restitution under California's Unfair Competition Law ("UCL")); *See* Complaint, ¶¶ 66-75 (alleging UCL claims). Plaintiff, and members of the Putative Class, may claim up to two hours' pay per day (at the employee's regular rate) as "premium wages", one for failure to provide all required meal periods, and one as to rest periods. Cal Lab. Code § 226.7;

[AMENDED] NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT
FPDOCS 32353023.1

1   *United Parcel Svc. v. Sup. Ct.*, 196 Cal.App.4th 57, 65-70 (2011).

2      (d)   Defendant employed at least approximately 140 members of the Putative

3   Class <u>in California</u> at any one given time during the four year period prior to the filing of the

4   Complaint, who earned an average of approximately $29.00 per hour.  Such employees generally

5   worked a schedule consisting of four (4) twelve-hour workdays, followed by four (4) days off,

6   for at least approximately 48 weeks per year (accounting for vacations, leaves, and illness).

7   Based on those figures, the amount of damages put at issue on Plaintiff's meal and rest periods

8   alone is 140 (persons) x 4 (years) x 48 (weeks) x 3.5 (average workdays per week based on a

9   schedule where half of all calendar days are workdays) x $29.00 (avg. regular hourly rate) x 2

10  (premiums per day) = $<u>5,456,640</u>.  Note that this is a conservative figure in that it runs only

11  through the date the complaint was filed, not through the present.

12      (e)   On Plaintiff's claim for failure to provide accurate, itemized wage

13  statements, Plaintiff may claim penalties in the amount of $50 for the initial pay period, plus

14  $100 for each additional pay period, to a maximum of $4,000 per employee, with a one-year

15  limitation period.  Cal. Lab. Code § 226(e); Cal. Code Civ. Proc. § 340(a).  There were at least

16  140 members of the Putative Class employed <u>in California</u> for a full year prior to the date of the

17  filing of the complaint, and such persons were paid bi-weekly.  As such, at least the following

18  amount is put at issue by Plaintiff's wage statement claim:  140 x [$50 (initial pay period penalty)

19  + ($100 x 25 remaining pay periods)] = $<u>357,000</u>.

20      (f)   Plaintiff's claim for "waiting time" penalties for failure to pay all wages

21  due at termination derives from his aforementioned wage claims, which Plaintiff claims were due

22  upon termination and unpaid at such time, resulting in a penalty of 30 days' pay at the employees'

23  daily rate of pay.  Complaint, ¶¶ 62-65; Cal. Lab. Code § 203.  This claim has a three-year

24  limitation period.  *Pineda v. Bank of America*, 50 Cal.4th 1389, 1392-1402 (2010).  The "daily

25  rate of pay" is the employees' typical number of hours worked per day, multiplied by the hourly

26  rate, in this case on average 12 hours x $29.00 or $348.  *See* Cal. Lab. Code § 203.  At least

27  approximately thirty (30) members of the Putative Class <u>employed in California</u> separated from

28  employment with Defendant during the time period from September 7, 2013 (3 years prior to the

1   filing of the Complaint) to the present.  Thus, the amount put at issue by this claim is $348 x 30
2   x 30 = $313,200.

3           (g)    As such, the total amount put at issue by Plaintiff's claims, without
4   counting for his unpaid wage/overtime claim, or attorney fees, is $5,456,640 + $357,000 +
5   $313,200 = $6,126,840.   It is well-settled that in determining whether a complaint meets the
6   amount in controversy requirement, the Court should consider attorneys' fees. *Missouri State*
7   *Life Ins. Co. v. Jones*, 290 U.S. 199, 200-202 (1933) (attorneys' fees may be taken into account
8   to determine jurisdictional amount where statute authorizes prevailing party attorney fees); *See*
9   Cal. Lab. Code §§ 218.5, 226(e)(1) (providing for attorney fees for a prevailing plaintiff on
10  claims for wages in improper wage statements); Complaint, at page 14 (Prayer for Relief, item
11  12, seeking attorney fees). If an award of attorneys' fees of 25% (a generally accepted standard
12  in cases such as this one) is added to the above, the total would equal $6,126,840 x 1.25 =
13  $7,658,550.

14          19.    By removing this matter, Defendant does not waive and, to the contrary, reserves
15  any rights it may have including, without limitation, all available arguments and defenses.  "The
16  amount in controversy is simply an estimate of the total amount in dispute, not a prospective
17  assessment of defendant's liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th
18  Cir. 2010).

19  **IV.    NOTICE, SERVICE, AND OTHER REQUIREMENTS ARE MET**

20          20.    "Doe" defendants 1 through 20 are fictitious.  Pursuant to 28 U.S.C. § 1441(a),
21  the citizenship of Defendants sued under fictitious names must be disregarded for the purposes
22  of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the
23  parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

24          21.    As required by 28 U.S.C. §1446(b), the original Notice was filed within 30 days
25  after Defendant was first served with a copy of Plaintiff's Summons and Complaint.

26          22.    In accordance with 28 U.S.C. §1446(d), Defendant will promptly provide notice
27  of this removal to Plaintiff through his attorneys of record, and Defendant will promptly file a
28  copy of this Notice of Removal with the Superior Court of the State of California, in and for the

[AMENDED] NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

1    County of Solano.

2    23.    In the event this Court has a question regarding the propriety of this Notice of Removal,

3    Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to

4    more fully brief the basis for this removal, and to produce supporting evidence.

