1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT WESTFALL,                    No. 2:16-CV-2632 KJM GGH

12                Plaintiff,

13        v.                             STATUS (PRETRIAL SCHEDULING)

14   BALL METAL BEVERAGE                 ORDER: CLASS CERTIFICATION PHASE
     CONTAINER CORPORATION, a
15   Colorado Corporation,

16                Defendant.

17

18

19            An initial scheduling conference was held in this case on July 19, 2016.  Matthew

20   Eason appeared for plaintiff; Katherine Sandberg appeared for defendant.

21            Having reviewed the parties' Joint Status Report filed on July 12, 2016, and

22   discussed a schedule for the case with counsel at the hearing, the court makes the following

23   orders:

24   I.        SERVICE OF PROCESS

25            All named defendants have been served and no further service is permitted without

26   leave of court, good cause having been shown.

27   /////

28   /////

1

II.	ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

Plaintiff may seek a stipulation or leave of court to add a Private Attorney General Act claim.  *See* Cal. Labor Code § 2698.  No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

III.	JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1332(d), 1441 and 1446.  Jurisdiction and venue are not disputed.

IV.	DISCOVERY

Generally, discovery during this phase shall focus on class certification issues, while allowing for merits discovery to the extent necessary to prevent duplication of effort later in the case.

Initial disclosures as required by Federal Rule of Civil Procedure 26(a) shall be completed by **February 27, 2017**.  The parties shall also file a proposed discovery protective over no later than **February 27, 2017**.

All discovery shall be completed by **December 31, 2017**.  Discovery prior to the hearing on class certification shall be focused on class certification, but does not preclude further fact discovery.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.  While the assigned magistrate judge reviews proposed discovery phase protective orders, requests to seal or redact are decided by Judge Mueller as discussed in more detail below.  In addition, while the assigned magistrate judge handles discovery motions, the magistrate judge cannot change the schedule set in this order, except that the magistrate judge may modify a discovery cutoff to the extent such modification does not have the effect of requiring a change to the balance of the schedule.

/////

2

V.     DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **January 31, 2018**.  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B). By **February 28, 2018**, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject.  The supplemental designation shall be accompanied by a written report, which shall also comply with the conditions stated above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).  A party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

/////

3

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give the bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.  All expert discovery shall be completed by **March 31, 2018.**

VI.   CLASS CERTIFICATION

The following dates are set for briefing plaintiff's request for class certification:

1.   Class Certification Motion shall be filed by **June 30, 2017.**

2.   Opposition, if any, shall be filed by **July 28, 2017.**

3.   Reply to Opposition, if any, shall be filed by **August 11, 2017.**

4.   Hearing on Motion is set for **September 8, 2017, at 10:00 a.m**.

VII.   FURTHER STATUS CONFERENCE

A further status conference is set for **January 4, 2018** at 2:30 p.m., at which time the court will set a further briefing schedule.  The parties are directed to file a joint status report no later than seven days prior to the status conference, providing all the information required by the court's initial scheduling order.

VIII.   MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause.  Agreement of the parties by stipulation alone does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

As noted, the assigned magistrate judge is authorized to modify only the discovery dates shown above to the extent any such modification does not impact the balance of the schedule of the case.

/////

/////

/////

4

IX.   OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED:   February 6, 2017

_____
UNITED STATES DISTRICT JUDGE