MATTHEW R. EASON, Esq., Cal. Bar No. 160148
KYLE K. TABORNINI, Esq., Cal. Barn No. 160538
**EASON & TAMBORNINI, ALC**
1819 K Street, Suite 200
Sacramento, CA 95811
(916) 438-1819
Facsimile (916) 438-1820
Matthew@capcityLaw.com
http://www.capcitylaw.com

Attorneys for Plaintiff Robert Westfall
 Individually and on behalf of all others similiarly situated

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| ROBERT WESTFALL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BALL METAL BEVERAGE CONTAINER CORPORATION., a Colorado Corporation,<br>Defendant. | Case No.: 2:16-cv-02632-KJM-GGH<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br>1. California Wages and Overtime Violations Under Labor Code §§510, 1194, 1199<br>2. Failure to Provide Meal Breaks Under Labor Code §§ 226.7 and 512<br>3. Failure to Provide Rest Breaks Under Labor Code § 226.7<br>4. Violation of Labor Code § 226(a)<br>5. Penalties Pursuant to Labor Code § 203<br>6. Violation of Business & Professions Code § 17200<br>7. Penalties Pursuant to Labor Code §2699, et seq.<br><br>*JURY TRIAL IS DEMANDED* |

Plaintiffs Robert Westfall, David E. Anderson, Lynn Bobby, and David Ellinger, individually, on behalf of himself, all others similarly situated, (collectively "Plaintiffs") complain of Defendant BALL METAL BEVERAGE CONTAINER CORPORATION ("Defendant BALL") and as follows:

//

//

First Amended Complaint

# I

# INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of Plaintiffs and all individuals who hold or held the position of "Electronic Technician", "Machinist/Mechanic", and/or Maintenance" currently employed by or formerly employed by Defendant and any subsidiaries or affiliated companies within the State of California.

2. This is also a Representative Action, pursuant to Labor Code § 2699 et seq., on behalf of "Plaintiffs and all individuals who hold or held an hourly paid position in the 'Production', 'Engineering' and '[Production] Support' Departments", currently employed by or formerly employed by Defendant and any subsidiaries or affiliated companies and Does 1 to 20 within the State of California. ("aggrieved employees").

3. Plaintiffs and the aggrieved employees are persons employed in the Manufacturing Industry as that term is defined in Industrial Welfare Commission Order No. 1-2001 (hereinafter Wage Order #1).

4. Plaintiffs are not persons covered within the Executive Exemption, the Administrative Exemption, or Professional Exemption contained within Wage Order #1.

5. Wage Order #1 provides that "An 'alternative workweek schedule' means any regularly scheduled workweek requiring an employee to work more than eight (8) hours in a 24-hour period.

6. At all times relevant within the last four years, Plaintiffs and the aggrieved parties were regularly scheduled to work in excess of eight hours in a 24-hour period.

7. Attached hereto as Exhibit 1 is a true and correct copy of the workweek schedule for the Plaintiffs and other aggrieved employees for the 2016 calendar year.

8. At all times relevant within the last four years, Plaintiffs worked an "alternative workweek schedule" as defined in Wage Order #1.

9. Wage Order #1 provides that all work performed in excess of 12 hours per day and any work in excess of eight (8) hours on those days worked beyond the regularly schedule

2

FIRST AMENDED CLASS ACTION COMPLAINT

number of workdays established by the alternative workweek shall be paid at double the employee's regular rate of pay.

10. At all times relevant times within the last four years,, when Plaintiffs and the aggrieved parties worked an extra non-scheduled shift, and worked in excess of eight hours, they were paid time-and-a-half, and not double time.

11. At all times relevant time within the last four years, Plaintiff and the aggrieved parties were required as part of their job duties to monitor pages over the plant intercom system (hereinafter "The Pages"). On a typical workday, the number of Pages would routines exceeds 70 per day. Those pages were spread out through the day based on Plant needs, and thus over any given period of time would average in excess of 6 pages an hour, including during the rest and meal break periods.

12. At all times relevant time within the last four years , if the Plaintiffs and aggrieved employees did not respond to a Page received while they were on their rest break, they were subject to discipline.

