UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WESTFALL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BALL METAL BEVERAGE CONTAINER COPRPORATION, a Colorado Corporation, and Does 1-20 inclusive.<br><br>Defendants. | No. 2:16-cv-02632-KJM-GGH<br><br><br>ORDER |

Plaintiff requests to seal a document merely because it purportedly contains confidential information, is subject to a discovery protective order on file in this case, and because plaintiff "understands" defendant's position regarding confidentiality. ECF No. 35.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against "'gratif[ication of] private spite or promot[ion of] public scandal,'" or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information

1

that might harm a litigant's competitive standing." *Id.* at 598. As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with secrecy allowed for good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136). The compelling-reasons standard applies even if contents of the dispositive motion or its attachments have previously been filed under seal or are covered by a generalized protective order, including a discovery phase protective order. *See Foltz*, 331 F.3d at 1136.

The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above. Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made. E.D. Cal. L.R. 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." The court's own Standing Order, available on its web page, and its Pretrial Scheduling Order issued in this case, ECF No. 15, emphasize the requirement that parties comply with the law and the rules in making any sealing request, which they should do lightly and only rarely if at all. While the court should not have to remind a party of its orders setting out essential ground rules of a case, or set forth its local rules in such detail, or review the controlling authority from which the rules derive, it does so here in light of the completely unjustified request to seal presented by plaintiff. Moreover, the court's standing order requires that the proponent of sealing seek an order from the court. *See* ECF No. 4-1. Here, the proponent is defendant Bell.

The request to seal is DENIED without prejudice to refiling of a properly supported request by Ball. If any party to this action again files such an unsupported request to

2

seal, the court cautions it will be required to show cause why it should not be subject to monetary sanctions.

        IT IS SO ORDERED.

        This resolves ECF No. 35.

DATED: August 10, 2017.

_____
UNITED STATES DISTRICT JUDGE