| | |
|---|---|
| ROBERT WESTFALL, individually and on behalf of all others similarly situated, | No. 2:16-cv-02632-KJM-GGH |
| Plaintiffs, | |
| v. | ORDER |
| BALL METAL BEVERAGE CONTAINER CORPORATION, a Colorado Corporation, and Does 1-20 inclusive. | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiffs move for reconsideration of this court's February 5, 2018 order, ECF No. 59, granting class certification in part and denying class certification in part. Pls.' Mot. Recons. (Mot.), ECF No. 59. Defendant opposes the motion. Def. Opp'n Recons. (Opp'n), ECF No. 64. Plaintiffs have replied. Pls.' Reply Recons. (Reply), ECF No. 67. For the reasons discussed below, the motion for reconsideration is GRANTED.

////
////
////
/////
/////

1

## I. BACKGROUND

Plaintiffs filed a motion for class certification on July 28, 2017. ECF No. 27. The motion for class certification was granted in part and denied in part on February 5, 2018. Order, ECF No. 54. The court certified the class as to all claims except plaintiffs' wage statement penalties and waiting time penalties claims, observing that plaintiffs failed to provide sufficient evidence to allow certification on the issues. Order at 15–16.

Plaintiffs now move for reconsideration of the class certification order. Mot. After considering the parties' briefing, the court took the matter under submission without holding a hearing as provided by Local Rule 230(g).

## II. LEGAL STANDARD

District courts "possess[ ] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted). Federal Rule of Civil Procedure 54(b) authorizes courts to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Federal Rule of Civil Procedure 60(b) permits reconsideration due to a number of grounds, including "any [ ] reason that justifies relief." Fed. R. Civ. P. 60(b). Additionally, under Federal Rule of Civil Procedure 23(c), "[a]n order that grants or denies class certification may be altered or amended before judgment." Fed. R. Civ. P. 23(c)(1)(C).

## III. DISCUSSION

Plaintiffs move for reconsideration of the court's class certification order, arguing the wage statement penalties and waiting time penalties claims are derivative of their meal and rest break claims and should therefore be certified because the class was certified for the meal and rest break claims. Mot. 2.

Plaintiffs provide a wage statement and declaration not previously included with their class certification motion, but this new evidence is still not adequate to satisfy their burden

to certify the class on these two claims.  ECF Nos. 60, 62; *see Pena v. Taylor Farms Pac., Inc.*, 305 F.R.D. 197, 224 (E.D. Cal. 2015) (determining "one [noncompliant] paystub is insufficient to meet plaintiffs' burden").

That said, upon reflection, the court is persuaded the wage statement and waiting time penalties claims are derivative of the meal and rest break claims as a matter of law, which adequately satisfied the requirements for class certification.  Order at 16; *see Taylor v. AlliedBarton Sec. Servs. LP*, No. 1:13–CV–01613–AWI, 2014 WL 1329415, at *8 (E.D. Cal. Apr. 1, 2014) (accurate wage statement claim derivative of rest and meal break claims); *McCowen v. Trimac Transportation Servs. (W.), Inc.*, 311 F.R.D. 579, 586 (N.D. Cal. 2015) (wage statement and waiting time penalties claims derivative of rest and meal break claims). Because of their derivative nature, the class should be certified as to the wage statement penalties and waiting time penalties claims in addition to the other claims certified in the class certification order.

IV. CONCLUSION

The wage statement penalties and waiting time penalties claims are derivative of plaintiffs' meal and rest break claims.  The court therefore GRANTS plaintiffs' motion for reconsideration and certifies the class as to the wage statement penalties and waiting time penalties claims.

IT IS SO ORDERED.

DATED: January 14, 2019.

UNITED STATES DISTRICT JUDGE

3