JOHN K. SKOUSEN, SBN 192581
jskousen@fisherphillips.com
CHRISTOPHER M. AHEARN, SBN 239089
cahearn@fisherphillips.com
JOHN T. LAI, SBN 289949
jlai@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

ERIN J. PRICE, SBN 319331
eprice@fisherphillips.com
**FISHER & PHILLIPS LLP**
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

*Attorneys for Defendant, BALL METAL BEVERAGE CONTAINER CORP.*

MATTHEW R. EASON, SBN 160148
matthew@capcitylaw.com
ERIN M. SCHARG, SBN 285311
erin@capcitylaw.com
**EASON & TAMBORNINI, ALC**
1234 H Street, Suite 200
Sacramento, CA 95814
Telephone: (916) 438-1819
Facsimile: (916) 438-1820

*Attorneys for Plaintiffs, ROBERT WESTFALL, DAVID E. ANDERSON, LYNN BOBBY, and DAVID ELLINGER*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT WESTFALL, DAVID E. ANDERSON, LYNN BOBBY, and DAVID ELLINGER,<br><br>Plaintiffs,<br><br>v.<br><br>BALL METAL BEVERAGE CONTAINER CORP.,<br><br>Defendant. | Case No: 2:16-cv-02632-KJM-CKD<br><br>**JOINT REPORT AND STIPULATION RE CLASS DISCOVERY; AND ORDER** |

JOINT REP. AND STIP. RE CLASS DISCOVERY; AND ORDER
FPDOCS 35038866.1

Plaintiffs ROBERT WESTFALL, DAVID E. ANDERSON, LYNN BOBBY, DAVID ELLINGER (hereinafter, "Plaintiffs"), and Defendant BALL METAL BEVERAGE CONTAINER CORP. (hereinafter, "Defendant") (hereinafter, collectively, the "Parties"), hereby stipulate as follows:

WHEREAS, on September 25, 2018 (ECF No. 83) the Court issued an Order stating as follows:

- Within fourteen (14) days of the Court's ruling on Plaintiffs' pending Motion for Reconsideration (ECF No.[59], Defendant shall provide Plaintiffs with a proposed class discovery plan, to include proposals regarding the number, length, and anticipated topics of class member depositions;
- Within fourteen (14) days of receiving the Defendant's plan, Plaintiffs shall give a written response indicating whether they agree to the plan or whether, if they dispute any aspect of it, and the factual basis for any such dispute;
- As necessary, the Parties shall obtain input from experts qualified in relevant subject matters (such as statistics) in developing their discovery plan proposals;
- Following Plaintiffs' response, the Parties shall further confer, if needed, and within fourteen (14) days of such response shall file a joint report to the Court regarding aspects of a discovery plan that are agreed-upon, as well as a description of any disputes that the Parties desire to submit to the Court for resolution;
- As part of the Parties' joint submission, they shall propose a schedule for completing such discovery, including any modifications to the present pre-trial schedule that may be needed;
- During the course of such additional discovery, the Parties shall confer regarding a reasonable time for Plaintiffs to provide a "trial plan" if one if

agreed as being needed, and whether any motions are required in such regard; and

- The Parties' proposals regarding such discovery plans will be for purposes of *discovery only*, and shall be without prejudice as to the Parties' ability to seek appropriate relief from the Court to modify such plans, to seek additional discovery, to seek protective orders, for Plaintiffs to take the position that no "trial plan" is needed, for Defendant to seek to compel a "trial plan", for Defendant to dispute the validity or adequacy of any "trial plan" (or lack thereof) under applicable law and/or for Defendant to take the position that any certified class in this action should be modified or de-certified, or for the Parties to seek any other appropriate relief.";

WHEREAS, on January 15, 2019 (ECF No. 85) the Court issued an order on the Reconsideration Motion;

WHEREAS, as a result of its ruling on the Reconsideration Motion, on January 15, 2019 (ECF No. 86) the Court issued an Order on the Joint Stipulation Regarding Class Discovery and Trial Plan by the Parties:

- Within fourteen (14) days of the Court's ruling on Plaintiffs' pending Motion for Reconsideration (ECF No.[59], Defendant shall provide Plaintiffs with a proposed class discovery plan, to include proposals regarding the number, length, and anticipated topics of class member depositions;

- Within fourteen (14) days of receiving the Defendant's plan, Plaintiffs shall give a written response indicating whether they agree to the plan or whether, if they dispute any aspect of it, and the factual basis for any such dispute;

- As necessary, the Parties shall obtain input from experts qualified in relevant subject matters (such as statistics) in developing their discovery plan proposals;

- Following Plaintiffs' response, the Parties shall further confer, if needed, and within fourteen (14) days of such response shall file a joint report to the Court regarding aspects of a discovery plan that are agreed-upon, as well as a description of any disputes that the Parties desire to submit to the Court for resolution;

- As part of the Parties' joint submission, they shall propose a schedule for completing such discovery, including any modifications to the present pre-trial schedule that may be needed;

- During the course of such additional discovery, the Parties shall confer regarding a reasonable time for Plaintiffs to provide a "trial plan" if one if agreed as being needed, and whether any motions are required in such regard; and

- The Parties' proposals regarding such discovery plans will be for purposes of *discovery only*, and shall be without prejudice as to the Parties' ability to seek appropriate relief from the Court to modify such plans, to seek additional discovery, to seek protective orders, for Plaintiffs to take the position that no "trial plan" is needed, for Defendant to seek to compel a "trial plan", for Defendant to dispute the validity or adequacy of any "trial plan" (or lack thereof) under applicable law and/or for Defendant to take the position that any certified class in this action should be modified or de-certified, or for the Parties to seek any other appropriate relief.";

WHEREAS, on January 28, 2019, Defendant provided Plaintiffs with a proposed discovery plan, including input from an expert qualified in statistical class sampling, that based on the expert's opinion, 121 class members randomly selected from the total class of 169 individuals must be deposed to meet the minimum requirement to provide statistically significant evidence that there is liability for violation of California meal or rest period rules on a class-wide basis, as set forth in *Duran v. U.S. Bank Nat. Assn.*, 59 Cal.4th 1, 13 (Cal. 2014);

///

1      WHEREAS, on February 11, 2019, Plaintiffs provided a written response to Defendant's proposed discovery plan, absent input from any expert, that only 10% of the putative class (total of 16 persons) should be deposed;

     WHEREAS, on February 19, 2019, Defendant provided Plaintiffs with a rebuttal expert report responding to Plaintiffs' proposed discovery plan, taking the position that Plaintiffs' proposal was wholly inadequate as Plaintiffs' proposed sample size was less than the size established precedent for statistical sampling to establish wage and hour violations across a putative class has already found too small such that it violates a defendant's due process rights;

     WHEREAS, accordingly, a discovery dispute has arisen between the Parties concerning the number, extent, and nature of class member depositions to be taken;

     WHEREAS, on February 25, 2019, the Parties, through counsel, met and conferred by telephone regarding the dispute over the method and percentage of class sampling, and in turn, the number of depositions to be conducted of the putative class, to comply with Defendant's due process rights. The Parties, through counsel, were unable to resolve such discovery dispute through meet and confer;

     WHEREAS, the Parties agree that resolution of the discovery dispute by the Court is necessary to determine the exact nature and scope of the additional discovery, including class member depositions, that is warranted;

     NOW THEREFORE, pursuant to the Court's Order on the Joint Stipulation Regarding Class Discovery and Trial Plan (ECF No. 86), the Parties hereby submit the Joint Report, regarding aspects of a discovery plan that are agreed-upon, describing their respective positions on the discovery dispute, and proposing a schedule for completing such discovery:

**1.**     <u>**Aspects of the discovery plan that are agreed upon**</u>:

     The Parties agree that additional discovery, including class member depositions is warranted. The Parties further agree that they have met and conferred as required by Civil Local Rule 251(b) in a good faith effort to resolve the outstanding dispute regarding the additional discovery without court action. Pursuant to the Court's February 7, 2017 "Status (Pretrial Scheduling) Order: Class Certification Phase" (ECF No. 015) (directing that all discovery