5

6    Dated:  November 3, 2016                          Respectfully submitted,

7                                                       FISHER & PHILLIPS LLP

8

9                                          By:   /s/ CHRISTOPHER M. AHEARN
                                                 JOHN K. SKOUSEN
10                                               CHRISTOPHER M. AHEARN
                                                 Attorneys For Defendant
11                                               BALL METAL BEVERAGE
                                                 CONTAINER CORP. (ERRONEOUSLY
12                                               SUED AS "BALL METAL BEVERAGE
                                                 CONTAINER CORPORATION)
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[AMENDED] NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT
FPDOCS 32353023.1

*Robert Westfall v. Ball Metal Beverage Container Corp.*, U.S. Dist. Ct. (E.D. Cal.)
Case No. 2:16-at-01361

[AMENDED] NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT
COURT

**EXHIBIT A (State Court Complaint)**

1  MATTHEW R. EASON, Esq., Cal. Bar No. 160148
   KYLE K. TABORNINI, Esq., Cal. Barn No. 160538
2  **EASON & TAMBORNINI, ALC**
   1819 K Street, Suite 200
3  Sacramento, CA 95811
   (916) 438-1819
4  Facsimile (916) 438-1820
   Matthew@capcitylaw.com
5  http://www.capcitylaw.com

6  Attorneys for Plaintiff Robert Westfall
   Individually and on behalf of all others similarly situated

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SOLANO

10

11  ROBERT WESTFALL, individually and         Case No.:    **FCS047654**
    on behalf of all others similarly situated,

12                                            **CLASS ACTION COMPLAINT**
                    Plaintiff,                 1.  California Wages and Overtime Violations
13         v.                                      Under Labor Code §§510, 1194, 1199
                                               2.  Failure to Provide Meal Breaks Under
14  BALL METAL BEVERAGE                            Labor Code §§ 226.7 and 512
    CONTAINER CORPORATION., a                  3.  Failure to Provide Rest Breaks Under
15  Colorado Corporation, Does 1-20                Labor Code § 226.7
    inclusive,                                 4.  Violation of Labor Code § 226(a)
16                                             5.  Penalties Pursuant to Labor Code § 203
                                               6.  Violation of Business & Professions Code
17                  Defendants.                    § 17200
                                               7.  Penalties Pursuant to Labor Code §2699,
18                                                 et seq.

19                                            **ASSIGNED TO**
                                              **JUDGE** _Beelman_
20                                            **FOR ALL PURPOSES**

21

22         Plaintiff Robert Westfall, individually, on behalf of himself, all others similarly situated,

23  (collectively "Plaintiffs") complain of Defendant BALL METAL BEVERAGE CONTAINER

24  CORPORATION ("Defendant BALL") and each of them, as follows:

                                      I
25
                              **INTRODUCTION**
26
27         1.    This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of

28  Plaintiffs and all individuals who hold or held the position of "Electronic Technician", currently

                                      Complaint

1 | employed by or formerly employed by Defendant and any subsidiaries or affiliated companies
2 | and Does 1 to 20 within the State of California.

3 |     2.    This is also a Representative Action, pursuant to Labor Code § 2699 et seq., on
4 | behalf of "Plaintiff and all individuals who hold or held an hourly paid position in the
5 | 'Production', 'Engineering' and '[Production] Support' Departments", currently employed by or
6 | formerly employed by Defendant and any subsidiaries or affiliated companies and Does 1 to 20
7 | within the State of California. ("aggrieved employees").

8 |     3.    Plaintiff and the aggrieved employees are persons employed in the
9 | Manufacturing Industry as that term is defined in Industrial Welfare Commission Order No. 1-
10 | 2001 (hereinafter Wage Order #1).

11 |     4.    Plaintiff is not a person covered within the Executive Exemption, the
12 | Administrative Exemption, or Professional Exemption contained within Wage Order #1.

13 |     5.    Wage Order #1 provides that "An 'alternative workweek schedule' means any
14 | regularly scheduled workweek requiring an employee to work more than eight (8) hours in a 24-
15 | hour period.

16 |     6.    At all times relevant within the last four years, Plaintiff and the aggrieved parties
17 | were regularly scheduled to work in excess of eight hours in a 24-hour period.

18 |     7.    Attached hereto as Exhibit 1 is a true and correct copy of the workweek schedule
19 | for the Plaintiff and other aggrieved employees for the 2016 calendar year.

20 |     8.    At all times relevant within the last four years, Plaintiffs worked an "alternative
21 | workweek schedule" as defined in Wage Order #1.

22 |     9.    Wage Order #1 provides that all work performed in excess of 12 hours per day
23 | and any work in excess of eight (8) hours on those days worked beyond the regularly schedule
24 | number of workdays established by the alternative workweek shall be paid at double the
25 | employee's regular rate of pay.

26 |     10.    At all times relevant times within the last four years,, when Plaintiff and the
27 | aggrieved parties were an extra non-scheduled shift, and worked in excess of eight hours, they
28 | were paid time-and-a-half, and not double time.

2
CLASS ACTION COMPLAINT

11.     At all times relevant time within the last four years, Plaintiff and the aggrieved parties were required as part of their job duties to monitor pages over the plant intercom system (hereinafter "The Pages").  On a typical workday, the number of Pages would routines exceeds 70 per day.  Those pages were spreadout through the day based on Plant needs, and thus over any given period of time would average in excess of 6 pages an hour, including during the rest and meal break periods.