13. At all times relevant time within the last four years, if the Plaintiffs and aggrieved employees did not respond to a Page received by them while they were on their meal break, they were subject to discipline.

14. At all times relevant time within the last four years, while ostensibly on their meal break, Plaintiffs and the aggrieved employees were not free of all duties as they were required to monitor The Pages.

15. At all times relevant time within the last four years, while ostensibly on their rest break, Plaintiffs and the aggrieved employees were not free of all duties as they were required to monitor The Pages.

16. At all times relevant time within the last four years, while ostensibly on their meal break, if the Plaintiffs and the aggrieved employees had to respond to a Page, they were not compensated for the actual time worked during their meal period.

17. Plaintiffs, on behalf of themselves and all aggrieved employees, bring this action pursuant to Labor Code §§ 201, 202, 203, 226(a), 226.7, 510, 512, 515, 558, 1194, 1199, 2699;

3

FIRST AMENDED CLASS ACTION COMPLAINT

1 Wage Order 7-2001; and California Code of Regulations, Title 8, Section 11070, seeking wages and/or overtime, meal break premiums, rest break premiums, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

18. Plaintiffs, on behalf of themselves and all aggrieved employees, pursuant to Business & Professions Code §§ 17200-17208, also seek injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

## II
## PARTIES

### A. PLAINTIFFS

19. Plaintiff Robert Westfall, is a competent adult and a resident of California, is an employee of the Defendants. Plaintiff was employed by the Defendants to perform services as a "Electronic Technician" commencing on or about January 2001 and continuing through present. Plaintiff Westfall's claims are common to those of the Proposed Class Members.

20. Plaintiff David E. Anderson, is a competent adult and a resident of California, is an employee of the Defendants. Plaintiff was employed by the Defendants to perform services as a "Electronic Technician" from approximately 2006 to October 15, 2016, when he became employed as a Machinist in the Production Department.  and continuing through present. Plaintiff Anderson's claims are common to those of the Proposed Class Members.

21. Plaintiff Lynn Bobby, is a competent adult and a resident of California, is an employee of the Defendants. Plaintiff was employed by the Defendants to perform services as a "Machinist/Mechanic" in the Production Department for Ball Metal from approximately 2012 until January 13, 2017.  Plaintiff Lynn Bobby's claims are common to those of the Proposed Class Members.

22. Plaintiff David Ellinger, is a competent adult and a resident of California, is an employee of the Defendants. Plaintiff was employed by the Defendants to perform services as a "Maintenance Worker" Plaintiff  David Ellinger's claims are common to those of the Proposed Class Members.

23. Plaintiffs and all aggrieved employees were regularly required to:

4
FIRST AMENDED CLASS ACTION COMPLAINT

    a.    Work without being compensated for all hours worked and the proper corresponding rate;

    b.    Work without being provided meal periods uninterrupted by The Pages;

    c.    Work without being provided their rest periods uninterrupted by The Pages; and

    d.    Work without being provided an accurate itemized wage statement that accurately report total hours worked.

**B. DEFENDANTS**

24. Defendant BALL is believed to be a Colorado corporation operating within the State of California.

25. Defendant BALL has done and does business throughout the State of California.

### III

### CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure. Plaintiffs seek to represent All persons who hold or held an hourly paid position in the 'Production', 'Engineering' and '[Production] Support' Departments for Defendant" ("Proposed Class")

27. Plaintiffs reserve the right to amend or modify the class description with greater specificity, by division into subclasses, or by limitation to particular issues.

28. Plaintiffs are informed and believe that this action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the Proposed Classes are easily ascertainable.

**A. Numerosity**

29. Plaintiffs are informed and believe that the potential members of the Proposed Classes as defined are so numerous that joinder of all the members of the Proposed Classes is impracticable.

5

FIRST AMENDED CLASS ACTION COMPLAINT

30. While the precise number of proposed Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant currently employ, and during the relevant time periods employed 200 Class Members at any given time.

31. Plaintiffs alleges that Defendant's employment records would provide information as to the number and location of all members of the Proposed Classes.