1  motions be filed with the assigned magistrate) and its December 14, 2018 order reassigning this
2  matter to Judge Carolyn K. Delaney (ECF No. 084), the Parties agree to submit the discovery
3  dispute referenced herein for resolution by Judge Delaney pursuant to Civil Local Rule 251. For
4  purposes of compliance with Local Rule 251(b) (Requirement of Conferring), the Parties
5  stipulate that they have met and conferred. Pursuant to Judge Kimberley J. Mueller's Standing
6  Order regarding "Discovery matters (including motions) and other Magistrate Judge Referrals"
7  (hereinafter "Judge Mueller's Standing Order"), the Parties agree that Judge Delaney may
8  modify the discovery cutoff to allow resolution of the discovery dispute. The Parties agree that
9  following Judge Delaney's resolution of such dispute, the Court should set a Case Management
10 Conference to re-set pre-trial deadlines. The Parties agree to the following schedule for a
11 discovery motion before Judge Delaney:

- Deadline for Defendant to provide its draft of a Joint Statement re Discovery Disagreement pursuant to Civil Local Rule 251(c): March 15, 2019;
- Deadline for Plaintiffs to respond with their portions of such joint statement: March 29, 2019.
- Upon completion of such joint statement, Defendant will file it with Judge Delaney for hearing before her.

**2. Description of Dispute regarding Discovery Plan:**

a. **Defendant's Position**— In a certified wage and hour class action case, to the extent Plaintiffs seek to introduce class-wide evidence based on testimony from a limited number of witnesses, Plaintiffs must submit a "trial plan" supported by sound statistical science according to which the trial may be conducted based on such limited evidence without inhibiting the defendant's due process rights. (*Duran v. U.S. Bank Nat. Assn.*, 59 Cal.4th 1, 13 (Cal. 2014).) Defendant should have the opportunity to impeach Plaintiffs' proposed trial plan. (*Id.*) United States District Courts have adopted the concept set forth in *Duran* as an important component of affording a defendant with due process. (*In Re: Autozone, Inc.*, No. 3:10-md-02159-CRB, 2016 WL 4208200 (N.D. Cal. Aug. 10, 2016).)

*///*

5
JOINT REPORT AND STIP. RE CLASS DISCOVERY; AND ORDER
FPDOCS 35038866.1

Defendants submitted a proposed class discovery plan to Plaintiffs, including an expert report supported by statistical science, proposing 121 class members be randomly selected from the total class size of 169 persons, to provide statistically significant evidence that there is liability for violation of California meal or rest period rules on a class-wide bases, given the various job titles and conflicting facts with Plaintiffs' theory among class members. Depositions of the randomly selected 121 class members would last approximately 2-3 hours each, with approximately five (5) days of such depositions taking place every calendar month until completed.

In response, Plaintiffs proposed a class discovery plan, without expert input, recommending depositions of 10% of the putative class with a two-hour limit on each deposition. It is Defendant's position that Plaintiff's proposed sample of 17 class members is smaller than the sample size that was deemed *too small* by the California Supreme Court in *Duran*, such that it violated the defendant's due process rights in producing an unreasonably inaccurate estimate of class wide liability. (*Duran*, 59 Cal.4th at p. 42) Accordingly, Defendant's due process rights are directly implicated and may be violated by Plaintiff's inadequate proposed sample size. The Parties have met and conferred regarding the proposed sample size and relief from the 10-deposition limit pursuant to Fed. R. Civ. Proc. 30 (a)(2)(A)(i), and have been unable to resolve it. Thus, the Parties cannot proceed and the issue is ripe for court resolution.

**b. Plaintiff's Position**— Plaintiff's theory of liability rests on a system wide practice/policy that affects all putative class members. The primary gist of the dispute is that when the employees used the Suitable Resting Facilities they did so on the condition that they remained vigilant and continued to work by monitoring pages much like the security guards in California's recent California Supreme Court decision in Augustus v. ABM Security Services Inc., 2 Cal.5th 257 (2016) . This constant monitoring deprived them of meal and rest periods "free from all duties". It is Plaintiffs' contention that BALL's use of the public address system and its requirement that employees listen to the communications to see if they applied to them and respond if necessary commonly affected all plaintiffs and class members. Plaintiffs therefore oppose Defendant's trial plan which seeks to depose 121 of the 169 putative class members as

6
JOINT REPORT AND STIP. RE CLASS DISCOVERY; AND ORDER
FPDOCS 35038866.1

unnecessary and overly burdensome for a system wide practice/policy. Defendant has access to records that cover many of the subjects that they seek to examine the putative class including.