12.     At all times relevant time within the last four years , if the Plaintiff and aggrieved employees did not respond to a Page received while they were on their rest break, they were subject to discipline.

13.     At all times relevant time within the last four years, if the Plaintiff and aggrieved employees did not respond to a Page received by them while they were on their meal break, they were subject to discipline.

14.     At all times relevant time within the last four years, while ostensibly on their meal break, Plaintiff and the aggrieved employees were not free of all duties as they were required to monitor The Pages.

15.     At all times relevant time within the last four years, while ostensibly on their rest break, Plaintiff and the aggrieved employees were not free of all duties as they were required to monitor The Pages.

16.     At all times relevant time within the last four years, while ostensibly on their meal break, if the Plaintiff and the aggrieved employees had to respond to a Page, they were not compensated for the actual time worked during their meal period.

17.     Plaintiffs, on behalf of themselves and all aggrieved employees, bring this action pursuant to Labor Code §§ 201, 202, 203, 226(a), 226.7, 510, 512, 515, 558, 1194, 1199, 2699; Wage Order 7-2001; and California Code of Regulations, Title 8, Section 11070, seeking wages and/or overtime, meal break premiums, rest break premiums, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

CLASS ACTION COMPLAINT

1       18.    Plaintiffs, on behalf of themselves and all aggrieved employees, pursuant to

2  Business & Professions Code §§ 17200-17208, also seek injunctive relief, restitution, and

3  disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

4                              **II**

5                    **JURISDICTION AND VENUE**

6       19.    This Court has subject matter jurisdiction over all causes of action asserted

7  herein pursuant to Article VI, § 10 of the California Constitution and California Code of Civil

8  Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in

9  controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted

10  arises under the laws of the State of California or is subject to adjudication in the courts of the

11  State of California.

12       20.    This Court has personal jurisdiction over Defendant because Defendant has

13  caused injuries in the County of Solano and State of California through their acts, and by their

14  violation of the California Labor Code, California state common law, and California Business &

15  Professions Code sections 17200, *et seq.*

16       21.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of

17  Civil Procedure § 395.  Defendant operates within California and does business within Solano

18  County.  The unlawful acts alleged herein have a direct effect on Plaintiff and all aggrieved

19  employees within the State of California.

20                             **III**

21                        **PARTIES**

22  **A. PLAINTIFF**

23       22.    Plaintiff Robert Westfall, is a competent adult and a resident of California, is an

24  employee of the Defendants.  Plaintiff was employed by the Defendants to perform services as a

25  "Electronic Technician" commencing on or about January 2001 and continuing through present.

26  Plaintiff Westfall's claims are common to those of the Proposed Class Members.

27       23.    Plaintiffs and all aggrieved employees were regularly required to:

28

CLASS ACTION COMPLAINT

1          a.     Work without being compensated for all hours worked and the proper

2  corresponding rate;

3          b.     Work without being provided meal periods uninterrupted by The Pages;

4          c.     Work without being provided their rest periods uninterrupted by The

5  Pages; and

6          d.     Work without being provided an accurate itemized wage statement that

7  accurately report total hours worked.

8  **B. DEFENDANTS**

9     24.    Defendant BALL is believed to be a Colorado corporation operating within the

10  State of California.

11     25.    Defendant BALL has done and does business throughout the State of California.

12     26.    The true names and capacities, whether individual, corporate, associate, or

13  otherwise, of Defendants sued herein as DOES 1 to 20, inclusive, are currently unknown to

14  Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure

15  § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants

16  designated herein as a DOE is legally responsible in some manner for the unlawful acts referred

17  to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names

18  and capacities of the Defendants designated hereinafter as DOES when such identities become

19  known.

20     27.    Plaintiff is informed and believes, and based thereon allege, that each Defendant

21  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a

22  joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

23  Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all

24  respects acted as the employer and/or joint employer of Plaintiffs and the aggrieved employees,

25                            **IV**

26                **CLASS ACTION ALLEGATIONS**

27     28.    Plaintiff brings this action on behalf of himself and all others similarly situated as

28  a Class Action pursuant to § 382 of the Code of Civil Procedure. Plaintiff seeks to represent All

1  persons who hold or held an hourly paid position in the 'Production', 'Engineering' and

2  '[Production] Support' Departments for Defendant" ("Proposed Class")

3      29.    Plaintiff reserves the right under Rule 3.765(b) of the California Rules of Court

4  to amend or modify the class description with greater specificity, by division into subclasses, or

5  by limitation to particular issues.

6      30.    Plaintiff is informed and believes that this action has been brought and may

7  properly be maintained as a class action under the provisions of § 382 of the Code of Civil

8  Procedure because there is a well-defined community of interest in the litigation and the

9  Proposed Classes are easily ascertainable.

10     **A. Numerosity**

11     31.    Plaintiff is informed and believes that the potential members of the Proposed

12  Classes as defined are so numerous that joinder of all the members of the Proposed Classes is

13  impracticable.

14     32.    While the precise number of proposed Class Members has not been determined

15  at this time, Plaintiff is informed and believes that Defendant currently employ, and during the

16  relevant time periods employed 200 Class Members at any given time.

17     33.    Plaintiff alleges that Defendant's employment records would provide information

18  as to the number and location of all members of the Proposed Classes.