32. Plaintiffs are informed and believes that joinder of all members of the Proposed Classes is not practicable.

**B. Commonality**

33. There are questions of law and fact common to the Proposed Classes that predominate over any questions affecting only individual Proposed Class Members. These common questions of law and fact include, without limitation:

    a. Whether Defendant failed to pay wages and/or overtime compensation as required by the Labor Code and Wage Orders under Labor Code §§ 510, 1194, and 1199;

    b. Whether Defendant violated Labor Code §§ 226.7 and 512 and IWC Wage Order 1-2001 or other applicable IWC Wage Orders, by failing to provide required meal periods free from the duty to monitor The Pages and interruptions throughout the term of employment and failing to compensate said employees one (1) hours wages in lieu of meal period missed;

    c. Whether Defendant violated Labor Code § 226.7 and IWC Wage Order 1-2001 or other applicable IWC Wage Orders, by failing to inform Plaintiffs and the Proposed Classes of their right to take rest periods free from duties to monitor The Pages interruptions throughout the term of employment and failing to compensate said employees one (1) hours wages in lieu of rest period missed;

    d. Whether Defendants violated Labor Code § 226(a) and Wage Order 1-2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11070 by failing to provide an accurate itemized wage statements that accurately reporting total hours worked, and the applicable rates, for Plaintiffs and the members of the Proposed Classes;

   e. Whether Defendant violated §§ 201-203 of the Labor Code by failing to pay compensation due and owing at the time that any proposed Class Members' employment with Defendant terminated;

   f. Whether Defendant violated § 17200 et seq. of the Business & Professions Code by engaging in the acts previously alleged;

   g. Whether Plaintiffs and the members of the Proposed Classes are entitled to equitable relief pursuant to Business & Professions Code § 17200, et seq.; and

   h. Whether Defendant violated Labor Code § 2699, et seq. by engaging in the acts alleged herein.

### C. Typicality

34. Plaintiffs are informed and believes that his claims are typical of the claims of the Proposed Classes.

35. Plaintiffs are informed and believes that Plaintiffs and all members of the Proposed Classes sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

### D. Adequacy of Representation

36. Plaintiffs will fairly and adequately represent and protect the interests of the members of the proposed Classes. Counsel who represent Plaintiffs and the Proposed Classes are competent and experienced in litigating employment class actions.

### E. Superiority of Class Action

37. Plaintiffs are informed and believe that a class action is superior to other available means for the fair and efficient adjudication of this controversy.

38. Plaintiffs are informed and believes that individual joinder of all Proposed Class Members is not practicable, and questions of law and fact common to the Proposed Classes predominate over any questions affecting only individual members of the Proposed Classes.

39. Plaintiffs are informed and believes that each member of the Proposed Classes has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or

practice of failing to provide wages and/or overtime, meal periods, rest periods, failing to provide accurate itemized wage statements, and failing to pay all wages upon resignation or termination.

40. Plaintiffs are informed and believe that Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

41. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## IV

## FIRST CAUSE OF ACTION

## FAILURE TO PAY WAGES AND/OR OVERTIME UNDER

## LABOR CODE §§ 510, 1194, and 1199

42. Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

43. Plaintiffs and the Proposed Classes were forced to work on a regular and consistent basis without receiving compensation for all hours worked at the proper rate.

44. As a result of the unlawful acts of Defendant, Plaintiffs and the members of the Proposed Classes have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

## V

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS PURSUANT TO

## LABOR CODE § 226.7 AND LABOR CODE § 512

45. Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

46. Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of compensation for each meal period the employer fails to provide.

8

FIRST AMENDED CLASS ACTION COMPLAINT

47. Employees are entitled to a first meal period of at least thirty (30) minutes for shifts over five (5) hours, to be provided within the first five (5) hours of the shift, and a second meal period of at least thirty (30) minutes for shifts over ten (10) hours.

48. Plaintiffs and the Proposed Classes consistently worked shifts over five (5) hours.

49. Defendant failed to provide Plaintiff and the Proposed Class with proper uninterrupted meal breaks free from all duties including Pages, of not less than thirty (30) minutes as required by the Labor Code during the relevant time period.

50. Pursuant to Labor Code § 226.7, Plaintiffs and the Proposed Classes are entitled to damages in an amount equal to one (1) hour of wages per missed meal break, per day in a sum to be proven at trial.