3. **Proposed Schedule for Completing Discovery, and Modifications to Other Pre-Trial Deadlines**

The Parties agree that all pre-trial dates should be vacated, to be re-set based on the outcome of Judge Delaney's resolution of the discovery dispute set forth herein. However, below are the respective dates that the Parties propose should each of them prevail on the dispute.

   a. **Defendant's Proposed Schedule**
   - Deadline to complete fact discovery—July 31, 2020;
   - Expert Disclosure Deadline—August 28, 2020;
   - Supplemental Expert Disclosure Deadline—September 25, 2020;
   - Completion of Expert Discovery—October 23, 2020;
   - Deadline for filing dispositive motions—November 27, 2020.

   b. **Plaintiff's Proposed Schedule**

Plaintiffs are in agreement with Defendant's proposed schedule above.

NOW THEREFORE, the Parties stipulate as follows:
- The Parties shall submit their dispute concerning discovery set forth in the above stipulation to Judge Delaney pursuant to Civil Local Rule 251;
- Defendant shall send to Plaintiffs its portion of the Joint Statement re Discovery Disagreement pursuant to Civil Local Rule 251(c), by March 15, 2019;
- Plaintiffs shall provide Defendant with their portion of such joint statement by March 29, 2019;
- By April 3, 2019, Defendant shall file a motion in relation to the matters set forth in such joint statement, for hearing pursuant to Judge Delaney's published procedures for same on the earliest then-available date.

///

7
JOINT REPORT AND STIP. RE CLASS DISCOVERY; AND ORDER
FPDOCS 35038866.1

- All current deadlines not referenced herein should be vacated, to be re-set at a case management conference following Judge Delaney's ruling on the Parties' dispute referenced herein. The Parties should submit a joint report re pre-trial schedule within fourteen (14) days of Judge Delaney's ruling, to include dates for fact and expert discovery cutoff, motion cutoffs, and trial;

Dated: February 25, 2019            FISHER & PHILLIPS LLP

By:   */s/ Erin J. Price*
JOHN K. SKOUSEN
CHRISTOPHER M. AHEARN
JOHN T. LAI
ERIN J. PRICE

Attorneys for Defendant
BALL METAL BEVERAGE CONTAINER CORP.

Dated: February 25, 2019            EASON & TAMBORNINI, ALC

By:   */s/ Erin M. Scharg* (as authorized on 2/25/19)
MATTHEW R. EASON
ERIN M. SCHARG

Attorneys for Plaintiffs

ROBERT WESTFALL, DAVID E. ANDERSON, LYNN BOBBY, and DAVID ELLINGER

8
JOINT REPORT AND STIP. RE CLASS DISCOVERY; AND ORDER

FPDOCS 35038866.1

**ORDER**

Pursuant to the foregoing stipulation and joint report, and good cause appearing therefor, IT IS ORDERED that:

- The Parties shall submit the discovery dispute[1] referenced in the above stipulation, for resolution by Magistrate Judge Carolyn K. Delaney pursuant to Civil Local Rule 251;
- All current pre-trial deadlines are vacated; and
- Within fourteen (14) days of Judge Delaney's ruling on the Parties' discovery dispute, the Parties shall submit a joint report re pre-trial schedule, to include dates for fact and expert discovery cutoff, motion cutoffs, and trial.

DATED: February 28, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court accepts the stipulation without deciding the question of whether the parties' dispute regarding the method and percentage of sampling qualifies as a "discovery dispute," and noting the parties' ability to seek reconsideration in this court of any decision by the magistrate judge.

ORDER RE JOINT STIPULATION REGARDING CLASS DISCOVERY AND TRIAL PLAN – 2:16-cv-02632-KJM-GGH

FPDOCS 35038866.1