19     34.    Plaintiff is informed and believes that joinder of all members of the Proposed

20  Classes is not practicable.

21     **B. Commonality**

22     35.    There are questions of law and fact common to the Proposed Classes that

23  predominate over any questions affecting only individual Proposed Class Members.    These

24  common questions of law and fact include, without limitation:

25          a.    Whether Defendant failed to pay wages and/or overtime compensation as

26  required by the Labor Code and Wage Orders under Labor Code §§ 510, 1194, and 1199;

27          b.    Whether Defendant violated Labor Code §§ 226.7 and 512 and IWC

28  Wage Order 1-2001 or other applicable IWC Wage Orders, by failing to provide required meal

CLASS ACTION COMPLAINT

periods free from the duty to monitor The Pages and interruptions throughout the term of employment and failing to compensate said employees one (1) hours wages in lieu of meal period missed;

    c.    Whether Defendant violated Labor Code § 226.7 and IWC Wage Order 1-2001 or other applicable IWC Wage Orders, by failing to inform Plaintiffs and the Proposed Classes of their right to take rest periods free from duties to monitor The Pages interruptions throughout the term of employment and failing to compensate said employees one (1) hours wages in lieu of rest period missed;

    d.    Whether Defendants violated Labor Code § 226(a) and Wage Order 1-2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11070 by failing to provide an accurate itemized wage statements that accurately reporting total hours worked, and the applicable rates, for Plaintiffs and the members of the Proposed Classes;

    e.    Whether Defendant violated §§ 201-203 of the Labor Code by failing to pay compensation due and owing at the time that any proposed Class Members' employment with Defendant terminated;

    f.    Whether Defendant violated § 17200 et seq. of the Business & Professions Code by engaging in the acts previously alleged;

    g.    Whether Plaintiff and the members of the Proposed Classes are entitled to equitable relief pursuant to Business & Professions Code § 17200, et seq.; and

    h.    Whether Defendant violated Labor Code § 2699, et seq. by engaging in the acts alleged herein.

**C. Typicality**

36.    Plaintiff is informed and believes that his claims are typical of the claims of the Proposed Classes.

37.    Plaintiff is informed and believes that Plaintiff and all members of the Proposed Classes sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

7

**D. Adequacy of Representation**

38.    Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Classes.  Counsel who represent Plaintiff and the Proposed Classes are competent and experienced in litigating employment class actions.

**E. Superiority of Class Action**

39.    Plaintiff is informed and believes that a class action is superior to other available means for the fair and efficient adjudication of this controversy.

40.    Plaintiff is informed and believes that individual joinder of all Proposed Class Members is not practicable, and questions of law and fact common to the Proposed Classes predominate over any questions affecting only individual members of the Proposed Classes.

41.    Plaintiff is informed and believes that each member of the Proposed Classes has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to provide wages and/or overtime, meal periods, rest periods, failing to provide accurate itemized wage statements, and failing to pay all wages upon resignation or termination.

42.    Plaintiff is informed and believes that Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

43.    Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES AND/OR OVERTIME UNDER

### LABOR CODE §§ 510, 1194, and 1199

44.    Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

45.    Plaintiff and the Proposed Classes were forced to work on a regular and consistent basis without receiving compensation for all hours worked at the proper rate.

46.     As a result of the unlawful acts of Defendant, Plaintiffs and the members of the Proposed Classes have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

## VII

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS PURSUANT TO

## LABOR CODE § 226.7 AND LABOR CODE § 512

47.     Plaintiff, on behalf of himself and the Proposed Classes, realleges and incorporate by reference all previous paragraphs.

48.     Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of compensation for each meal period the employer fails to provide.

49.     Employees are entitled to a first meal period of at least thirty (30) minutes for shifts over five (5) hours, to be provided within the first five (5) hours of the shift, and a second meal period of at least thirty (30) minutes for shifts over ten (10) hours.

50.     Plaintiff and the Proposed Classes consistently worked shifts over five (5) hours.

51.     Defendant failed to provide Plaintiff and the Proposed Class with proper uninterrupted meal breaks free from all duties including Pages, of not less than thirty (30) minutes as required by the Labor Code during the relevant time period.

52.     Pursuant to Labor Code § 226.7, Plaintiffs and the Proposed Classes are entitled to damages in an amount equal to one (1) hour of wages per missed meal break, per day in a sum to be proven at trial.

## VIII

## THIRD CAUSE OF ACTION

## FAILURE TO ALLOW REST PERIODS PURSUANT TO LABOR CODE § 226.7

53.     Plaintiffs, on behalf of themselves and the Proposed Classes, realleges and incorporate by reference all previous paragraphs.

CLASS ACTION COMPLAINT

54.    Labor Code § 226.7 requires an employer to pay an additional hour (1) of compensation for each rest period the employer fails to provide.

55.    Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked (or major fraction thereof).

56.    Defendant failed to provide Plaintiff and the Proposed Class with proper uninterrupted rest breaks free from all duties including pages, of not less than ten (10) minutes as required by the Labor Code during the relevant time period.

57.    Pursuant to Labor Code § 226.7, Plaintiffs and the Proposed Classes are entitled to damages in an amount equal to one (1) hour of wages per missed rest period, in a sum to be proven at trial.

**IX**

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

58.    Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

59.    Section 226(a) of the California Labor Code requires employers to itemize in wage statements all deductions from payment of wages, the appropriate rates of pay, and to accurately report total hours worked by the employees.  It also requires that an employer include its name and address on the wage statement.  Defendant has knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements provided to Plaintiffs and the Proposed Classes.