## VI

### THIRD CAUSE OF ACTION

### FAILURE TO ALLOW REST PERIODS PURSUANT TO LABOR CODE § 226.7

51. Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

52. Labor Code § 226.7 requires an employer to pay an additional hour (1) of compensation for each rest period the employer fails to provide.

53. Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked (or major fraction thereof).

54. Defendant failed to provide Plaintiffs and the Proposed Class with proper uninterrupted rest breaks free from all duties including pages, of not less than ten (10) minutes as required by the Labor Code during the relevant time period.

55. Pursuant to Labor Code § 226.7, Plaintiffs and the Proposed Classes are entitled to damages in an amount equal to one (1) hour of wages per missed rest period, in a sum to be proven at trial.

///

///

## VII

## FOURTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226(a)

56. Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

57. Section 226(a) of the California Labor Code requires employers to itemize in wage statements all deductions from payment of wages, the appropriate rates of pay, and to accurately report total hours worked by the employees. It also requires that an employer include its name and address on the wage statement. Defendant has knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements provided to Plaintiffs and the Proposed Classes.

58. IWC Wage Orders require employers to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by employees. Defendant failed to keep accurate records of the total daily hours worked for Plaintiffs and members of the Proposed Classes.

59. An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

## VIII

## FIFTH CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE § 203

60. Plaintiffs, on behalf of the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

FIRST AMENDED CLASS ACTION COMPLAINT

61. Numerous members of the Proposed Classes are no longer employed by Defendant. They were either fired or quit Defendant's employ.

62. Defendant's failure to pay wages, as alleged above was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiffs and the Proposed Classes to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

63. Defendant has failed to pay others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code § 203, the Proposed Classes whose employment ended are entitled to a penalty in the amount of their daily wage multiplied by thirty (30) days.

## IX

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION PURSUANT TO

## BUSINESS & PROFESSIONS CODE § 17200

64. Plaintiffs, on behalf of himself and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

65. This is a Class Action for Unfair Business Practices. Plaintiffs, on behalf of themselves, on behalf of the general public, and on behalf of the Proposed Classes, bring this claim pursuant to Business & Professions Code § 17200, et seq. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiffs, the general public, and the Proposed Classes. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

66. Each of the Plaintiffs are a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

67. Business & Profession Code § 17200, et seq. prohibits unlawful and unfair business practices.

68. California's wage and hour laws express fundamental public policies. Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

69. Defendant has violated statutes and public policies as alleged herein. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, et seq., depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

70. Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200 et seq. of the Business & Professions Code.

71. Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful. As such it is a violation of § 17200 et seq. of the Business & Professions Code.

72. As a proximate result of the above-mentioned acts of Defendant, Plaintiffs and others similarly situated have been damaged in a sum as may be proven.

73. Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiffs and members of the Proposed Classes the money Defendant has unlawfully failed to pay.

X

## SEVENTH CAUSE OF ACTION

### BY PLAINTIFF ROBERT WESTFALL IN HIS REPRESENTATIVE CAPACITY ON BEHALF OF ALL OTHER EMPLOYEES SIMILARLY SITUATED-PRIVATE ATTORNEY GENERAL ACT—LABOR CODE SECTION 2698, ET. SEQ. AGAINST DEFENDANTS

76. Plaintiff Robert Westfall incorporates paragraphs 1 through 75 of this complaint as if fully alleged herein.

77. Plaintiff Robert Westfall and the Plaintiff Class Members are aggrieved employees as defined *in Labor Code §2699(a)*. Plaintiff Robert Westfall brings this cause of action on behalf of himself and the Plaintiff Class Members affected by the labor law violations alleged in this complaint.

78. Defendant committed the following violations of the California Labor Code against Plaintiff Robert Westfall and Plaintiff Class Members, and, on information and belief, against other current or former "Electronic Technician" while they were and are employed by Defendant, and each of them:

    a. Defendants, and each of them, violated *Labor Code §§226.7 and 512* by not providing lawful meal breaks free from all duties for Plaintiff Robert Westfall and Plaintiff Class Members.