60.    IWC Wage Orders require employers to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by employees.  Defendant failed to keep accurate records of the total daily hours worked for Plaintiffs and members of the Proposed Classes.

10

CLASS ACTION COMPLAINT

61.    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

**X**

**FIFTH CAUSE OF ACTION**

**WAITING TIME PENALTIES UNDER LABOR CODE § 203**

62.    Plaintiff, on behalf of the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

63.    Numerous members of the Proposed Classes are no longer employed by Defendant.  They were either fired or quit Defendant's employ.

64.    Defendant's failure to pay wages, as alleged above was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiffs and the Proposed Classes to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

65.    Defendant has failed to pay others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter.  Pursuant to the provisions of Labor Code § 203, the Proposed Classes whose employment ended are entitled to a penalty in the amount of their daily wage multiplied by thirty (30) days.

**XI**

**SIXTH CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO**

**BUSINESS & PROFESSIONS CODE § 17200**

66.    Plaintiff, on behalf of himself and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

11

CLASS ACTION COMPLAINT

67. This is a Class Action for Unfair Business Practices. Plaintiff, on behalf of himself, on behalf of the general public, and on behalf of the Proposed Classes, bring this claim pursuant to Business & Professions Code § 17200, et seq. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiffs, the general public, and the Proposed Classes. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

68. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

69. Business & Profession Code § 17200, et seq. prohibits unlawful and unfair business practices.

70. California's wage and hour laws express fundamental public policies. Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

71. Defendant has violated statutes and public policies as alleged herein. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, et seq., depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

72. Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200 et seq. of the Business & Professions Code.

CLASS ACTION COMPLAINT

73.     Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful.  As such it is a violation of § 17200 et seq. of the Business & Professions Code.

74.     As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

75.     Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above.  Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiff and members of the Proposed Classes the money Defendant has unlawfully failed to pay.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff prays for the following relief:

1.     For compensatory damages in the amount of unpaid wages and/or overtime not paid to Plaintiff and each other member of the Proposed Classes from at least four (4) years prior to the filing of this action to the present as may be proven;

2.     For compensatory damages in the amount of Plaintiff's and each member of the Proposed Classes' hourly wage for each rest period and/or meal period missed or taken late during the liability period as may be proven;

3.     For penalties pursuant to Labor Code § 226(e) for violation of Labor Code § 226(a) in the amount of fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000);

4.     For penalties pursuant to Labor Code § 203 for all employees who were terminated or resigned equal to their daily wage times thirty (30) days;

5.     An award of prejudgment and post judgment interest;

13

CLASS ACTION COMPLAINT

6.    An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing Plaintiff with proper wages and/or overtime, meal periods, rest periods, accurate itemized wage statements, and wages upon termination/resignation pursuant to Labor Code §§ 203, 226(a), 226.7, 510, 512, 515, 558, 1194, 1199 and IWC 7-2001;

7.    For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement or profits, in an amount as may be proven;

8.    For penalties and other relief pursuant to Labor Code §2699, et seq.;

9.    As Plaintiff has properly given Defendant Notice, Plaintiff seeks unpaid wages and penalties pursuant to Labor Code §558, as permitted by Labor Code §2699(f), in the amount of, fifty dollars ($50) for each initial violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages and one hundred ($100) dollars for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

10.    Prejudgment interest;

11.    An award providing for payment of costs of suit;

12.    An award of attorneys' fees; and

13.    Such other and further relief as this Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated: September 6, 2016        Eason & Tambornini, ALC

By:

Matthew R. Eason
Attorneys for Plaintiff and the Proposed Class

14

CLASS ACTION COMPLAINT

NOTIFICATION NO. 437-7504
Aetna PMLA/PMLI CALL IN 1(877) 292-3862

BALL-FAIRFIELD 2016

JANUARY

FEBRUARY

MARCH

APRIL

MAY

JUNE

JULY

AUGUST

SEPTEMBER

OCTOBER

NOVEMBER

DECEMBER

*Robert Westfall v. Ball Metal Beverage Container Corp.*, U.S. Dist. Ct. (E.D. Cal.)
Case No. 2:16-at-01361

[AMENDED] NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT
COURT

**EXHIBIT B (State Court Summons)**

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BALL METAL BEVERAGE CONTAINER CORPORATION.,
a Colorado Corporation, Does 1-20 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT WESTFALL, individually and
on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* FCS047654 |
|---|---|

600 Union Ave. Hall of Justice
Fairfield, CA 94533-6300

Old Solano Courthouse
580 Texas Street
Fairfield, CA 94533

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew R. Eason          Eason & Tambornini, A Law Corporation
1234 H Street, Suite 200          (916) 438-1819
Sacramento, CA 95814

| DATE: SEP -7 2016 | Clerk, by | J. WOOD | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]          **SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Martin Dean's
ESSENTIAL FORMS™

Westfall, Robert

*Robert Westfall v. Ball Metal Beverage Container Corp.*, U.S. Dist. Ct. (E.D. Cal.)
Case No. 2:16-at-01361

[AMENDED] NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT
COURT

**EXHIBIT C (State Court Case Management Order)**



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

### CIVIL DIVISION

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):   WESTFALL, ROBERT

Case No.  FCS047654

Defendant(s):   BALL METAL BEVERAGE CONTAINER
CORPORATION, A COLORADO CORPORATION

**NOTICE OF CASE MANAGEMENT
CONFERENCE ONE
AND
NOTICE OF ASSIGNMENT OF
JUDGE FOR ALL PURPOSES**

---

PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN
CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:

Date: 01/10/2017                    Time: 8:30 a.m.

THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO: Judge Paul L. Beeman
Department 1

ALL HEARINGS WILL BE HELD AT:   580 Texas Street, Fairfield, CA 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management
Conference One and any Case Management Conference Two set by the court are as follows:

(1)   Service of the complaint must be within sixty (60) calendar days of the date of filing.

(2)   Service and filing of responsive pleading must be within thirty (30) days after service of the complaint.
The time for filing responsive pleading may not be extended except as authorized by Government Code
section 68616. *Appearance at the Case Management Conference does not excuse a litigant from
the requirement of filing and serving a responsive pleading within this deadline.*

(3)   Plaintiff shall serve a copy of this *Notice of Case Management Conference One* on all defendants with
the complaint.

(4)   Any party serving a cross-complaint shall serve a copy of this *Notice of Case Management Conference
One* on each cross-defendant with the cross-complaint.

(5)   Any cross-complaint served after Case Management Conference One has been held shall have a *Notice
of Case Management Conference Two* served with it.

(6)   A *Case Management Statement* shall be filed with the court and served on all parties by each counsel
by the 15th calendar day before the date set for Case Management Conference One.

(7)   At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00
on or before the initial case management conference or as otherwise provided by statute.

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

(8) At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the *Case Management Statement* for Case Management Conference Two.

(9) Each counsel shall complete, file, and serve on all parties a completed *Case Management Statement* by the 15th calendar day before the date set for Case Management Conference Two.

(10) At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

(11) The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a *Case Management Statement* is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

---

**COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL RULES REGARDING CIVIL LITIGATION**

---

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☑  I personally served the person named below on (*date*): _____ **SEP -7 2016** _____ at

(*time*) _____.

Name: _____ CHRISTIAN STURDEE, STURDEE LEGAL _____

☐ Party     ☐ Attorney of Record     ☑ Representative

| |
|---|
| I,   CHRISTIAN STURDEE, STURDEE LEGAL   , acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes*.<br><br>Date:   **SEP -7 2016** _____<br>Signature |

☐  I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated. Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

☐ See attached for additional service addresses

Date:  **SEP -7 2016**

Clerk of the Court
Superior Court of California, County of Solano

By: _____ **J. WOOD**

Deputy Clerk

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

0900-CV  REV. 09-26-2014

Page 2 of 2

*Robert Westfall v. Ball Metal Beverage Container Corp.*, U.S. Dist. Ct. (E.D. Cal.)
Case No. 2:16-at-01361

[AMENDED] NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT
COURT

**EXHIBIT D (State Court ADR Information)**

Local Form 3906
March 7, 2011



**SOLANO COUNTY SUPERIOR COURT
ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

---

The judges of the Civil Division agree that parties should consider using Alternative dispute Resolution (ADR) to settle their cases.  To tell the court you will use ADR:
- Choose ADR on the Case Management Statement (CM-110) *or*
- File a Stipulation and Order - ADR *or*
- Agree to ADR at your first court appearance

*Questions?  Call (707) 207-7413 or go to www.solano.courts.ca.gov/adr*

---

The following information about the ADR Programs available at the Solano Court is provided in addition to the information in the attached brochure:

**No Fee Mediation Program and a Pro Bono Mediation Program:**

No Fee Mediation panelists are experienced mediators who recently completed 40 hours of focused mediation training.  This program is available when ordered by the judge.

The Pro Bono Mediation panelists are the same mediators on the listing of mediators who provide their services without cost when ordered by the judge.

Request No Fee Mediation or Pro Bono Mediation by entering the program name on the Case Management Statement or on the Stipulation and Order – ADR (Alternative Dispute Resolution).  Attach a declaration to the Stipulation and Order to ADR describing why mediation services should be provided without costs to the parties.

**Private Mediation and Arbitration:**

Parties may select a mediator or arbitrator of their choice including someone not on the listings maintained by the court.  If a private mediator, arbitrator or evaluator is selected who is not on the court maintained listing, your selection must be approved by the court.

**Fees:**

Pursuant to Solano Superior Court Local Rules of Court 4.7 d and 4.8 d ADR fees shall be split equally by the parties at the rate set by the neutrals, unless otherwise ordered by the court.

*Robert Westfall v. Ball Metal Beverage Container Corp.*, U.S. Dist. Ct. (E.D. Cal.)
Case No. 2:16-at-01361

[AMENDED] NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT
COURT

**EXHIBIT E (State Court Answer)**

ENDORSED FILED
Clerk of the Superior Court

NOV 0 2 2016

G. Ureta

By_____
DEPUTY CLERK

1  JOHN K. SKOUSEN, SBN 192581
   CHRISTOPHER M. AHEARN, SBN 239089
2  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
3  Irvine, California 92614
   Telephone: (949) 851-2424
4  Facsimile: (949) 851-0152

5  Attorneys for Defendant
   BALL METAL BEVERAGE CONTAINER CORPORATION
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF SOLANO