    b. Defendants, and each of them, violated *Labor Code §226.7* by not providing lawful rest periods for Plaintiff Robert Westfall and Plaintiff Class Members;

    c. Defendants, and each of them, violated *Labor Code §226(a)* by not providing an accurate itemized wage statement to Plaintiff Robert Westfall and Plaintiff Class Members;

    d. Defendants, and each of them, violated *Labor Code §510 and §1194* by failing to pay Plaintiff Robert Westfall and Plaintiff Class Members wages for all hours worked including payment of overtime wages for all hours worked beyond an eight (8) hour day and forty (40) hours per week.

e. Defendants, and each of them, violated *Labor Code §§201-203* by failing to timely pay Plaintiff Robert Westfall and Plaintiff Class Members all wages owed to an employee who is discharged or quits.

f. Defendants, and each of them, violated *Business and Professions Code §§17200 et. seq.* by committing unlawful business practices.

79. Pursuant to *Labor Code Section 2699(a)* Plaintiff Robert Westfall seeks to recover civil penalties, as otherwise provided by statute, for which Defendants, and each of them, are liable as a result of Defendants' violation of the *Labor Code* set forth herein above in an amount to be proved at trial.

Wherefore, Plaintiff Robert Westfall request relief as pray for hereinafter.

## XI

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs prays for the following relief:

1. For compensatory damages in the amount of unpaid wages and/or overtime not paid to Plaintiffs and each other member of the Proposed Classes from at least four (4) years prior to the filing of this action to the present as may be proven;

2. For compensatory damages in the amount of Plaintiffs' and each member of the Proposed Classes' hourly wage for each rest period and/or meal period missed or taken late during the liability period as may be proven;

3. For penalties pursuant to Labor Code § 226(e) for violation of Labor Code § 226(a) in the amount of fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000);

4. For penalties pursuant to Labor Code § 203 for all employees who were terminated or resigned equal to their daily wage times thirty (30) days;

5. That the court determine that the failure of the Defendants to pay wages to the Plaintiffs and Plaintiff Class members be adjudged and decreed to violate the applicable regulations and statutes;

6. An award of prejudgment and post judgment interest;

7. An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing Plaintiff with proper wages and/or overtime, meal periods, rest periods, accurate itemized wage statements, and wages upon termination/resignation pursuant to Labor Code §§ 203, 226(a), 226.7, 510, 512, 515, 558, 1194, 1199 and IWC 7-2001;

8. For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement or profits, in an amount as may be proven;

9. For penalties and other relief pursuant to Labor Code §2699, et seq.;

10. As Plaintiffs has properly given Defendant Notice, Plaintiffs seek unpaid wages and penalties pursuant to Labor Code §558, as permitted by Labor Code §2699(f), in the amount of, fifty dollars ($50) for each initial violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages and one hundred ($100) dollars for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

11. Prejudgment interest;

12. An award providing for payment of costs of suit;

13. An award of attorneys' fees; and

14. Such other and further relief as this Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial of his claims by jury to the extent authorized by law.

FIRST AMENDED CLASS ACTION COMPLAINT

1 | Dated: April 6, 2017     Eason & Tambornini, ALC

By: _____
Matthew R. Eason
Erin M. Scharg
Attorneys for Plaintiffs and the Proposed Class

## PROOF OF SERVICE

I, Angelica Saechao, hereby declare and state that:

I am over the age of eighteen years, employed in the County of Sacramento, California, and not a party to the within action. My business address is 1234 h Street, Suite 200, Sacramento, California.

On April 6, 2017, I served the following:

**FIRST AMENDED CLASS ACTION COMPLAINT**

on the parties in said action addressed as follows:

Christopher M. Ahearn
Fisher & Phillips LLP
2050 Main St., Suite 1000
Irvine, CA 92614

[X]   (BY MAIL) I caused such envelopes with postage fully prepaid to be placed in the United States mail at Sacramento, California.

[ ]   (BY FEDERAL EXPRESS) I caused such envelope(s) to be placed in the Federal Express repository at Sacramento, California.

[ ]   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand to the office of the addressee(s)

[ ]   (BY FACSIMILE/TELECOPIER) I personally sent to the addressee's telecopier number (stated above) a true copy of the above-described documents. Thereafter, I caused a true copy to be placed in the United States mail at Sacramento, California, with first-class postage affixed thereto

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

On April 6, 2017, at Sacramento, California.

_____
ANGELICA SAECHAO

1