10

11 | ROBERT WESTFALL, individually and on     | CASE NO.: FCS047654
   | behalf of all others similarly situated,  | *[Unlimited Jurisdiction]*
12 |                                           |
   |              Plaintiff,                    | *Assigned for all purposes to the*
13 |                                           | *Honorable Paul L. Beeman, Dept. 1*
   |       v.                                   |
14 |                                           | **ANSWER AND AFFIRMATIVE**
   | BALL METAL BEVERAGE CONTAINER              | **DEFENSES OF DEFENDANT BALL**
15 | CORPORATION., a Colorado Corporation,      | **METAL BEVERAGE CONTAINER**
   | Does 1-20 inclusive,                       | **CORPORATION**
16 |                                           |
   |              Defendants.                   |
17 |                                           |
   |                                           | Complaint Filed: September 7, 2016
18 |                                           | Trial Date:     None Set

19

20

21

22

23

24

25

26

27

28

1    Defendant    BALL    METAL    BEVERAGE    CONTAINER    CORPORATION,

2    ("Defendant") responds to plaintiff's complaint as follows:

3                                    **ANSWER**

4        Pursuant to California Code of Civil Procedure section 431.30, subdivision (d),

5    Defendant generally denies each and every allegation and cause of action in plaintiff's unverified

6    complaint.

7        Herein, the terms "Plaintiff" and "Plaintiffs" refers to both Plaintiff ROBERT

8    WESTFALL and to any member of any putative class and/or representative group that ROBERT

9    WESTFALL seeks to represent.

10                        **FIRST AFFIRMATIVE DEFENSE**

11        1.    Plaintiff's complaint, and each and every cause of action therein, is barred by the

12    applicable statute of limitations, including but not limited to:  Code of Civil Procedure sections

13    335.1, 337, 340(a), (b), 338(a), 339, and 343, and Business & Professions Code section 17208.

14                        **SECOND AFFIRMATIVE DEFENSE**

15        2.    Plaintiff is estopped by his conduct from recovering any relief sought in the

16    complaint, or in any purported cause of action alleged therein.

17                        **THIRD AFFIRMATIVE DEFENSE**

18        3.    By his conduct, plaintiff has waived any right to recover any relief sought in the

19    complaint, or in any purported cause of action alleged therein.

20                        **FOURTH AFFIRMATIVE DEFENSE**

21        4.    Plaintiff's claims are barred by the doctrine of unclean hands.

22                        **FIFTH AFFIRMATIVE DEFENSE**

23        5.    Plaintiff's claims are barred under the doctrine of collateral estoppel and res

24    judicata.

25                        **SIXTH AFFIRMATIVE DEFENSE**

26        6.    Plaintiff's claims are barred by plaintiff's failure to exhaust administrative

27    remedies, including but not limited to, pursuant to section 2699.3 of the California Labor Code.

28    //

                                         1

### SEVENTH AFFIRMATIVE DEFENSE

7.    Plaintiff's claims for penalties are barred by the "excessive fines" clauses of the Eighth Amendment to the United States Constitution and Article I., Section 17 of the California Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiff's claims for penalties are barred by the due process clauses of the Fourteenth Amendment to the United States Constitution and Article I., Section 15 of the California Constitution.

### NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff's claims for "waiting time" penalties pursuant to Section 203 of the California Labor Code are barred because the wages Plaintiff claims were not paid upon termination were subject to a good faith dispute of fact or law as to whether such wages were owed.

### TENTH AFFIRMATIVE DEFENSE

10.    Any amounts that Plaintiff claims are owed to him are offset to the extent there are amounts owed to Defendant by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendant's conduct toward Plaintiffs, including with regard to compensation, provision of meal and rest periods, and furnishing of wage statements, was at all times justified and undertaken in a good faith belief that Defendant was in full compliance with the law.

### TWELFTH AFFIRMATIVE DEFENSE

12.    Any alleged unpaid overtime was not authorized by Defendant and was performed by Plaintiff during times and circumstances that were without Defendant's actual or constructive knowledge.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely meal periods because any instances were a result of Plaintiff's own decisions and/or his failure to follow Defendant's lawful policies and/or

2

1    instructions with regard to such meal periods.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely rest periods because any such instances were a result of Plaintiff's own decisions and/or his failure to follow Defendant's lawful policies and/or instructions with regard to such rest periods.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely meal periods because Defendant had no actual or constructive knowledge of such instances.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely rest periods because Defendant had no actual or constructive knowledge of such instances.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely meal periods because Plaintiff's unilateral choice to decline to exercise his right to take the legally required meal periods provided to him and/or Plaintiff's failure to timely obtain a remedy by complaining and/or taking reasonable measures to complain about any alleged impediments to such enjoyment of the legally required meal periods contemporaneously with the occurrence of such impediments (of which Defendant had no actual or constructive knowledge), utterly disqualify and bar Plaintiff from establishing a meal period violation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely rest periods because Plaintiff's unilateral choice to decline to exercise his right to take the legally required rest periods provided to him and/or Plaintiff's failure to timely obtain a remedy by complaining and/or taking reasonable measures

3

to complain about any alleged impediments to such enjoyment of the legally required rest periods contemporaneously with the occurrence of such impediments (of which Defendant had no actual or constructive knowledge), utterly disqualify and bar Plaintiff from establishing a rest period violation..

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely meal periods to the extent that Plaintiff was relieved of duty at times and during circumstances required by law and nonetheless chose unilaterally to continue working during such times.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims cannot proceed as a representative action pursuant to the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698, *et seq.* because Plaintiff is not an "aggrieved employee."

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's claims cannot proceed as a representative action pursuant to the California Labor Code Private Attorneys General Act, Cal. Lab. Code §§ 2698, *et seq.* because proceeding as such would be unmanageable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Any penalties available to Plaintiff under California Labor Code Private Attorneys General Act, Cal. Lab. Code §§ 2698, *et seq.* are subject to reduction pursuant to Cal. Lab. Code § 2699(e)(2), on the grounds that awarding the maximum available penalty would be unjust, arbitrary, oppressive, and/or confiscatory.

Discovery and investigation of this matter are ongoing.  Accordingly, Defendant reserves its right to amend its answer, to assert additional affirmative defenses, and to amend and/or supplement any part of its answer and any affirmative defense.

**WHEREFORE**, these answering Defendants prays as follows:

1.     That Plaintiff take nothing by his complaint for damages;

2.     That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

4

3.    That the Court decline to certify any class of persons whom Plaintiff seeks to represent;

4.    That the Court deem that this action should not proceed on a class or other representative basis;

5.    That Defendants recover its costs of suit herein, including its reasonable attorneys' fees pursuant to section 218.5 of the California Labor Code and other applicable laws; and

6.    That the court award such other and further relief as it deems appropriate.

DATE: ~~November~~ *October* 31 , 2016          FISHER & PHILLIPS LLP


By: _____
       JOHN K. SKOUSEN
       CHRISTOPHER M. AHEARN
       Attorneys for Defendants
       BALL METAL BEVERAGE CONTAINER
       CORPORATION

ANSWER AND AFFIRMATIVE DEFENSES OF BALL METAL BEVERAGE CONTAINER CORPORATION
FPDOCS 32217533.2

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the below date, I served the foregoing document entitled **ANSWER AND AFFIRMATIVE DEFENSES OF BALL METAL BEVERAGE CONTAINER CORPORATION** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| MATTHEW R. EASON, Esq.<br>KYLE K. RABORNINI, Esq.<br>EASON & TAMBORNINI, ALC<br>1234 H Street, Suite 200<br>Sacramento, CA 95814 | Attorneys for Defendants<br>BALL METAL BEVERAGE<br>CONTAINTER CORPORATION<br><br>Telephone:  (916) 438-1819<br>Fax:  (916) 438-1820<br>E-Mail:  Matthew@capcityLaw.com |

☒    **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐    **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐    **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with ASAP Legal Solution Attorney Services LLC, whose business address is 404 W. 4th Street, Suite B, Santa Ana, CA 92701.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed November 2, 2016 at Irvine, California.

SUSAN JACKSON
Print Name

By: _____
Signature

24668.0006

FPDOCS 32217533.2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| CHRISTOPHER M. AHEARN, SBN 239089<br>FISHER & PHILLIPS LLP<br>2050 Main Street, Suite 1000<br>Irvine, CA 92614 | **ENDORSED FILED**<br>Clerk of the Superior Court<br><br>NOV 0 2 2016<br><br>By ___G. Ureta___<br>DEPUTY CLERK |

TELEPHONE NO.: 949-851-2424    FAX NO.: 949-851-0152
ATTORNEY FOR *(Name)*: Defendant

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO
STREET ADDRESS: Old Solano Courthouse
MAILING ADDRESS: 580 Texas Street
CITY AND ZIP CODE: Fairfield, CA 94533
BRANCH NAME:

CASE NAME: ROBERT WESTFALL v. BALL METAL BEVERAGE CONTAINER CORPORATION

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>FCS047654 |
|---|---|---|
| ☐ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☒ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Paul L. Beeman<br>DEPT.: 1 |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Other petition *(not specified above)* (43) |

**2.** This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
    issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
**3.** Remedies sought *(check all that apply)*: a. ☐ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
**4.** Number of causes of action *(specify)*:
**5.** This case ☐ is ☒ is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November ___, 2016
CHRISTOPHER M. AHEARN, SBN 239089
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the below date, I served the foregoing document entitled **CIVIL CASE COVER SHEET** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Matthew R. Eason, SBN 160148<br>Kyle K. Rabornini<br>EASON & TAMBORNINI, ALC<br>1234 H Street, Suite 200<br>Sacramento, CA 95814 | Attorneys for Plaintiff<br>ROBERT WESTFALL<br><br>T:    (916) 438-1819<br>F:    (916) 438-1820<br>E:    Matthew@capcityLaw.com |

☒  **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐  **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). The machine printed a record of the transmission, and no error was reported by the machine.

☐  **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐  **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐  **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with ASAP Legal Solution Attorney Services LLC, whose business address is 404 W. 4th Street, Suite B, Santa Ana, CA 92701.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed November 2, 2016, at Irvine, California.

SUSAN JACKSON                                By: _____
Print Name                                                              Signature

1
PROOF OF SERVICE

FPDOCS 32217513.1

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the below date, I served the foregoing document entitled **[AMENDED] NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Matthew R. Eason, SBN 160148<br>Kyle K. Tambornini, SBN 160538<br>**EASON & TAMBORNINI, ALC**<br>1234 H Street, Suite 200<br>Sacramento, CA 95814 | Attorneys for Plaintiff<br>ROBERT WESTFALL<br><br>T:    (916) 438-1819<br>F:    (916) 438-1820<br>E:    Matthew@capcityLaw.com |

☐    **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒    **[by MAIL]** – I deposited the aforementioned sealed envelope with the United States Postal Service with postage fully prepaid.

☐    **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 3, 2016, at Irvine, California.

Christopher M. Ahearn
_____
Print Name

By: _____
            Signature

24668.0006

1
CERTIFICATE OF SERVICE

FPDOCS 32353023.1