MATTHEW R. EASON, Esq., Cal. Bar No. 160148
KYLE K. TABORNINI, Esq., Cal. Bar No. 160538
ERIN M. SCHARG, Esq., Cal. Bar No. 285311
**EASON & TAMBORNINI, ALC**
1234 H Street
Sacramento, CA 95814
(916) 438-1819
Facsimile (916) 438-1820
Matthew@capcityLaw.com
https://www.capcityLaw.com

Attorneys for Plaintiffs and
Certified class

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| ROBERT WESTFALL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BALL METAL BEVERAGE CONTAINER CORPORATION., a Colorado Corporation, Does 1-20 inclusive,<br><br>Defendants. | Case No.: 2:16-cv-02632-KJM-GGH<br><br>DECLARATION OF MATTHREW R. EASON IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER (1) GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT; (2) PROVISIONALLY CERTIFYING SETTLEMENT CLASSES; (3) DIRECTING DISSEMINATION OF NOTICE PACKET TO CLASS; AND (4) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS<br><br>Date:  September 4, 2020<br>Time: 10:00 a.m.<br>Ctrm: 3<br>Judge: Hon. Kimberly J Mueller |

I, MATTHEW R. EASON, declare:

1. I am an attorney duly licensed to practice law in the State of California before the Eastern

District of California.  I am a shareholder in the law office of Eason & Tambornini, ALC

DECLARATION OF MATTHREW R. EASON IN SUPPORT OF PLAINTIFF'S MOTION
FOR ORDER (1) GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT; (2) PROVISIONALLY CERTIFYING SETTLEMENT CLASSES;
(3) DIRECTING DISSEMINTATION OF NOTICE PACKET TO CLASS; AND (4) SETTING
SCHEDULE FOR FINAL APPROVAL PROCESS

("E&T"), counsel for Plaintiffs ROBERT WESTFALL, DAVID ANDERSON, LYNN BOBBY, DAVID ELLINGER and the certified class. I make this declaration of my personal knowledge and could testify thereto if called as a witness.

2. I have been one of the lawyers primarily responsible for the prosecution of claims on behalf of Plaintiffs and the class. I was fully involved in the litigation on this matter. I also served as the principal negotiator on behalf of the classes during all three mediations. I attended three full day mediations and participated in numerous telephone calls, letter exchanges, and e-mail exchanges that the mediation process entailed.

3. This Declaration is submitted in support of Plaintiffs' Notice of Motion and Motion for Order (1) Granting Preliminary Approval to Proposed Class and Collective Action Settlement; (2) Provisionally Certifying Settlement Classes; (3) Directing Dissemination of Notice Packet to the Class; and (4) Setting Schedule for Final Approval Process.

**EDUCATION AND EXPERIENCE**

4. I graduated with a Bachelors of Science from California State University, Sacramento in 1988 with a degree in Business/Accountancy.

5. I earned my Juris Doctorate Degree from UOP/McGeorge School of Law in 1992. I graduated number nine in my class, and was awarded Order of the Coif, and Order of the Barristers for my academic and advocacy skills.

6. I am admitted to practice law before the following courts: United States District Courts in the Eastern District and Northern District of California, and all of California's state courts.

7. I have been practicing law full time since my admission to the California Bar in 1992. In the 28 years since I haven a member of the bar, I have litigated numerous cases in both state and federal court. I have tried no less than fifty (50) trials to completion.

8. During law school, and upon graduation, I worked for the very prestigious Sacramento law firm of Hefner, Stark & Marois. I was assigned to the Senior Employment Litigation Partner and worked with him on various Federal and State employment litigation cases both at the trial level and appellate level.

2

9. I left that firm in approximately 1994 to start my own practice, and continued to handle significant employment related cases in multiple forums. Currently, well over 30% of our firms' practice is employment related, and almost exclusively representing employees.

10. I have represented well over 50 successful employee rights matters before California Courts, including class action matters. These matters include class actions such as *Stocker v. Community Integrated Work Program* (Contra Costa County Superior Court) resulted in $300,000 settlement of a lawsuit brought under state wage and labor laws; *Ames et al. v. Vision Precision Holdings LLC* (Sacramento County Superior Court) resulted in a $480,000 settlement brought understate age and labor laws.

11. I have no personal affiliation or family relationship with the Plaintiffs identified above. My only relationship with these individuals is the attorney-client relationship existing in the current litigation.

12. I am unaware of any legal differences or conflicts between the Plaintiff and the Class Members or any unique factual issues relative to the proposed settlement pertaining to the Class Representatives.

**THE PRESENT LITIGATION**

13. On September 6, 2016 my office filed a Class Action Complaint on behalf of Plaintiff Robert Westfall and those similarly situated in California Superior Court in and for the County of Solano, thereby initiating civil *action Robert Westfall v. Ball Metal Beverage Container Corporation* (Case No. FCS047654). The Class Action Complaint alleged causes of action for (1) California Wages and Overtime Violations under Labor Code §§510, 1194, 1199; (2) Failure to Provide Meal Breaks Under Labor Code §§226.7 and 512; (3) Failure to Provide Rest Breaks Under Labor Code §226.7; (4) Violations of Labor Code §226(a); (5) Penalties Pursuant to Labor Code §203; (6) Violation of Business & Professions Code §17200; (7) Penalties Pursuant to Labor Code §2699, et seq.

14. Defendant will file a Notice of Removal on November 3, 2016 and the case was removed to this Court.

15. The Parties participated in all-day mediation early in the litigation with Alan Berkowitz on

1    February 7, 2017.  However, since the Class had not yet been certified, the parties were too

2    far apart and were not able to reach a resolution.

3    16. Following mediation, Plaintiffs served written discovery on Defendant including Requests

4    for Admission, Interrogatories and Request for Production of Documents on March 10,

5    2017. Plaintiffs also participated in deposition discovery by taking the deposition of Ball's

6    former plant manager, David Trujillo on June 20, 2017.  My office also took the

7    depositions of Joseph Esquer and Chad Gish on June 23, 2017 who worked as

8    superintendent and engineering manager for Ball's Fairfield facility.

9    17. In May 2017 Defendant took the depositions of Plaintiffs Robert Westfall, David

10   Anderson, Lynn Bobby and David Ellinger.

11   18.  Plaintiffs filed their Motion to Certify the Class on July 28, 2017. (ECF Nos. 27-30).

12   Plaintiffs' motion was granted in part/denied in part in an order dated February 5, 2018

13   (ECF NO. 54).  Plaintiffs filed a motion for reconsideration to expand on the class

14   certification order, which was also granted (ECF NO. 85).

15   19. Following class certification, the Parties participated in a second meditation with Alan

16   Berkowitz on August 1, 2018. The parties were able to close the gap in their settlement

17   numbers from the prior mediation but not enough to reach a resolution.

18   20. The depositions of approximately 24 class members were taken between June 2019 and

19   October 2019.

20   21. The Parties participated in a third mediation with the Honorable Raul Ramirez (Retired) on

21   December 11, 2019.  The Parties were able to finally reach a resolution at this mediation.

22   22. After the parties reached the December 11, 2019 agreement, Counsel for Plaintiffs and

23   Defendants engaged in several conversations and negotiations on further details concerning

24   settlement administration over approximately four months.  This process resulted in the

25   Settlement Agreement signed by the parties on August 5, 2020, a true and complete copy of

26   which is attached as Exhibit A.

27   23. Throughout the litigation, I worked closely with Robert Westfall, David Anderson, Lynn

28   Bobby and David Ellinger to gather data about BALL and its employment practices,

4

1     participate in discovery and inform the litigation strategy.  Plaintiff Robert Westfall

2     participated in three mediations while the other named Plaintiffs participated in the third

3     mediation.

4   24. Based on my experience in wage and hour actions along with class action litigation, the

5     settlement provides a high recovery in light of the risk to class members, especially

6     considering the number of Class Members.  In my professional opinion, the Class's claims

7     are meritorious.  However, I understand that the outcome of a trial, or the outcome any

8     appeals that would inevitably follow, are inherently uncertain.  Defendants' law firm Fisher

9     Phillips is a well-respected law firm with substantial experience litigating class action wage

10     and hour disputes.  These risks must be considered in assessing the fairness of the

11     Settlement, which guarantees against a result that could leave the Class without any

12     recovery. Because the Settlement provides immediate and substantial relief, without the

13     attendant risks of continued litigation, I believe it warrants this Court's preliminary

14     approval.

15   25. In my professional opinion, the Settlement is fair, adequate and in the best interests of the

16     Class Members.  I believe this Settlement to be an excellent result for the Class. The

17     Settlement provides all Class Members, regardless of their means, substantial relief in a

18     prompt and efficient manner.  The Settlement in this case is consistent with the public

19     interest in settling litigation.

20       I declare under penalty of perjury under the laws of the State of California that the

21   foregoing is true and correct. Executed this 5th day of August, 2020 at Sacramento, California.

22

23

24                     /s/ Matthew R. Eason

25                     Matthew R. Eason

26

27

28

EXHIBIT A

1  JOHN K. SKOUSEN, SBN 192581
   jskousen@fisherphillips.com
2  CHRISTOPHER M. AHEARN, SBN 239089
   cahearn@fisherphillips.com
3  **FISHER PHILLIPS LLP**
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   T:  (949) 851-2424
5  F:  (949) 851-0152

6  APRIL A. PERKINS, SBN 322166
   aperkins@fisherphillips.com
7  **FISHER PHILLIPS LLP**
   621 Capitol Mall, Suite 1400
8  Sacramento, California 95814
   T:  (916) 210-0400
9  F:  (916) 210-0401

10 Attorneys for Defendant BALL METAL BEVERAGE CONTAINER CORP.
   (erroneously sued as "BALL METAL BEVERAGE CONTAINER CORPORATION")
11

12                 UNITED STATES DISTRICT COURT

13        EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

14 | ROBERT WESTFALL, individually and on | Case No: 2:16-CV-02632-KJM-CKD
   | behalf of all others similarly situated, |
15 |                                          | **JOINT STIPULATION OF CLASS ACTION**
   |            Plaintiff,                     | **AND PAGA SETTLEMENT**
16 |                                          |
17 |    v.                                    |
   | BALL METAL BEVERAGE CONTAINER            | [Originally Solano Superior Court
18 | CORPORATION, a Colorado Corporation,     | Action No. FCS047654]
   | Does 1-20 inclusive,                     | State Action Filed:    9-7-2016
19 |                                          | FAC Filed:             4-6-2017
   |            Defendants.                    | Trial Date:            None Set
20

21 Matthew R. Eason, Esq. (SBN 160148)
   Kyle K. Tambornini, Esq. (SBN 160538)
22 **EASON & TAMBORNINI, ALC**
   1819 K Street, Suite 200
23 Sacramento, CA 95811
   T: 916.438.1819
24 F: 916.438.1820
   E: matthew@capcitylaw.com
25
   Attorneys for Plaintiff
26 ROBERT WESTFALL, individually and on behalf of all others similarly situated

27

28

─────────────────────────────────────────────
       JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT
FP 36762580.7

This Stipulation of Class Action Settlement and Release is entered into by the named plaintiffs Robert Westfall, David E. Anderson, Lynn Bobby, and David Ellinger (hereinafter collectively, "Named Plaintiffs"), on the one hand, and Defendant Ball Metal Beverage Container Corporation ("Defendant Ball" or "Defendant") on the other.

WHEREAS, Plaintiffs are former and current employees of Defendant Ball;

WHEREAS, on or about September 6, 2016, Plaintiff Robert Westfall filed a "Class Action Complaint" in the California Superior Court in and for the County of Solano, thereby initiating the civil action entitled *Robert Westfall v. Ball Metal Beverage Container Corporation*, Cal. Super. Ct. (Solano) Case No. FCS047654 (hereinafter, the "State Court Action");

WHEREAS, Defendant subsequently removed the State Court Action to the United States District Court for the Eastern District of California, thereby initiating the civil action entitled *Westfall v. Ball Metal Beverage Container Corporation.*, Case No. 2:16-cv-02632-KJM-GGH (the "Federal Action");

WHEREAS, on April 6, 2017, Plaintiffs filed a "First Amended Class Action Complaint" in the Federal Action;

WHEREAS, the aforementioned Complaint (attached hereto as Exhibit 1-A), First Amended Class Action Complaint (attached hereto as Exhibit 1-B), and Plaintiffs' notice letter to the California Labor and Workforce Development Agency pursuant to Cal. Lab. Code § 2699.3(a)(1) (attached hereto as Exhibit 1-C) shall be referred to hereinafter collectively as the "Complaint");

WHEREAS, the Named Plaintiffs and Defendant shall be hereinafter collectively referred to as the "Parties";

WHEREAS, to avoid the inherent risks and costs of litigation, the Parties want to completely settle all claims that were or could have been brought in the Complaint and in the State Court Action and the Federal Action

NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE to settle all

1

1  such claims as follows:

2  **1.    DEFINITIONS**

3       The terms defined above shall have the meanings therein given, for all purposes in this
4  Joint Stipulation of Class and PAGA Settlement, including in any exhibits hereto. And, the
5  following defined terms used in this Joint Stipulation of Class and PAGA Settlement and any
6  exhibits hereto will have the meanings given them below.

7       1.    <u>Agreement</u>. "Agreement", "Settlement", "Settlement Agreement" and "Joint
8  Stipulation" means this Joint Stipulation of Class and PAGA Settlement.

9       2.    <u>Class</u>. "Class," "Class Members," "Settlement Class," or "Settlement Class
10  Members" shall mean all persons employed by any of the Defendant in a Class Position, at any
11  time during the Class Period.

12       3.    <u>Class Administrator</u>. "Class Administrator" means Heffler Claims Group, a third
13  party professional class action claims administrator, jointly selected by the Parties and/or
14  appointed by the Court to perform the Class Administration Duties.

15       4.    <u>Class Administrator Declaration</u>. "Class Administrator Declaration" shall mean a
16  declaration attesting, in detail, to the steps taken through the date of such declaration in
17  performing the Class Administration Duties, that the procedures contemplated in Sections 2.5
18  through 2.7 below are complete, and that the Class Administrator has all information needed to
19  perform any remaining Class Administration Duties, including calculation of the amounts of the
20  respective Eligible Class Member Shares.

21       5.    <u>Class Administration Costs</u>. "Class Administration Costs" shall mean the fees and
22  expenses reasonably and necessarily incurred by the Class Administrator as a result of
23  performing the Class Administration Duties. Class Administration Costs shall be paid from the
24  Gross Settlement Amount. Based on an estimate provided by the Class Administrator based on
25  presently and reasonably available information, the Parties stipulate that Class Administration
26  Costs shall be up to $15,000.00. Should any actual Class Administration Costs turn out to be less
27  than the projected amount, the Parties agree that the savings will be allocated to the Net
28  Settlement Amount, to be distributed to Eligible Class Members in proportion to their respective

2

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT

1  numbers of Eligible Class Member Workweeks. Should any actual reasonable and necessary

2  Class Administration Costs be more than the above estimated amount, and the Parties stipulate

3  that the Class Administrator should be paid such amounts, the Parties will apply to the Court for

4  an adjustment, with any additional Class Administration Costs to be paid from the Gross

5  Settlement Amount, accompanied by a corresponding reduction in other another element or other

6  elements of the Gross Settlement Amount, to be approved by the Court as part of Final Approval.

7       6.      Class Administration Duties: "Class Administration Duties" shall mean the duties

8  of the Class Administrator as set forth in this Agreement and as may be ordered by the Court.

9       7.      Class Certification. "Class Certification" shall mean certification of the Class

10  pursuant to Fed. R. Civ. P. 23(a) and (b) and other applicable law, for purposes of this Settlement

11  only, without prejudice to Defendant's ability to oppose or otherwise challenge such certification

12       8.      Class Counsel. "Class Counsel" refers to EASON & TAMBORNINI, ALC.

13       9.      Class Counsel Fees and Costs. "Class Counsel Fees and Costs" shall mean an

14  amount of up to Eight Hundred Sixteen Thousand Six Hundred Sixty Six United States Dollars

15  ($816,666.00), or One Third (_33.33%) of the Gross Settlement Amount, in Class Counsel's Fees

16  subject to Court approval, plus actual costs and expenses incurred by Class Counsel related to

17  the Action as supported by declaration, which are currently estimated to be no greater than

18  Sixteen Thousand United States Dollars ($16,000.00). Class Counsel Fees and Costs shall be

19  paid to Class Counsel from the Qualified Settlement Fund by the Class Administrator. Such

20  payment of Class Counsel Fees and Costs shall be deemed to be full satisfaction of any obligation

21  by Defendant to pay any attorney fees, attorney costs and/or other fees or costs to Named

22  Plaintiffs, Class Members, and/or any of their attorneys in relation to the Action. Any future

23  adjustments to the amount of the Class Counsel Fees and Costs, including by the Court, shall not

24  constitute a basis for this Settlement being void or Void *Ab Initio*, unless such adjustment shall

25  have the effect of increasing the Gross Settlement Amount, whereupon this Settlement will be

26  voidable by Defendant as provided for in this Agreement. Should the Court award less than One

27  Third (1/3) of the Gross Settlement Amount in Class Counsel's Fees, the amount not awarded as

28  fees shall revert to the Eligible Class Members.

10.    Class Notice. "Class Notice" shall mean the Notice substantially in the form indicated in "Exhibit 2" hereto, and distributed by the Class Administrator in accordance with Section 2.6 below.

11.    Class Member Objection. "Class Member Objection" shall mean a Class Member's objection made pursuant to the provisions of Section 2.7 below.

12.    Class Member Objector. "Class Member Objector" shall mean a Class Member who submits a Class Member Objection. A Class Member Objector shall not be considered an Opt-Out unless he or she submits a valid Opt-Out Request.

13.    Class Member Work Week. "Class Member Work Week" shall mean a Work Week in which a Class Member was employed by Defendant in California in a Class Position. For purposes of this Settlement, every Class Member shall be deemed to have performed at least some work for Defendant during each of their respective Class Member Work Weeks that wholly or partially occurred during the Class Period. The Class Administrator shall thus calculate the total number of Class Member Work Weeks with reference to Class Members' dates of employment in a Class Position during the Class Period, and without regard or reference to time records, records of leave of absence, sick time, or other temporary absences from work.

14.    Class Period. "Class Period" shall mean the time period from September 7, 2012 to the Date of Preliminary Approval.

15.    Class Position. "Class Position" shall mean a non-exempt employment position as an electronic technician, machinist/mechanic, maintenance or a position within the production, engineering, and production support departments at Defendant's facility located in Fairfield, California.

16.    Court. "Court" refers to the above-referenced Court, or any such further courts, arbitrators, or other judicial bodies that may in the future obtain valid jurisdiction over the Action.

17.    Date of Preliminary Approval. The "Date of Preliminary Approval" means the day on which the Court enters Preliminary Approval.

18.    Defendant's Counsel. "Defendant's Counsel," "Defense Counsel" or "Counsel for Defendant" shall mean Fisher & Phillips LLP, 2050 Main Street, Suite 1000, Irvine, California

4

92614, and the attorneys in such firm including Christopher M. Ahearn (State Bar No. 239089).

19.     Effective Date. "Effective Date" shall mean the latest date on which all of the following have occurred:

       (a)    Full execution of this Agreement by all parties, and the expiration of any applicable revocation periods related to such signature, such as the revocation period set forth in Exhibit 4, ¶ 5.

       (b)    All provisions of Fed. R. Civ. P. 23 (e) have been complied with;

       (c)    Entry by the Court of Preliminary Approval;

       (d)    Receipt by Defendant of written notice of such entry of Preliminary Approval or Defendant's express waiver of such notice;

       (e)    Completion of all those Class Administration Procedures which this Settlement dictates will take place in advance of the Final Approval Hearing;

       (f)    The Court setting and conducting a Final Approval Hearing pursuant to Fed. R. Civ. P. 23 (e);

       (g)    Entry by the Court of an order of Final Approval of the Settlement and a Judgment that will result in the termination of the Federal Action and the State Court Action, *with prejudice*;

       (h)    Receipt by Defendant of written notice of such entry of Final Approval and Judgment, or Defendant's express waiver of such notice; and

       (i)    Final Approval has become Final. For purposes of this provision, "Final" means:

              (1)    if no Class Member Objections are made and/or are made and withdrawn, the date the Court enters its order granting Final Approval of the settlement and Judgment pursuant to Fed. R. Civ. P. 23 (e);

              (2)    if any Class Member Objections are made and not withdrawn, and if no appeal, review or writ is sought from the Judgment, the sixty-

5

first (61st) day after entry of Judgment;

        (3)    if rehearing, reconsideration and/or appellate review of the Judgment is sought, the day after any and all avenues of rehearing, reconsideration and appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, and the time for seeking such review has expired, and the Judgment has not been modified, amended or reversed in any way; or

        (4)    if a Class Member Objector appeals from any ruling by the Court overruling such objection in whole or in part, the date when the Court's order of Final Approval and Judgment have been affirmed on appeal;

    (j)    The existence of a sufficient number of Eligible Class Members. Specifically, as of the date of the completion of all Class Administration Procedures, the number of Eligible Class Members must be ninety-five percent (95%) or greater of the total Class Members, and the number of Class Members who are not Eligible Class Members does not exceed five percent (5%) of the total Class Members. If the number of Class Members who are not Eligible Class Members exceeds such percentage then Defendant shall have the absolute right (but not the obligation) to deem this Settlement Void *Ab Initio* upon written notice to Class Counsel, the Court, and the Class Administrator. If Defendant, within ten (10) business days of the Class Administrator's written notice to all Parties that the number of Class Members who are not Eligible Class Members exceeds 5% of all Class Members, fail to advise Plaintiff in writing that they will withdraw from the Settlement, this circumstance will not determine the Effective Date.

20.    <u>Eligible Class Member</u>. "Eligible Class Member" means a Class Member who is

6

not an Opt-Out.

21.     Eligible Class Member Share. "Eligible Class Member Share" shall mean the portion of the Net Settlement Amount that will be allocated to each Eligible Class Member. The Net Settlement Amount will be divided into two groups with those Class Members in the electronic technician, machinist, millwright, chemical processes, quality control and production chief positions sharing sixty percent (60%) of the Net Settlement Amount (Group A), and all other non-exempt positions in the production, engineering, and production support including but not limited to maintainers and warehouse positions sharing forty percent (40%) of the Net Settlement Amount (Group B). Within each Group, the Eligible Class Member Share shall be calculated based on a pro-rata share of that Group's portion of the Net Settlement Fund based on the total number of Eligible Work Weeks. For Group A, the Eligible Class Member Share shall be calculated as follows: first, the Net Settlement Amount will be multiplied by 0.6. Second, the total Eligible Class Member Work Weeks will be divided by the total number of Eligible Class Member Work Weeks for Group A to determine the Eligible Class Member's pro-rata share. Third, the Eligible Class Member's pro rata share will be divided by the total Net Settlement Amount for Group A to determine the Eligible Class Member Share. The same procedure will apply for Group B and shall be calculated by first multiplying the Net Settlement Amount by 0.4. Second, the total Eligible Class Member Work Weeks will be divided by the total number of Eligible Class Member Work Weeks for Group B to determine the Eligible Class Member's pro rata share.  Third, the Eligible Class Member's pro rata share will be divided by the total Net Settlement Amount for Group B to determine the Eligible Class Member Share. Payment of Eligible Class Member Shares shall be subject to legally required withholdings, deductions, and contributions. As to the Named Plaintiffs, the amount of their Eligible Class Member Shares is in addition to any Court-approved Named Plaintiff Enhancements.

22.     Eligible Class Member Work Week. "Eligible Class Member Work Week" shall mean a Class Member Work Week during which an Eligible Class Member worked in a Class Position.

23.     Eligible Class Member Work Week Rate. "Eligible Class Member Work Week

7

1 | Rate" shall mean the amount calculated by the Class Administrator as due to each Eligible Class
2 | Member for each Eligible Class Member Work Week.

3 |   24.   Final Approval. "Final Approval" shall mean an order of the Court finally
4 | approving this Settlement pursuant to Fed. R. Civ. P. 23 (e) and granting Class Certification.

5 |   25.   Final Approval Hearing. "Final Approval Hearing" shall mean the hearing on a
6 | motion for Final Approval, scheduled and conducted pursuant to Fed. R. Civ. P. 23 (e).

7 |   26.   Gross Settlement Amount. "Gross Settlement Amount" means the maximum
8 | possible amount Defendant shall pay as a consequence of this Settlement, which is Two Million
9 | Forty Hundred Fifty Thousand United States Dollars ($2,450,000).

10 |   27.   Judgment. "Judgment" means the judgment entered by the Court in conjunction
11 | with the Final Approval Order.

12 |   28.   LWDA. The "LWDA" shall mean the California Labor and Workforce
13 | Development Agency.

14 |   29.   LWDA Fund. "LWDA Fund" shall mean the amount payable to the LWDA
15 | pursuant to the Joint Stipulation, which shall be Fifteen Thousand United States Dollars
16 | ($15,000). This amount shall be deemed to be seventy-five percent (75%) of an overall amount
17 | of Twenty Thousand United States Dollars ($20,000) of the Gross Settlement Amount which
18 | shall be allocated to PAGA penalties. The remaining amount of such allocation, Five Thousand
19 | United States Dollars ($5,000) shall be deemed part of the Net Settlement Fund and shall be
20 | accordingly distributed to the Eligible Class Members as a proportionate part of their Eligible
21 | Class Member Shares, proportionate to their number of Eligible Class Member Workweeks.

22 |   30.   LWDA Fund Remainder. "LWDA Fund Remainder" shall mean the amount of
23 | Five Thousand United States Dollars ($5,000) referenced in paragraph 1.29 above.

24 |   31.   Named Plaintiff Enhancement. "Named Plaintiff Enhancement" shall mean the
25 | amount approved by the Court to be paid to Named Plaintiffs in addition to their individual
26 | Eligible Class Member Shares, in consideration for their effort in coming forth as class and
27 | PAGA representatives, and in consideration for their General Release set forth in "Exhibit 4"
28 | hereto. The Parties agree that such amounts shall be Seven Thousand Five Hundred United States

1   Dollars ($7,500) for each of the four Named Plaintiffs, subject to the Court's approval.

2       32.    Net Settlement Amount. "Net Settlement Amount" shall mean the Gross

3   Settlement Amount minus (a) Class Administration Costs, (b) Class Counsel Fees and Costs; (c)

4   the LWDA Fund, and (d) the Named Plaintiff Enhancements.

5       33.    Notice Packet: "Notice Packet" shall mean a packet mailed by the Class

6   Administrator pursuant to Section 2.6 below, containing the Class Notice, and any other

7   accompanying documents required by this Settlement and/or Preliminary Approval.

8       34.    Opt-Out(s). "Opt-Out(s)" refers to Class Members who have submitted an Opt-

9   Out Request.

10      35.    Opt-Out Request. "Opt-Out Request" means a timely and valid written request for

11  exclusion from the Settlement by a Class Member, pursuant to the provisions of Section 2.7

12  below.

13      36.    PAGA. "PAGA" means the California Labor Code Private Attorneys General Act

14  of 2004, Cal. Lab. Code §§ 2698, et seq.

15      37.    Party. "Party" shall mean, individually, one of the Parties, and each of them.

16      38.    Preliminary Approval. "Preliminary Approval" shall mean an order of the Court

17  preliminarily approving this Settlement pursuant to Fed. R. Civ. P. 23 (e), granting conditional

18  Class Certification for purposes of the Class Administration Procedures, certifying Class

19  Counsel, approving the form of Class Notice, establishing Class Administration Procedures, and

20  scheduling a Final Approval Hearing.

21      39.    QSF / Qualified Settlement Fund. "QSF" or "Qualified Settlement Fund" shall

22  mean the Qualified Settlement Fund established by the Class Administrator for the payment of

23  the Settlement Payment Amount.

24      40.    Released Claims. The term "Released Claims", as applied to releases by Eligible

25  Class Members, shall have the meaning set forth in the Release of Claims by Class (hereinafter

26  "Exhibit 3") hereto. The term "Released Claims", as applied to the Named Plaintiff's General

27  Release, shall have the meaning set forth in Exhibit 4 hereto.

28      41.    Released Parties. The term "Released Parties", as applied to releases by Eligible

9

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT

1   Class Members, shall have the meaning set forth in Exhibit 3 hereto. The term "Released Parties,"

2   as applied to the Named Plaintiffs' General Release, shall have the meaning set forth in Exhibit

3   4 hereto.

4         42.    <u>Settlement Payment Amount</u>. "Settlement Payment Amount" means the Gross

5   Settlement Amount, consisting of several elements including, without limitation: Eligible Class

6   Member Shares, Class Administration Costs, the Named Plaintiff Enhancements, the LWDA

7   Fund, Class Counsel Fees and Costs, the Net Settlement Amount, and Eligible Class Members'

8   portion of withholdings, contributions, deductions, taxes, fees and any other amounts due to

9   government agencies and/or tax authorities in relation to any payments pursuant to this

10   Agreement.

11         43.    <u>Void <em>Ab Initio</em></u>. "Void <em>Ab Initio</em>" shall mean a circumstance in which this

12   Agreement is null and void and the Parties shall be returned to conditions such that the Agreement

13   had never been entered into. Such circumstance will be deemed to exist only if any of the

14   following have occurred: (a) the Court has so ordered; (b) any of the Parties has materially

15   breached this Agreement and either such breach cannot be cured, or after reasonable notice to

16   the breaching Party and a reasonable opportunity to cure such breach to the satisfaction of the

17   non-breaching Parties, the breaching Party has failed to do so, unless (i) the non-breaching Parties

18   have stipulated in writing that such breach is non-material; or (ii) the Court has ruled that such

19   un-cured or un-curable breach is non-material; (c) conditions have become such (including, for

20   example, that the Court has refused to approve the Settlement) that the Effective Date has not

21   occurred, is not likely to occur, or cannot occur in the future; and/or (d) as otherwise specifically

22   provided for in this Agreement.

23         44.    <u>Work Week</u>: "Work Week" shall mean a continuous period of seven (7) calendar

24   days, from Monday at 6:00 a.m. to Monday at 5:59 a.m., wherein any such calendar days in such

25   period, are also within the Class Period.

26   **2.    TERMS AND CONDITIONS OF SETTLEMENT**

27         In addition to the definitional elements set forth above, the terms and conditions of the

28   class settlement shall be as follows:

10

1        1.      Certification for Settlement Purposes Only. The Parties stipulate that the Court's

2     prior granting of Class Certification on February 5, 2018 (ECF No. 054), and as amended on

3     Plaintiffs' Motion for Reconsideration, on January 15, 2019 (ECF No. 085) is proper for purposes

4     of this Settlement only, and that Class Certification should be granted, for purposes of this

5     Settlement only, as to all claims within the scope of the release set forth in Exhibit 3 hereto.

6        2.      Contentions and Defenses:  Compromise. The Parties have determined that this

7     Settlement represents a fair and reasonable compromise of disputed claims for wages and other

8     monetary and non-monetary relief, following a reasonably thorough investigation. The Parties

9     have entered into this Settlement to avoid the inherent risks and costs of further litigation. Named

10    Plaintiffs do not stipulate that this Settlement represents the maximum extent of such relief to

11    which they or the Class would be entitled if the Action were to be further litigated. Defendant

12    does not stipulate that, should the Action be further litigated, Named Plaintiffs and/or the Class

13    would be entitled to any relief whatsoever. Neither Named Plaintiffs nor Defendant admit to any

14    unlawful conduct. The Parties hereby reserve all of their rights to litigate the Action and seek all

15    available forms of relief should this Settlement not be given effect.

16       3.      Confidentiality and Class Member Communications. Until Class Counsel files a

17    motion for Preliminary Approval, the Parties will keep the existence and terms of Settlement

18    strictly confidential. Until such time, Class Counsel may discuss the terms of this Settlement with

19    Class Members other than the Named Plaintiffs only if such additional Class Members initiate

20    contact with Class Counsel in such regard. Also until such time, no Party or their counsel may

21    otherwise make any public statement or comment or make any disclosures of any kind about this

22    Settlement to anyone, including without limitation, the public, or press, or on any public or semi-

23    public forum on the internet (such as social media) without the express written permission of

24    each of the other Parties. Such confidentiality provisions shall remain in force following

25    Preliminary Approval as well, with the following exceptions: (a) the Class Administrator may

26    take steps reasonably necessary to perform Class Administration Duties; (b) Class Counsel and

27    Named Plaintiffs may take reasonably necessary steps to perform their duties as such; and (c)

28    Class Counsel may list or disclose this Action and Settlement as among their handled cases in

11

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT

1   court filings or motions only, but may not disclose the terms of the Settlement on any firm
2   publication or other public media. In the interest of permitting the Class Notice and
3   administration process to function on its own, Named Plaintiffs themselves agree not to discuss
4   this Settlement with any Class Members or any other individuals except for their attorneys,
5   financial representatives, accountants and/or spouse. Defendant agrees not to discourage Class
6   Members from, and agree not to encourage them to, exercise any of their rights or obligations
7   pursuant to this Agreement. Defendant will instruct their officers, directors, managers and
8   supervisors that that, should they be contacted by Class Members or persons who believe they
9   may be Class Members in relation to this Agreement, such officers, directors, managers and
10  supervisors should make no comment except by directing the employees to Defendant's
11  supervisors and managers at its Fairfield, California facility, who will be instructed to direct such
12  Class Members to the Class Administrator and to refer such Class Members to the class notice
13  approved by the Court in connection with this Settlement.

14      4.    Preliminary Approval. As soon as possible following execution of this
15  Agreement, Class Counsel shall move the Court for Preliminary Approval. Class Counsel will
16  submit therewith a proposed order, substantially in the proposed form of Exhibit 5 hereto. The
17  Parties shall give all reasonable cooperation necessary to obtain Preliminary Approval from the
18  Court.

19      5.    Class Administration Procedures – Class List. Within forty-five (45) days of
20  Defendant's receipt of notice of entry of Preliminary Approval, Defendant shall cause to be
21  delivered by email or otherwise to the Class Administrator a list of the Class Members that
22  includes their names, last known home address(es), full social security numbers, and dates of
23  employment with Defendant in a Class Position during the Class Period, all of which information
24  shall be based upon Defendant's reasonably available business records and/or the best reasonably
25  available personal knowledge of Defendant's employees and agents.

26      6.    Class Administration Procedures – Notice to Class. Within thirty (30) days after
27  delivery of the information described in Section 2.5 above, the Class Administrator will mail a
28  Notice Packet to each Class Member via United States Mail, first class, postage pre-paid. Prior

12

1  to such mailing, the Class Administrator will calculate the estimated Eligible Class Member

2  Shares of each respective Class Member, based upon an assumption that all Class Members will

3  become Eligible Class Members, that no Class Member Objections, Opt-Out Requests, or other

4  disputes pursuant to Section 2.7 below will be submitted, and that no Class Members will be

5  added to the Class. The approximate amounts of such estimated Eligible Class Member Shares

6  will be disclosed on an individual basis in each Class Member's respective Class Notice, along

7  with the basis of the calculation of such shares in relation to the number of Class Member Work

8  Weeks for each such Class Member. If any mailed Notice Packets are returned as undeliverable,

9  then the Class Administrator shall promptly perform one "skip trace" or similar search and shall

10  promptly re-mail the same Notice Packet (or a true and correct copy thereof) to any new addresses

11  disclosed by such search. If the process set forth in this paragraph and any other procedures

12  ordered by the Court are followed, the Class Notice will be deemed to have been adequately

13  provided to all Class Members. In the event the procedures in the Agreement are followed and a

14  Class Member, nonetheless, does not receive the Notice Packet, the intended recipient shall

15  remain a Class Member, and will be deemed an Eligible Class Member, unless such intended

16  recipient submits a Class Member Objection or Opt-Out Request.

17        7.    Class Administration Procedures – Class Member Objections, Opt-Out Requests,

18  and Disputes Concerning Class Member Status and Number of Class Member Work Weeks

19            (a)    *Class Member Objections – Filing and Service*: Any member of the

20                Settlement Class who wishes to make a Class Member Objection must

21                give written notice to the Class Administrator, with such notice being

22                received by the Class Administrator within forty-five (45) days of mailing

23                of the Notice Packets to the Class Members. Such written notice shall

24                contain the relevant Class Member's name, address, telephone number,

25                and signature, as well as a statement to the effect that the Class Member

26                objects to the settlement, the basis and/or reason for such objection.

27            (b)    *Class Member Objections – Responses*: Upon receipt of any documents

28                purporting to be Class Member Objections, the Class Administrator shall

13

1     forthwith forward such documents to Class Counsel and Defendant's

2     Counsel by e-mail and United States Mail. Following receipt of such

3     documents, Class Counsel and Defendant's Counsel shall confer

4     regarding such documents purporting to be Class Member Objections.

5     Class Counsel shall file with the Court, in a separate document along with

6     their motion for Final Approval, a joint statement, not to exceed ten (10)

7     pages, containing the Parties' points and authorities in response to such

8     documents purporting to be Class Member Objections, along with copies

9     of such Class Member Objections. If the Parties' responses differ in any

10    respect, the jointly-held positions shall be set forth in a separately entitled

11    section, and the differently-held positions shall be set forth in further

12    separately-entitled sections of the joint response. The Parties may attach

13    evidence to the joint response, which shall not count toward the page limit.

14    If the volume of documents purporting to be Class Member Objections is

15    sufficiently large such that ten (10) pages is insufficient for the joint

16    response, the Parties (or any of them) may apply to the Court for an

17    increase in the number of such pages. Should the Parties receive any

18    untimely-filed, received, or sent documents purporting to be Class

19    Member Objections (or should the Parties receive them less than ten (10)

20    days prior to any due date for the motion for Final Approval), the Parties

21    may file a further such joint response at any time prior to the Final

22    Approval Hearing, but in any event not later than ten (10) days after

23    receiving such untimely documents.

24    (c)    *Opt-Out Requests*: Any member of the Settlement Class who wishes to

25    make an Opt-Out Request must deliver written notice (to include the

26    relevant Class Member's name, address, telephone number, and signature)

27    to such effect to the Class Administrator, with such notice being received

28    by the Class Administrator within forty-five (45) days of mailing of the

14

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice Packets to the Class Members. Such written notice shall set forth a statement to the effect that the Class Member does not wish to be part of, to be bound by, and/or to receive funds pursuant to the Settlement. The Class Administrator shall give Class Counsel and Defendant's Counsel no less than weekly notice of the number of Class Members who have submitted Opt-Out Requests, as well as copies of any such Opt-Out Requests upon request. Should any of the Parties wish to dispute the validity of any documents purporting to be Opt-Out Requests, they shall notify the Class Administrator and all other Parties via e-mail and U.S. Mail within ten (10) days of receiving such documents, and in so doing they shall state the factual and legal basis for such dispute. Prior to the deadline for submitting its declaration described in Section 2.8 below, the Class Administrator shall make a determination as to the validity of the disputed Opt-Out Requests, and shall set forth its determinations in such declaration.  The Class Administrator's decisions in such regard shall be final and binding.

(d)  *Disputes Concerning Class Member Status:* Should any person who does not receive a Class Notice directed to him or her wish to come forward purporting to be a Class Member, such person shall notify the Class Administrator, no later than forty-five (45) days after the Class Administrator's mailing of the Class Notice Packets. The Class Administrator shall forthwith send any such documents to Class Counsel and Defendant's Counsel via email and/or United States Mail. Upon receipt of such notice, Defendant shall investigate the matter, including with reference to their business records, and shall determine whether the person is a Class Member. Then, within ten (10) days of receipt of such notice, Defendant shall notify the Class Administrator and Class Counsel as to its determination of the person's status as a Class Member.

15

Defendant's determinations in such regard shall control. If the person is determined to be a Class Member, the Class Administrator shall mail that person a Notice Packet, whereupon the same procedures for submitting Class Member Objections, Opt-Out Requests, and Disputes Concerning Work Weeks set forth in this Agreement shall apply to such person.

(e)   *Disputes Concerning Class Member Work Weeks*: The Class Notices sent to each Class Member shall separately set forth that person's estimated number of Class Member Work Weeks. If for any reason a Class Member disagrees with such estimate, such Class Member shall deliver written notice to such effect to the Class Administrator, with such notice being received by the Class Administrator within forty-five (45) days of mailing of the Notice Packets to the Class Members. Such notice shall set forth the Class Member's basis for such disagreement, including any and all documents supporting such basis. Upon receipt of such notices, the Class Administrator shall forthwith send it to Class Counsel and Defendant's Counsel, via e-mail and United States Mail. Defendant shall investigate the matter, including by examining its business records, and shall, within fifteen (15) business days of receiving notice, inform Class Counsel and the Class Administrator as to its determination regarding the Class Member's number of Class Member Work Weeks. In the event that the Class Member does not provide any supportive documentation, Defendant's determination shall control. In the event that the Class Member does provide supportive documentation, Defendant shall, within the same fifteen (15) business day period, either notify the Class Administrator and Class Counsel that they stipulate to the Class Member's assertions regarding his or her number of Class Member Work Weeks, or shall notify them that they dispute such assertions, and shall provide the Class Administrator and Class Counsel with their proposed determination,

16

and the factual basis therefor, and any supporting documentation. The Class Administrator shall then determine the Class Member's number of Class Member Workweeks, and its determinations shall control.

(f)     Named Plaintiffs hereby agree that they will not submit a Class Member Objection or an Opt-Out Request. Any submissions by Named Plaintiffs purporting to be a Class Member Objection or an Opt-Out Request shall be null and void.

(g)     No determinations by Defendant, the Class Administrator, the Court, or any other person or entity pursuant to this Section 2.7 shall have the effect of increasing the amount of the Gross Settlement Amount. Rather, any additional amounts to be distributed to any Class Member as a result of the resolution of such disputes shall be made in conjunction with and subject to a proportionate reduction in other Eligible Class Members' Eligible Class Member Shares, with specific amounts to be determined by the Class Administrator.

8.     Class Administration Procedures – Class Administrator Declaration. Within thirty (30) days of the expiration of all the time periods provided for in Sections 2.5 through 2.7 above, the Class Administrator shall provide Class Counsel and Defendant's Counsel with the Class Administrator Declaration. Should the Class Administrator be unable to provide the Class Administrator Declaration at such time, it shall forthwith notify Class Counsel and Defendant's Counsel, who shall cooperate with the Class Administrator to forthwith remedy any such inability.

9.     Motion for Final Approval. By the later of (a) ten (10) days of Class Counsel's receipt of the declaration required of the Class Administrator by Section 2.8 above; or (b) sixteen (16) court days prior to the Final Approval Hearing, Class Counsel shall file and serve upon Defendant and the Class Administrator a motion for Final Approval, and shall include the Class Administrator's declaration with such filing. Should the date of Class Counsel's receipt of the Class Administrator Declaration be less than ten (10) days prior to the court day that is sixteen

17

1  (16) court days prior to the Final Approval Hearing, Class Counsel shall make reasonable efforts

2  to file its motion for Final Approval not later than sixteen (16) court days prior. If Class Counsel

3  is unable to do so, or if Class Counsel otherwise believe based on other circumstances they will

4  not be able to file a timely motion for Final Approval, they shall seek *ex parte* or other emergency

5  relief from the Court in the form of shortening of the time for filing and serving the Motion for

6  Final Approval, or re-scheduling of the Final Approval Hearing. Defendant shall cooperate in the

7  seeking and obtaining of such relief.

8  10.  Adjustments to Components of Gross Settlement Amount. This Agreement

9  contemplates that future adjustments to the amounts of components of the Gross Settlement

10  Amount listed above may be necessary and/or may be ordered by the Court. Any such future

11  adjustments shall be made only by written stipulation of the Parties or by an order of the Court.

12  Such future adjustments shall not constitute a basis for this Settlement being Void *Ab Initio*, but

13  rather shall be accompanied by adjustments to other components of the Gross Settlement

14  Amount, to avoid any increase in the Gross Settlement Amount.

15  11.  Release. The Settlement includes a release of Released Claims against the

16  Released Parties. Each Eligible Class Member shall be deemed, as of the Effective Date, to have

17  provided and to be subject to the release of Released Claims against the Released Parties set forth

18  in Exhibit 3 hereto. Named Plaintiffs additionally agree that as of the Effective Date, each of

19  them will be deemed to have provided and to be subject to the General Release in favor of the

20  Released Parties set forth in Exhibit 4 hereto.

21  12.  Enforcement. This Agreement is enforceable pursuant Fed. R. Civ. P. 23 (e). If

22  any Party is required to seek relief for an alleged breach of this Agreement, the prevailing party

23  shall be awarded its reasonable attorney's fees and costs including, if necessary, attorney's fees

24  in connection with collection efforts or enforcement of the confidentiality provisions of this

25  Agreement; provided however, that the aggrieved Party shall be required to give notice to the

26  opposing Party and meet and confer regarding the alleged breach before filing any motion, or

27  application for enforcement of, this Agreement.

28  13.  Taxation and Withholding; Settlement Checks.

18

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT

FP 36762580.7

(a)     *Allocation.* The Parties agree that Thirty-Three and 1/3 Percent (33.33)% of the Net Settlement Amount shall be allocated to Form W-2 wages, and Sixty-Six and 2/3 Percent (66.67)% to penalties (including the LWDA Fund Remainder), interest, and other non-wages subject to Form 1099 reporting, and that the same allocations shall apply to each of the Eligible Class Member Shares. This allocation is for purposes of this Settlement only. The Class Administrator will pay from the QSF each Eligible Class Member Share, the Eligible Class Members' shares of payroll taxes, deductions, contributions and other amounts required to be paid to government agencies and/or tax authorities. The payment of such taxes, deductions, contributions and other amounts shall be calculated based upon Defendant's reasonably available records. The Class Administrator shall provide reasonable notice to Defendant's Counsel of any records required for purposes of computing taxes, deductions, contributions and other amounts, and Defendant shall undertake reasonable efforts to provide the Class Administrator with same. The Class Administrator shall provide, as appropriate, an IRS Form W-2 and Form 1099, and any other tax documentation required by law, to each Eligible Class Member payee.

(b)     *Circular 230 Disclaimer.* Each of the Parties acknowledges and agrees that (1) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their respective counsel and/or other advisers is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Circular 230 (31 CFR part 10, as amended); (2) each Party (a) has relied exclusively upon his, her or its own, independent legal and tax advisors for advice (including tax advice) in connection with this Agreement, (b) has not entered into this Agreement based upon the recommendation of any other Party or any

19

Counsel or advisor to any other Party, and (c) is not entitled to rely upon any communication or disclosure by any other Counsel or advisor to any other Party to avoid any tax penalty that may be imposed on that Party; and (3) no attorney or advisor to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or advisor's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the Party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Agreement. Neither Class Counsel nor Defendant or their Counsel will provide tax or financial advice, and Class Members are advised to seek independent professional advice as to the tax or financial consequences of any payment they receive, or may receive, as Class Members.

(c)     *No Effect on Employee Benefits*. The Eligible Class Member Shares shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any (i) employee benefits such as vacations, holiday pay, and/or retirement plans; and/or (ii)economic value-added incentive compensation and/or bonus programs applicable to the Eligible Class Members. The Parties agree that any monetary settlement payments to such Eligible Class Members do not represent any modification of their previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by the Released Parties. Any amounts paid, pursuant to this Agreement, shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by the Released Parties.

(d)     *Non-Negotiated Instruments of Payment*. The expiration date of any instruments of payment issued by the Class Administrator to Eligible

20

Class Members will be one hundred eighty (120) days from the date such instruments are issued and sent. The monies of any such instruments of payment that are not negotiated by Eligible Class Members within one hundred eighty (120) calendar days of the date of mailing of the instruments of payment shall be deposited with the unpaid wage fund of the California State Treasury.

14.     Defendant's Payment of the Settlement Payment Amount. Upon the Effective Date, the Class Administrator shall forthwith establish all financial accounts necessary to establish the Qualified Settlement Fund, and shall promptly notify Defendant's Counsel and Class Counsel by email that such accounts have been established and of the payment details necessary to fund the Qualified Settlement Fund. The Class Administrator shall also advise Defendant as to any amounts it will be required to pay for its portion of any payroll taxes, deductions, contributions and other amounts required to be paid to government agencies and/or tax authorities as a result of this Settlement (hereinafter, "Defendant's Payroll Tax"). After the Defendant's receipt of such notice from the Class Administrator, and provided that the Effective Date has occurred, Defendant shall make such payment, not to exceed, in aggregate, the Settlement Payment Amount and Defendant's Payroll Tax. Defendant shall make such payment within forty-five (45) days after receipt of such notice from the Class Administrator, as well as an IRS Form W-4 for the QSF, and wire instructions for the wiring of the full amount to be paid. Within ten (10) days after all funds necessary to fully fund the Qualified Settlement Fund are in the accounts established by the Class Administrator and are available for disbursement, the Class Administrator shall disburse, pursuant to this Settlement and other applicable law, the corresponding Eligible Class Member Shares to each Eligible Class Member, as well as the LWDA Fund, the Named Plaintiffs' Enhancements, the Class Administration Costs, the Class Counsel Fees and Costs, and Defendant's Payroll Tax. In disbursing the LWDA Fund, the Class Administrator shall also submit to the LWDA any information or documentation required for such disbursement, such as a copy of the Court's Final Approval order. The Class Administrator shall promptly notify Class Counsel and Defendant's Counsel by email that such disbursements

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT

1 | and submissions have been made.

2 |       15.    Defendant's Policy and Practice Changes. Forthwith following the Effective Date,

3 | Defendant shall do the following: (a) As to its Fairfield, California facility, Defendant shall cease

4 | "rounding" non-exempt employee time worked to the quarter-hour for purposes of payroll, and

5 | shall pay for all recorded and reported time in one (1)-minute increments; (b) Defendant shall

6 | remove, disable and/or de-activate any speakers connected to the paging system at its Fairfield,

7 | California facility, to the extent such speakers are located within the break room or other

8 | designated break areas at the Fairfield, California facility; (c) Defendant shall publish an

9 | amended meal and rest period policy; (d) Defendant will conduct mandatory, in-person 30-

10 | minute training sessions with all Fairfield, CA plant personnel regarding such new meal and rest

11 | period policies and procedures, with specific trainings directed to supervisors and management

12 | on the one hand, and other non-exempt employees on the other; and (e) Defendant will establish

13 | training for new plant personnel regarding such policies and procedures during the onboarding

14 | process.

15 |       16.    Cooperation and Reasonable Modifications. The Parties and their respective

16 | counsel will cooperate reasonably and in good faith for the purpose of achieving occurrence of

17 | the conditions set forth in this Agreement, including without limitation, timely filing of all

18 | motions, papers and evidence necessary to do so, and refraining from causing or encouraging

19 | directly or indirectly the submission of any objection to this Agreement, the submission of any

20 | Class Member Objection or Opt-Out Request, or any appeal or petition for writ proceedings

21 | seeking review of any order or judgment contemplated by the Settlement. This Agreement

22 | contemplates that the Court and the Parties may make reasonable modifications to the Agreement

23 | in order to effect its essential terms and to obtain Preliminary Approval and Final Approval. Such

24 | modifications shall not render this Agreement Void *Ab Initio*, but rather the Parties shall stipulate

25 | to such reasonable modifications and take all necessary steps to give them effect. Any increase

26 | in the Gross Settlement Amount shall not be deemed to be a reasonable modification, and shall

27 | render this Agreement Void *Ab Initio*.

28 |       17.    Warranty of Authority. The undersigned each represent and warrant that each has

authority to enter into this Settlement, and that by doing so they are not in breach or violation of any agreement with any third parties. The Parties further agree that the Action shall be stayed in all respects until the final payment called for by this Settlement is made pending the occurrence or failure of the Effective Date, except for the purpose of filing motions for Preliminary Approval and Final Approval.

18. Named Plaintiffs' Warranty of Age. Named Plaintiffs each warrant that they are, as of the date of their execution of this Agreement below, more than forty (40) years of age.

19. Other Actions Enjoined. Defendant shall have the right to request, and Named Plaintiffs will not oppose, that the Court enter an order that pending Final Approval, Class Members who do not opt-out of the Settlement are barred from instituting or prosecuting any claims or actions against the Released Parties which fall within the definition of the Released Claims and that any pending actions against the Released Parties, whether in court or arbitration, are stayed on an interim basis only as to any claims which fall within the definition of the Released Claims.

20. Notices to Counsel. All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or mailed, postage prepaid, by first-class United States mail, to the undersigned persons at their respective addresses as set forth herein (and, to the extent notice by email is called for, the below email addresses shall be used:

| Counsel for Plaintiffs: | Counsel for Defendant: |
|---|---|
| Matthew R. Eason<br>mattew@capcityLaw.com<br>Kyle Tabornini<br>EASON & TAMBORNINI, ALC<br>1819 K Street, Suite 200<br>Sacramento. CA 95811<br>Telephone: (916) 438-1820<br>Facsimile:  (916) 438-1820 | Christopher M. Ahearn<br>cahearn@fisherphillips.com<br>John K. Skousen<br>jskousen@fisherphillips.com<br>April A. Perkins<br>aperkins@fisherphillips.com<br>FISHER & PHILLIPS LLP<br>2050 Main Street, Suite 1000<br>Irvine, California 92614<br>Telephone: (949) 851-2424 |

21. Notice to LWDA. Class Counsel shall be responsible for giving any required

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT

FP 36762580.7

1    notice of this Settlement to the LWDA.

2         22.   <u>Entire Agreement</u>. This Agreement embodies the entire agreement of all the

3    Parties hereto who have executed it and supersedes any and all other agreements, understandings,

4    negotiations, or discussions, either oral or in writing, express or implied, between the Parties to

5    this Agreement. The Parties to this Agreement each acknowledge that no representations,

6    inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or

7    anyone acting on their behalf, which are not embodied in this Agreement; that they have not

8    executed this Agreement in reliance on any representation, inducement, promise, agreements,

9    warranty, fact or circumstances, not expressly set forth in this Agreement; and that no

10   representation, inducement, promise, agreement or warranty not contained in this Agreement

11   including, but not limited to, any purported settlements, modifications, waivers or terminations

12   of this Agreement, shall be valid or binding, unless executed in writing by all of the Parties to

13   this Agreement. This Agreement may be amended, and any provision herein waived, but only in

14   writing, signed by the Party against whom such an amendment or waiver is sought to be enforced.

15        23.   <u>Limited Waiver of Arbitration</u>. Upon the Effective Date, Defendant and Eligible

16   Class Members will be deemed to have waived, for purposes of this Settlement only, any

17   contractual right to arbitrate Released Claims. Defendant waives the right to compel arbitration

18   of such Released Claims by Eligible Class Members, for purposes of giving effect to this

19   Settlement only, and conditional upon the Effective Date being reached. Nothing in this

20   Agreement shall be construed or deemed to result in a waiver of any right to arbitrate or to compel

21   arbitration as to any claims other than the Released Claims of Eligible Class Members.

22        24.   <u>Counterparts</u>. This Agreement may be executed in counterparts by way of true

23   and correct copies (including .pdfs or other electronic images) of signatures, each of which shall

24   have the same force and effect as an original, and all of which together shall constitute one and

25   the same instrument.

26

27   DATE: __Aug 5, 2020__     *Robert Westfall*

                                   _____

28                                    ROBERT WESTFALL
                                 PLAINTIFF AND CLASS REPRESENTATIVE

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT

FP 36762580.7

1

2   DATE: Aug 5, 2020

_____

DAVID ANDERSON
3                                              PLAINTIFF AND CLASS REPRESENTATIVE

4

5   DATE: _____

_____

6                                              LYNN BOBBY
                                               PLAINTIFF AND CLASS REPRESENTATIVE
7

8   DATE: Aug 5, 2020

_____

DAVID ELLINGER
9                                              PLAINTIFF AND CLASS REPRESENTATIVE

10

11  DATE: _____

_____

Colin Gillis
12                                             For Defendant BALL METAL BEVERAGE
                                               CONTAINER CORPORATION, in his capacity
13                                             as its President, Beverage Packaging North and
                                               Central America

14

15  APPROVED AS TO FORM AND CONTENT:

16                                             EASON & TAMBORNINI, ALC

17  DATE: 8/5/2020

_____

18                                             MATTHEW R. EASON
                                               Attorneys for Plaintiff
19                                             ROBERT WESTFALL

20

21  Dated: _____             FISHER & PHILLIPS LLP

22

23                                       By:

24                                             JOHN K. SKOUSEN
                                               CHRISTOPHER M. AHEARN
25                                             APRIL A. PERKINS
                                               Attorneys For Defendant
26                                             BALL METAL BEVERAGE
                                               CONTAINER CORP.

27

28

25

EXHIBIT 1A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ᴄᴇɴᴅᴀꞌ

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BALL METAL BEVERAGE CONTAINER CORPORATION.,
a Colorado Corporation, Does 1-20 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT WESTFALL, individually and
on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Old Solano Courthouse
580 Texas Street
Fairfield, CA 94533

CASE NUMBER *(Número del Caso):* FCS047654

~~800 Union Ave, Hall of Justice~~
~~Fairfield, CA 94533-6106~~

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew R. Eason
1234 H Street, Suite 200
Sacramento, CA 95814

Eason & Tambornini, A Law Corporation
(916) 438-1819

DATE: SEP -7 2016    Clerk, by    J. WOOD    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

Westfall, Robert

1  | MATTHEW R. EASON, Esq., Cal. Bar No. 160148
2  | KYLE K. TABORNINI, Esq., Cal. Barn No. 160538
   | EASON & TAMBORNINI, ALC
3  | 1819 K Street, Suite 200
   | Sacramento, CA 95811
4  | (916) 438-1819
   | Facsimile (916) 438-1820
5  | Matthew@capcitylaw.com
   | http://www.capcitylaw.com

6  | Attorneys for Plaintiff Robert Westfall
   | Individually and on behalf of all others similiarly situated

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF SOLANO

10

11  | ROBERT WESTFALL, individually and      | Case No.:        **F C S 0 4 7 6 5 4**
    | on behalf of all others similarly situated,

12  |                                          | **CLASS ACTION COMPLAINT**
    |                 Plaintiff,               | 1. California Wages and Overtime Violations
13  |           v.                             |    Under Labor Code §§510, 1194, 1199
                                               | 2. Failure to Provide Meal Breaks Under
14  | BALL METAL BEVERAGE                      |    Labor Code §§ 226.7 and 512
    | CONTAINER CORPORATION., a                | 3. Failure to Provide Rest Breaks Under
15  | Colorado Corporation, Does 1-20          |    Labor Code § 226.7
    | inclusive,                               | 4. Violation of Labor Code § 226(a)
16  |                                          | 5. Penalties Pursuant to Labor Code § 203
                                               | 6. Violation of Business & Professions Code
17  |                 Defendants.              |    § 17200
                                               | 7. Penalties Pursuant to Labor Code §2699,
18  |                                          |    et seq.

19                                              **ASSIGNED TO**
                                                **JUDGE** Beeman
20                                              **FOR ALL PURPOSES**

21

22      Plaintiff Robert Westfall, individually, on behalf of himself, all others similarly situated,

23  (collectively "Plaintiffs") complain of Defendant BALL METAL BEVERAGE CONTAINER

24  CORPORATION ("Defendant BALL") and each of them, as follows:

25                                          I

26                                  **INTRODUCTION**

27      1.      This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of

28  Plaintiffs and all individuals who hold or held the position of "Electronic Technician", currently

---

Complaint

ENDORSED FILED
Clerk of the Superior Court

SEP -7 2016

By_____ J. WOOD
         DEPUTY CLERK

1 | employed by or formerly employed by Defendant and any subsidiaries or affiliated companies
2 | and Does 1 to 20 within the State of California.

3 |     2.    This is also a Representative Action, pursuant to Labor Code § 2699 et seq., on
4 | behalf of "Plaintiff and all individuals who hold or held an hourly paid position in the
5 | 'Production', 'Engineering' and '[Production] Support' Departments", currently employed by or
6 | formerly employed by Defendant and any subsidiaries or affiliated companies and Does 1 to 20
7 | within the State of California. ("aggrieved employees").

8 |     3.    Plaintiff and the aggrieved employees are persons employed in the
9 | Manufacturing Industry as that term is defined in Industrial Welfare Commission Order No. 1-
10 | 2001 (hereinafter Wage Order #1).

11 |     4.    Plaintiff is not a person covered within the Executive Exemption, the
12 | Administrative Exemption, or Professional Exemption contained within Wage Order #1.

13 |     5.    Wage Order #1 provides that "An 'alternative workweek schedule' means any
14 | regularly scheduled workweek requiring an employee to work more than eight (8) hours in a 24-
15 | hour period.

16 |     6.    At all times relevant within the last four years, Plaintiff and the aggrieved parties
17 | were regularly scheduled to work in excess of eight hours in a 24-hour period.

18 |     7.    Attached hereto as Exhibit 1 is a true and correct copy of the workweek schedule
19 | for the Plaintiff and other aggrieved employees for the 2016 calendar year.

20 |     8.    At all times relevant within the last four years, Plaintiffs worked an "alternative
21 | workweek schedule" as defined in Wage Order #1.

22 |     9.    Wage Order #1 provides that all work performed in excess of 12 hours per day
23 | and any work in excess of eight (8) hours on those days worked beyond the regularly schedule
24 | number of workdays established by the alternative workweek shall be paid at double the
25 | employee's regular rate of pay.

26 |     10.    At all times relevant times within the last four years,, when Plaintiff and the
27 | aggrieved parties were an extra non-scheduled shift, and worked in excess of eight hours, they
28 | were paid time-and-a-half, and not double time.

CLASS ACTION COMPLAINT

11.    At all times relevant time within the last four years, Plaintiff and the aggrieved parties were required as part of their job duties to monitor pages over the plant intercom system (hereinafter "The Pages"). On a typical workday, the number of Pages would routines exceeds 70 per day. Those pages were spreadout through the day based on Plant needs, and thus over any given period of time would average in excess of 6 pages an hour, including during the rest and meal break periods.

12.    At all times relevant time within the last four years , if the Plaintiff and aggrieved employees did not respond to a Page received while they were on their rest break, they were subject to discipline.

13.    At all times relevant time within the last four years, if the Plaintiff and aggrieved employees did not respond to a Page received by them while they were on their meal break, they were subject to discipline.

14.    At all times relevant time within the last four years, while ostensibly on their meal break, Plaintiff and the aggrieved employees were not free of all duties as they were required to monitor The Pages.

15.    At all times relevant time within the last four years, while ostensibly on their rest break, Plaintiff and the aggrieved employees were not free of all duties as they were required to monitor The Pages.

16.    At all times relevant time within the last four years, while ostensibly on their meal break, if the Plaintiff and the aggrieved employees had to respond to a Page, they were not compensated for the actual time worked during their meal period.

17.    Plaintiffs, on behalf of themselves and all aggrieved employees, bring this action pursuant to Labor Code §§ 201, 202, 203, 226(a), 226.7, 510, 512, 515, 558, 1194, 1199, 2699; Wage Order 7-2001; and California Code of Regulations, Title 8, Section 11070, seeking wages and/or overtime, meal break premiums, rest break premiums, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

18. Plaintiffs, on behalf of themselves and all aggrieved employees, pursuant to Business & Professions Code §§ 17200-17208, also seek injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

## II

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution and California Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

20. This Court has personal jurisdiction over Defendant because Defendant has caused injuries in the County of Solano and State of California through their acts, and by their violation of the California Labor Code, California state common law, and California Business & Professions Code sections 17200, *et seq.*

21. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendant operates within California and does business within Solano County. The unlawful acts alleged herein have a direct effect on Plaintiff and all aggrieved employees within the State of California.

## III

## PARTIES

### A. PLAINTIFF

22. Plaintiff Robert Westfall, is a competent adult and a resident of California, is an employee of the Defendants. Plaintiff was employed by the Defendants to perform services as a "Electronic Technician" commencing on or about January 2001 and continuing through present. Plaintiff Westfall's claims are common to those of the Proposed Class Members.

23. Plaintiffs and all aggrieved employees were regularly required to:

1           a.      Work without being compensated for all hours worked and the proper
2  corresponding rate;

3           b.      Work without being provided meal periods uninterrupted by The Pages;

4           c.      Work without being provided their rest periods uninterrupted by The
5  Pages; and

6           d.      Work without being provided an accurate itemized wage statement that
7  accurately report total hours worked.

8       **B. DEFENDANTS**

9       24.      Defendant BALL is believed to be a Colorado corporation operating within the
10  State of California.

11       25.      Defendant BALL has done and does business throughout the State of California.

12       26.      The true names and capacities, whether individual, corporate, associate, or
13  otherwise, of Defendants sued herein as DOES 1 to 20, inclusive, are currently unknown to
14  Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure
15  § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants
16  designated herein as a DOE is legally responsible in some manner for the unlawful acts referred
17  to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names
18  and capacities of the Defendants designated hereinafter as DOES when such identities become
19  known.

20       27.      Plaintiff is informed and believes, and based thereon allege, that each Defendant
21  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a
22  joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each
23  Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all
24  respects acted as the employer and/or joint employer of Plaintiffs and the aggrieved employees,

25                                            **IV**

26                         **CLASS ACTION ALLEGATIONS**

27       28.      Plaintiff brings this action on behalf of himself and all others similarly situated as
28  a Class Action pursuant to § 382 of the Code of Civil Procedure. Plaintiff seeks to represent All

1 | persons who hold or held an hourly paid position in the 'Production', 'Engineering' and
2 | '[Production] Support' Departments for Defendant" ("Proposed Class")

3 |     29.    Plaintiff reserves the right under Rule 3.765(b) of the California Rules of Court
4 | to amend or modify the class description with greater specificity, by division into subclasses, or
5 | by limitation to particular issues.

6 |     30.    Plaintiff is informed and believes that this action has been brought and may
7 | properly be maintained as a class action under the provisions of § 382 of the Code of Civil
8 | Procedure because there is a well-defined community of interest in the litigation and the
9 | Proposed Classes are easily ascertainable.

10 | **A. Numerosity**

11 |     31.    Plaintiff is informed and believes that the potential members of the Proposed
12 | Classes as defined are so numerous that joinder of all the members of the Proposed Classes is
13 | impracticable.

14 |     32.    While the precise number of proposed Class Members has not been determined
15 | at this time, Plaintiff is informed and believes that Defendant currently employ, and during the
16 | relevant time periods employed 200 Class Members at any given time.

17 |     33.    Plaintiff alleges that Defendant's employment records would provide information
18 | as to the number and location of all members of the Proposed Classes.

19 |     34.    Plaintiff is informed and believes that joinder of all members of the Proposed
20 | Classes is not practicable.

21 | **B. Commonality**

22 |     35.    There are questions of law and fact common to the Proposed Classes that
23 | predominate over any questions affecting only individual Proposed Class Members.   These
24 | common questions of law and fact include, without limitation:

25 |     a.    Whether Defendant failed to pay wages and/or overtime compensation as
26 | required by the Labor Code and Wage Orders under Labor Code §§ 510, 1194, and 1199;

27 |     b.    Whether Defendant violated Labor Code §§ 226.7 and 512 and IWC
28 | Wage Order 1-2001 or other applicable IWC Wage Orders, by failing to provide required meal

6

1  periods free from the duty to monitor The Pages and interruptions throughout the term of
2  employment and failing to compensate said employees one (1) hours wages in lieu of meal
3  period missed;

4          c.      Whether Defendant violated Labor Code § 226.7 and IWC Wage Order
5  1-2001 or other applicable IWC Wage Orders, by failing to inform Plaintiffs and the Proposed
6  Classes of their right to take rest periods free from duties to monitor The Pages interruptions
7  throughout the term of employment and failing to compensate said employees one (1) hours
8  wages in lieu of rest period missed;

9          d.      Whether Defendants violated Labor Code § 226(a) and Wage Order 1-
10 2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11070 by
11 failing to provide an accurate itemized wage statements that accurately reporting total hours
12 worked, and the applicable rates, for Plaintiffs and the members of the Proposed Classes;

13         e.      Whether Defendant violated §§ 201-203 of the Labor Code by failing to
14 pay compensation due and owing at the time that any proposed Class Members' employment
15 with Defendant terminated;

16         f.      Whether Defendant violated § 17200 et seq. of the Business &
17 Professions Code by engaging in the acts previously alleged;

18         g.      Whether Plaintiff and the members of the Proposed Classes are entitled to
19 equitable relief pursuant to Business & Professions Code § 17200, et seq.; and

20         h.      Whether Defendant violated Labor Code § 2699, et seq. by engaging in
21 the acts alleged herein.

22    **C. Typicality**

23     36.    Plaintiff is informed and believes that his claims are typical of the claims of the
24 Proposed Classes.

25     37.    Plaintiff is informed and believes that Plaintiff and all members of the Proposed
26 Classes sustained injuries and damages arising out of and caused by Defendant's common
27 course of conduct in violation of laws, regulations that have the force and effect of law, and
28 statutes as alleged herein.

### D. Adequacy of Representation

38.     Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Classes.  Counsel who represent Plaintiff and the Proposed Classes are competent and experienced in litigating employment class actions.

### E. Superiority of Class Action

39.     Plaintiff is informed and believes that a class action is superior to other available means for the fair and efficient adjudication of this controversy.

40.     Plaintiff is informed and believes that individual joinder of all Proposed Class Members is not practicable, and questions of law and fact common to the Proposed Classes predominate over any questions affecting only individual members of the Proposed Classes.

41.     Plaintiff is informed and believes that each member of the Proposed Classes has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to provide wages and/or overtime, meal periods, rest periods, failing to provide accurate itemized wage statements, and failing to pay all wages upon resignation or termination.

42.     Plaintiff is informed and believes that Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

43.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI

## FIRST CAUSE OF ACTION

## FAILURE TO PAY WAGES AND/OR OVERTIME UNDER

## LABOR CODE §§ 510, 1194, and 1199

44.     Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

45.     Plaintiff and the Proposed Classes were forced to work on a regular and consistent basis without receiving compensation for all hours worked at the proper rate.

46. As a result of the unlawful acts of Defendant, Plaintiffs and the members of the Proposed Classes have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

## VII

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS PURSUANT TO
## LABOR CODE § 226.7 AND LABOR CODE § 512

47. Plaintiff, on behalf of himself and the Proposed Classes, realleges and incorporate by reference all previous paragraphs.

48. Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of compensation for each meal period the employer fails to provide.

49. Employees are entitled to a first meal period of at least thirty (30) minutes for shifts over five (5) hours, to be provided within the first five (5) hours of the shift, and a second meal period of at least thirty (30) minutes for shifts over ten (10) hours.

50. Plaintiff and the Proposed Classes consistently worked shifts over five (5) hours.

51. Defendant failed to provide Plaintiff and the Proposed Class with proper uninterrupted meal breaks free from all duties including Pages, of not less than thirty (30) minutes as required by the Labor Code during the relevant time period.

52. Pursuant to Labor Code § 226.7, Plaintiffs and the Proposed Classes are entitled to damages in an amount equal to one (1) hour of wages per missed meal break, per day in a sum to be proven at trial.

## VIII

## THIRD CAUSE OF ACTION

## FAILURE TO ALLOW REST PERIODS PURSUANT TO LABOR CODE § 226.7

53. Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

9

CLASS ACTION COMPLAINT

1     54.     Labor Code § 226.7 requires an employer to pay an additional hour (1) of
2  compensation for each rest period the employer fails to provide.

3     55.     Employees are entitled to a paid ten (10) minute rest break for every four (4)
4  hours worked (or major fraction thereof).

5     56.     Defendant failed to provide Plaintiff and the Proposed Class with proper
6  uninterrupted rest breaks free from all duties including pages, of not less than ten (10) minutes
7  as required by the Labor Code during the relevant time period.

8     57.     Pursuant to Labor Code § 226.7, Plaintiffs and the Proposed Classes are entitled
9  to damages in an amount equal to one (1) hour of wages per missed rest period, in a sum to be
10  proven at trial.

11

## IX

## FOURTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226(a)

14     58.     Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and
15  incorporate by reference all previous paragraphs.

16     59.     Section 226(a) of the California Labor Code requires employers to itemize in
17  wage statements all deductions from payment of wages, the appropriate rates of pay, and to
18  accurately report total hours worked by the employees.  It also requires that an employer include
19  its name and address on the wage statement.  Defendant has knowingly and intentionally failed
20  to comply with Labor Code § 226(a) on wage statements provided to Plaintiffs and the Proposed
21  Classes.

22     60.     IWC Wage Orders require employers to maintain time records showing, among
23  others, when the employee begins and ends each work period, meal periods, split shift intervals
24  and total daily hours worked in an itemized wage statements, and must show all deductions
25  from payment of wages, and accurately report total hours worked by employees.  Defendant
26  failed to keep accurate records of the total daily hours worked for Plaintiffs and members of the
27  Proposed Classes.

28

61.     An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

X

## FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE § 203

62.     Plaintiff, on behalf of the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

63.     Numerous members of the Proposed Classes are no longer employed by Defendant. They were either fired or quit Defendant's employ.

64.     Defendant's failure to pay wages, as alleged above was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiffs and the Proposed Classes to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

65.     Defendant has failed to pay others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter.  Pursuant to the provisions of Labor Code § 203, the Proposed Classes whose employment ended are entitled to a penalty in the amount of their daily wage multiplied by thirty (30) days.

XI

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE § 17200

66.     Plaintiff, on behalf of himself and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

11

67.     This is a Class Action for Unfair Business Practices. Plaintiff, on behalf of himself, on behalf of the general public, and on behalf of the Proposed Classes, bring this claim pursuant to Business & Professions Code § 17200, et seq. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiffs, the general public, and the Proposed Classes. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

68.     Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

69.     Business & Profession Code § 17200, et seq. prohibits unlawful and unfair business practices.

70.     California's wage and hour laws express fundamental public policies. Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

71.     Defendant has violated statutes and public policies as alleged herein. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, et seq., depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

72.     Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200 et seq. of the Business & Professions Code.

12

CLASS ACTION COMPLAINT

73.     Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful. As such it is a violation of § 17200 et seq. of the Business & Professions Code.

74.     As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

75.     Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiff and members of the Proposed Classes the money Defendant has unlawfully failed to pay.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.     For compensatory damages in the amount of unpaid wages and/or overtime not paid to Plaintiff and each other member of the Proposed Classes from at least four (4) years prior to the filing of this action to the present as may be proven;

2.     For compensatory damages in the amount of Plaintiff's and each member of the Proposed Classes' hourly wage for each rest period and/or meal period missed or taken late during the liability period as may be proven;

3.     For penalties pursuant to Labor Code § 226(e) for violation of Labor Code § 226(a) in the amount of fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000);

4.     For penalties pursuant to Labor Code § 203 for all employees who were terminated or resigned equal to their daily wage times thirty (30) days;

5.     An award of prejudgment and post judgment interest;

13

CLASS ACTION COMPLAINT

6. An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing Plaintiff with proper wages and/or overtime, meal periods, rest periods, accurate itemized wage statements, and wages upon termination/resignation pursuant to Labor Code §§ 203, 226(a), 226.7, 510, 512, 515, 558, 1194, 1199 and IWC 7-2001;

7. For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement or profits, in an amount as may be proven;

8. For penalties and other relief pursuant to Labor Code §2699, et seq.;

9. As Plaintiff has properly given Defendant Notice, Plaintiff seeks unpaid wages and penalties pursuant to Labor Code §558, as permitted by Labor Code §2699(f), in the amount of, fifty dollars ($50) for each initial violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages and one hundred ($100) dollars for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

10. Prejudgment interest;

11. An award providing for payment of costs of suit;

12. An award of attorneys' fees; and

13. Such other and further relief as this Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.


Dated: September 6, 2016                    Eason & Tambornini, ALC


By
Matthew R. Eason
Attorneys for Plaintiff and the Proposed Class

EXHIBIT 1B

1  MATTHEW R. EASON, Esq., Cal. Bar No. 160148
   KYLE K. TABORNINI, Esq., Cal. Barn No. 160538
2  **EASON & TAMBORNINI, ALC**
   1819 K Street, Suite 200
3  Sacramento, CA 95811
   (916) 438-1819
4  Facsimile (916) 438-1820
   Matthew@capcityLaw.com
5  http://www.capcitylaw.com

6  Attorneys for Plaintiff Robert Westfall
   Individually and on behalf of all others similiarly situated

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10                        (Sacramento Division)

11  ROBERT WESTFALL, individually and        Case No.: 2:16-cv-02632-KJM-GGH
    on behalf of all others similarly situated,
12
                                             **FIRST AMENDED CLASS ACTION**
13              Plaintiff,                   **COMPLAINT**
         v.                                  1.  California Wages and Overtime Violations
14                                               Under Labor Code §§510, 1194, 1199
                                             2.  Failure to Provide Meal Breaks Under
15  BALL METAL BEVERAGE                          Labor Code §§ 226.7 and 512
    CONTAINER CORPORATION., a                3.  Failure to Provide Rest Breaks Under
16  Colorado Corporation,                        Labor Code § 226.7
                Defendant.                   4.  Violation of Labor Code § 226(a)
17                                           5.  Penalties Pursuant to Labor Code § 203
                                             6.  Violation of Business & Professions Code
18                                               § 17200
                                             7.  Penalties Pursuant to Labor Code §2699,
19                                               et seq.

20                                           *JURY TRIAL IS DEMANDED*

21

22

23      Plaintiffs Robert Westfall, David E. Anderson, Lynn Bobby, and David Ellinger,

24  individually, on behalf of himself, all others similarly situated, (collectively "Plaintiffs")

25  complain of Defendant BALL METAL BEVERAGE CONTAINER CORPORATION

26  ("Defendant BALL") and as follows:

27  //

28  //

                           First Amended Complaint

# I

## INTRODUCTION

1.      This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of Plaintiffs and all individuals who hold or held the position of "Electronic Technician", "Machinist/Mechanic", and/or Maintenance" currently employed by or formerly employed by Defendant and any subsidiaries or affiliated companies within the State of California.

2.      This is also a Representative Action, pursuant to Labor Code § 2699 et seq., on behalf of "Plaintiffs and all individuals who hold or held an hourly paid position in the 'Production', 'Engineering' and '[Production] Support' Departments", currently employed by or formerly employed by Defendant and any subsidiaries or affiliated companies and Does 1 to 20 within the State of California. ("aggrieved employees").

3.      Plaintiffs and the aggrieved employees are persons employed in the Manufacturing Industry as that term is defined in Industrial Welfare Commission Order No. 1-2001 (hereinafter Wage Order #1).

4.      Plaintiffs are not persons covered within the Executive Exemption, the Administrative Exemption, or Professional Exemption contained within Wage Order #1.

5.      Wage Order #1 provides that "An 'alternative workweek schedule' means any regularly scheduled workweek requiring an employee to work more than eight (8) hours in a 24-hour period.

6.      At all times relevant within the last four years, Plaintiffs and the aggrieved parties were regularly scheduled to work in excess of eight hours in a 24-hour period.

7.      Attached hereto as Exhibit 1 is a true and correct copy of the workweek schedule for the Plaintiffs and other aggrieved employees for the 2016 calendar year.

8.      At all times relevant within the last four years, Plaintiffs worked an "alternative workweek schedule" as defined in Wage Order #1.

9.      Wage Order #1 provides that all work performed in excess of 12 hours per day and any work in excess of eight (8) hours on those days worked beyond the regularly schedule

2

1 number of workdays established by the alternative workweek shall be paid at double the
2 employee's regular rate of pay.

3      10.     At all times relevant times within the last four years,, when Plaintiffs and the
4 aggrieved parties worked an extra non-scheduled shift, and worked in excess of eight hours,
5 they were paid time-and-a-half, and not double time.

6      11.     At all times relevant time within the last four years, Plaintiff and the aggrieved
7 parties were required as part of their job duties to monitor pages over the plant intercom system
8 (hereinafter "The Pages"). On a typical workday, the number of Pages would routines exceeds
9 70 per day. Those pages were spread out through the day based on Plant needs, and thus over
10 any given period of time would average in excess of 6 pages an hour, including during the rest
11 and meal break periods.

12     12.     At all times relevant time within the last four years , if the Plaintiffs and
13 aggrieved employees did not respond to a Page received while they were on their rest break,
14 they were subject to discipline.

15     13.     At all times relevant time within the last four years, if the Plaintiffs and
16 aggrieved employees did not respond to a Page received by them while they were on their meal
17 break, they were subject to discipline.

18     14.     At all times relevant time within the last four years, while ostensibly on their
19 meal break, Plaintiffs and the aggrieved employees were not free of all duties as they were
20 required to monitor The Pages.

21     15.     At all times relevant time within the last four years, while ostensibly on their rest
22 break, Plaintiffs and the aggrieved employees were not free of all duties as they were required to
23 monitor The Pages.

24     16.     At all times relevant time within the last four years, while ostensibly on their
25 meal break, if the Plaintiffs and the aggrieved employees had to respond to a Page, they were
26 not compensated for the actual time worked during their meal period.

27     17.     Plaintiffs, on behalf of themselves and all aggrieved employees, bring this action
28 pursuant to Labor Code §§ 201, 202, 203, 226(a), 226.7, 510, 512, 515, 558, 1194, 1199, 2699;

3

1  Wage Order 7-2001; and California Code of Regulations, Title 8, Section 11070, seeking wages
2  and/or overtime, meal break premiums, rest break premiums, penalties, injunctive and other
3  equitable relief, and reasonable attorneys' fees and costs.

4       18.     Plaintiffs, on behalf of themselves and all aggrieved employees, pursuant to
5  Business & Professions Code §§ 17200-17208, also seek injunctive relief, restitution, and
6  disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

7                                           II

8                                       **PARTIES**

9       **A. PLAINTIFFS**

10      19.     Plaintiff Robert Westfall, is a competent adult and a resident of California, is an
11  employee of the Defendants.  Plaintiff was employed by the Defendants to perform services as a
12  "Electronic Technician" commencing on or about January 2001 and continuing through present.
13  Plaintiff Westfall's claims are common to those of the Proposed Class Members.

14      20.     Plaintiff David E. Anderson, is a competent adult and a resident of California, is
15  an employee of the Defendants.  Plaintiff was employed by the Defendants to perform services
16  as a "Electronic Technician" from approximately 2006 to October 15, 2016, when he became
17  employed as a Machinist in the Production Department.   and continuing through present.
18  Plaintiff Anderson's claims are common to those of the Proposed Class Members.

19      21.     Plaintiff Lynn Bobby, is a competent adult and a resident of California, is an
20  employee of the Defendants.  Plaintiff was employed by the Defendants to perform services as a
21  "Machinist/Mechanic" in the Production Department for Ball Metal from approximately 2012
22  until January 13, 2017.   Plaintiff Lynn Bobby's claims are common to those of the Proposed
23  Class Members.

24      22.     Plaintiff David Ellinger, is a competent adult and a resident of California, is an
25  employee of the Defendants.  Plaintiff was employed by the Defendants to perform services as a
26  "Maintenance Worker" Plaintiff  David Ellinger's claims are common to those of the Proposed
27  Class Members.

28      23.     Plaintiffs and all aggrieved employees were regularly required to:

                                            4

                        FIRST AMENDED CLASS ACTION COMPLAINT

1       a.     Work without being compensated for all hours worked and the proper

2 corresponding rate;

3       b.     Work without being provided meal periods uninterrupted by The Pages;

4       c.     Work without being provided their rest periods uninterrupted by The

5 Pages; and

6       d.     Work without being provided an accurate itemized wage statement that

7 accurately report total hours worked.

8 **B. DEFENDANTS**

9      24.     Defendant BALL is believed to be a Colorado corporation operating within the

10 State of California.

11      25.     Defendant BALL has done and does business throughout the State of California.

12 **III**

13 **CLASS ACTION ALLEGATIONS**

14      26.     Plaintiffs bring this action on behalf of themselves and all others similarly

15 situated as a Class Action pursuant to § 382 of the Code of Civil Procedure. Plaintiffs seek to

16 represent All persons who hold or held an hourly paid position in the 'Production',

17 'Engineering' and '[Production] Support' Departments for Defendant" ("Proposed Class")

18      27.     Plaintiffs reserve the right to amend or modify the class description with greater

19 specificity, by division into subclasses, or by limitation to particular issues.

20      28.     Plaintiffs are informed and believe that this action has been brought and may

21 properly be maintained as a class action under the provisions of § 382 of the Code of Civil

22 Procedure because there is a well-defined community of interest in the litigation and the

23 Proposed Classes are easily ascertainable.

24 **A. Numerosity**

25      29.     Plaintiffs are informed and believe that the potential members of the Proposed

26 Classes as defined are so numerous that joinder of all the members of the Proposed Classes is

27 impracticable.

28

1    30.    While the precise number of proposed Class Members has not been determined
2    at this time, Plaintiffs are informed and believe that Defendant currently employ, and during the
3    relevant time periods employed 200 Class Members at any given time.

4    31.    Plaintiffs alleges that Defendant's employment records would provide
5    information as to the number and location of all members of the Proposed Classes.

6    32.    Plaintiffs are informed and believes that joinder of all members of the Proposed
7    Classes is not practicable.

8    **B. Commonality**

9    33.    There are questions of law and fact common to the Proposed Classes that
10   predominate over any questions affecting only individual Proposed Class Members.  These
11   common questions of law and fact include, without limitation:

12        a.    Whether Defendant failed to pay wages and/or overtime compensation as
13   required by the Labor Code and Wage Orders under Labor Code §§ 510, 1194, and 1199;

14        b.    Whether Defendant violated Labor Code §§ 226.7 and 512 and IWC
15   Wage Order 1-2001 or other applicable IWC Wage Orders, by failing to provide required meal
16   periods free from the duty to monitor The Pages and interruptions throughout the term of
17   employment and failing to compensate said employees one (1) hours wages in lieu of meal
18   period missed;

19        c.    Whether Defendant violated Labor Code § 226.7 and IWC Wage Order
20   1-2001 or other applicable IWC Wage Orders, by failing to inform Plaintiffs and the Proposed
21   Classes of their right to take rest periods free from duties to monitor The Pages interruptions
22   throughout the term of employment and failing to compensate said employees one (1) hours
23   wages in lieu of rest period missed;

24        d.    Whether Defendants violated Labor Code § 226(a) and Wage Order 1-
25   2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11070 by
26   failing to provide an accurate itemized wage statements that accurately reporting total hours
27   worked, and the applicable rates, for Plaintiffs and the members of the Proposed Classes;

28

FIRST AMENDED CLASS ACTION COMPLAINT

1         e.      Whether Defendant violated §§ 201-203 of the Labor Code by failing to

2 pay compensation due and owing at the time that any proposed Class Members' employment

3 with Defendant terminated;

4         f.      Whether Defendant violated § 17200 et seq. of the Business &

5 Professions Code by engaging in the acts previously alleged;

6         g.      Whether Plaintiffs and the members of the Proposed Classes are entitled

7 to equitable relief pursuant to Business & Professions Code § 17200, et seq.; and

8         h.      Whether Defendant violated Labor Code § 2699, et seq. by engaging in

9 the acts alleged herein.

10   **C. Typicality**

11       34.     Plaintiffs are informed and believes that his claims are typical of the claims of

12 the Proposed Classes.

13       35.     Plaintiffs are informed and believes that Plaintiffs and all members of the

14 Proposed Classes sustained injuries and damages arising out of and caused by Defendant's

15 common course of conduct in violation of laws, regulations that have the force and effect of

16 law, and statutes as alleged herein.

17   **D. Adequacy of Representation**

18       36.     Plaintiffs will fairly and adequately represent and protect the interests of the

19 members of the proposed Classes.  Counsel who represent Plaintiffs and the Proposed Classes

20 are competent and experienced in litigating employment class actions.

21   **E. Superiority of Class Action**

22       37.     Plaintiffs are informed and believe that a class action is superior to other

23 available means for the fair and efficient adjudication of this controversy.

24       38.     Plaintiffs are informed and believes that individual joinder of all Proposed Class

25 Members is not practicable, and questions of law and fact common to the Proposed Classes

26 predominate over any questions affecting only individual members of the Proposed Classes.

27       39.     Plaintiffs are informed and believes that each member of the Proposed Classes

28 has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or

1  practice of failing to provide wages and/or overtime, meal periods, rest periods, failing to
2  provide accurate itemized wage statements, and failing to pay all wages upon resignation or
3  termination.

4      40.    Plaintiffs are informed and believe that Class action treatment will allow those
5  similarly situated persons to litigate their claims in the manner that is most efficient and
6  economical for the parties and the judicial system.

7      41.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the
8  management of this action that would preclude its maintenance as a class action.

9                                          **IV**

10                             **FIRST CAUSE OF ACTION**

11              **FAILURE TO PAY WAGES AND/OR OVERTIME UNDER**

12                   **LABOR CODE §§ 510, 1194, and 1199**

13     42.    Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and
14  incorporate by reference all previous paragraphs.

15     43.    Plaintiffs and the Proposed Classes were forced to work on a regular and
16  consistent basis without receiving compensation for all hours worked at the proper rate.

17     44.    As a result of the unlawful acts of Defendant, Plaintiffs and the members of the
18  Proposed Classes have been deprived of wages and/or overtime in amounts to be determined at
19  trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys'
20  fees, and costs.

21                                          **V**

22                            **SECOND CAUSE OF ACTION**

23            **FAILURE TO PROVIDE MEAL PERIODS PURSUANT TO**

24              **LABOR CODE § 226.7 AND LABOR CODE § 512**

25     45.    Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and
26  incorporate by reference all previous paragraphs.

27     46.    Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of
28  compensation for each meal period the employer fails to provide.

8

1   47.   Employees are entitled to a first meal period of at least thirty (30) minutes for
2   shifts over five (5) hours, to be provided within the first five (5) hours of the shift, and a second
3   meal period of at least thirty (30) minutes for shifts over ten (10) hours.

4   48.   Plaintiffs and the Proposed Classes consistently worked shifts over five (5)
5   hours.

6   49.   Defendant failed to provide Plaintiff and the Proposed Class with proper
7   uninterrupted meal breaks free from all duties including Pages, of not less than thirty (30)
8   minutes as required by the Labor Code during the relevant time period.

9   50.   Pursuant to Labor Code § 226.7, Plaintiffs and the Proposed Classes are entitled
10   to damages in an amount equal to one (1) hour of wages per missed meal break, per day in a
11   sum to be proven at trial.

12                                        **VI**

13                            **THIRD CAUSE OF ACTION**

14   **FAILURE TO ALLOW REST PERIODS PURSUANT TO LABOR CODE § 226.7**

15   51.   Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and
16   incorporate by reference all previous paragraphs.

17   52.   Labor Code § 226.7 requires an employer to pay an additional hour (1) of
18   compensation for each rest period the employer fails to provide.

19   53.   Employees are entitled to a paid ten (10) minute rest break for every four (4)
20   hours worked (or major fraction thereof).

21   54.   Defendant failed to provide Plaintiffs and the Proposed Class with proper
22   uninterrupted rest breaks free from all duties including pages, of not less than ten (10) minutes
23   as required by the Labor Code during the relevant time period.

24   55.   Pursuant to Labor Code § 226.7, Plaintiffs and the Proposed Classes are entitled
25   to damages in an amount equal to one (1) hour of wages per missed rest period, in a sum to be
26   proven at trial.

27   ///

28   ///

9

FIRST AMENDED CLASS ACTION COMPLAINT

1

## VII

2

### FOURTH CAUSE OF ACTION

3

### VIOLATION OF LABOR CODE § 226(a)

4      56.    Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and
5 incorporate by reference all previous paragraphs.

6      57.    Section 226(a) of the California Labor Code requires employers to itemize in
7 wage statements all deductions from payment of wages, the appropriate rates of pay, and to
8 accurately report total hours worked by the employees.  It also requires that an employer include
9 its name and address on the wage statement.  Defendant has knowingly and intentionally failed
10 to comply with Labor Code § 226(a) on wage statements provided to Plaintiffs and the Proposed
11 Classes.

12      58.    IWC Wage Orders require employers to maintain time records showing, among
13 others, when the employee begins and ends each work period, meal periods, split shift intervals
14 and total daily hours worked in an itemized wage statements, and must show all deductions
15 from payment of wages, and accurately report total hours worked by employees.  Defendant
16 failed to keep accurate records of the total daily hours worked for Plaintiffs and members of the
17 Proposed Classes.

18      59.    An employee suffering injury as a result of a knowing and intentional failure by
19 an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual
20 damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one
21 hundred dollars ($100) per employee for each violation in a subsequent pay period, not
22 exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of
23 costs and reasonable attorneys' fees.

24

## VIII

25

### FIFTH CAUSE OF ACTION

26

### WAITING TIME PENALTIES UNDER LABOR CODE § 203

27      60.    Plaintiffs, on behalf of the Proposed Classes, reallege and incorporate by
28 reference all previous paragraphs.

10

FIRST AMENDED CLASS ACTION COMPLAINT

1        61.     Numerous members of the Proposed Classes are no longer employed by
2  Defendant. They were either fired or quit Defendant's employ.

3        62.     Defendant's failure to pay wages, as alleged above was willful in that Defendant
4  knew wages to be due but failed to pay them, thus entitling Plaintiffs and the Proposed Classes
5  to penalties under Labor Code § 203, which provides that an employee's wages shall continue
6  as a penalty until paid for a period of up to thirty (30) days from the time they were due.

7        63.     Defendant has failed to pay others a sum certain at the time of termination or
8  within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty
9  (30) days thereafter.  Pursuant to the provisions of Labor Code § 203, the Proposed Classes
10  whose employment ended are entitled to a penalty in the amount of their daily wage multiplied
11  by thirty (30) days.

12                                    **IX**

13                     **SIXTH CAUSE OF ACTION**

14             **UNFAIR COMPETITION PURSUANT TO**

15        **BUSINESS & PROFESSIONS CODE § 17200**

16        64.     Plaintiffs, on behalf of himself and the Proposed Classes, reallege and
17  incorporate by reference all previous paragraphs.

18        65.     This is a Class Action for Unfair Business Practices.  Plaintiffs, on behalf of
19  themselves, on behalf of the general public, and on behalf of the Proposed Classes, bring this
20  claim pursuant to Business & Professions Code § 17200, et seq.  The conduct of Defendant as
21  alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to
22  Plaintiffs, the general public, and the Proposed Classes.  Plaintiffs seek to enforce important
23  rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

24        66.     Each of the Plaintiffs are a "person" within the meaning of Business &
25  Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive
26  relief, restitution, and other appropriate equitable relief.

27        67.     Business & Profession Code § 17200, et seq. prohibits unlawful and unfair
28  business practices.

1    68.    California's wage and hour laws express fundamental public policies. Providing
2    employees with proper wages and compensation are fundamental public policies of this State
3    and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to
4    enforce vigorously minimum labor standards, to ensure that employees are not required or
5    permitted to work under substandard and unlawful conditions, and to protect law-abiding
6    employers and their employees from competitors who lower their costs by failing to comply
7    with minimum labor standards.

8    69.    Defendant has violated statutes and public policies as alleged herein. Through
9    the conduct alleged in this Complaint, Defendant has acted contrary to these public policies,
10   have violated specific provisions of the Labor Code, and have engaged in other unlawful and
11   unfair business practices in violation of Business & Profession Code § 17200, et seq., depriving
12   Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and
13   privileges guaranteed to all employees under law.

14   70.    Defendant's conduct, as alleged hereinabove, constitutes unfair competition in
15   violation of § 17200 et seq. of the Business & Professions Code.

16   71.    Defendant, by engaging in the conduct herein alleged, either knew or in the
17   exercise of reasonable care, should have known that the conduct was unlawful. As such it is a
18   violation of § 17200 et seq. of the Business & Professions Code.

19   72.    As a proximate result of the above-mentioned acts of Defendant, Plaintiffs and
20   others similarly situated have been damaged in a sum as may be proven.

21   73.    Unless restrained, Defendant will continue to engage in the unlawful conduct as
22   alleged above. Pursuant to the Business & Professions Code, this court should make such
23   orders or judgments, including the appointment of a receiver, as may be necessary to prevent the
24   use or employment by Defendant, its agents, or employees, of any unlawful or deceptive
25   practices prohibited by the Business & Professions Code, and/or, including but not limited to,
26   restitution and disgorgement of profits which may be necessary to restore Plaintiffs and
27   members of the Proposed Classes the money Defendant has unlawfully failed to pay.

28                                                X

FIRST AMENDED CLASS ACTION COMPLAINT

1

## SEVENTH CAUSE OF ACTION

2

**BY PLAINTIFF ROBERT WESTFALL IN HIS
REPRESENTATIVE CAPACITY ON BEHALF OF ALL OTHER
EMPLOYEES SIMILARLY SITUATED-PRIVATE ATTORNEY
GENERAL ACT—LABOR CODE SECTION 2698, ET. SEQ.
AGAINST DEFENDANTS**

3

4

5

76.      Plaintiff Robert Westfall incorporates paragraphs 1 through 75 of this complaint

6

as if fully alleged herein.

7

77.      Plaintiff Robert Westfall and the Plaintiff Class Members are aggrieved

8

9

employees as defined *in Labor Code §2699(a)*. Plaintiff Robert Westfall brings this cause of

action on behalf of himself and the Plaintiff Class Members affected by the labor law

10

violations alleged in this complaint.

11

78.      Defendant committed the following violations of the California Labor Code

12

13

against Plaintiff Robert Westfall and Plaintiff Class Members, and, on information and

14

belief, against other current or former "Electronic Technician" while they were and are

15

employed by Defendant, and each of them:

16

17

a.      Defendants, and each of them, violated *Labor Code §§226.7 and 512* by not

18

providing lawful meal breaks free from all duties for Plaintiff Robert Westfall and Plaintiff

19

Class Members.

20

b.      Defendants, and each of them, violated *Labor Code §226.7* by not providing

21

lawful rest periods for Plaintiff Robert Westfall and Plaintiff Class Members;

22

c.      Defendants, and each of them, violated *Labor Code §226(a)* by not providing an

23

24

accurate itemized wage statement to Plaintiff Robert Westfall and Plaintiff Class Members;

25

d.      Defendants, and each of them, violated *Labor Code §510 and §1194* by failing to

26

pay Plaintiff Robert Westfall and Plaintiff Class Members wages for all hours worked including

27

payment of overtime wages for all hours worked beyond an eight (8) hour day and forty (40)

28

hours per week.

13

FIRST AMENDED CLASS ACTION COMPLAINT

1     e.     Defendants, and each of them, violated *Labor Code §§201-203* by failing to

2 timely pay Plaintiff Robert Westfall and Plaintiff Class Members all wages owed to an

3 employee who is discharged or     quits.

4     f.     Defendants, and each of them, violated *Business and Professions Code §§17200*

5 *et. seq.* by committing unlawful business practices.

6

7     79.     Pursuant to *Labor Code Section 2699(a)* Plaintiff Robert Westfall seeks to

8 recover civil penalties, as otherwise provided by statute, for which Defendants, and each of

9 them, are liable as a result of Defendants' violation of the *Labor Code* set forth herein above

10 in an amount to be proved at trial.

11     Wherefore, Plaintiff Robert Westfall request relief as pray for hereinafter.

12

### XI

13

### RELIEF REQUESTED

14

15 **WHEREFORE**, Plaintiffs prays for the following relief:

16     1.     For compensatory damages in the amount of unpaid wages and/or overtime not

17 paid to Plaintiffs and each other member of the Proposed Classes from at least four (4) years

18 prior to the filing of this action to the present as may be proven;

19     2.     For compensatory damages in the amount of Plaintiffs' and each member of the

20 Proposed Classes' hourly wage for each rest period and/or meal period missed or taken late

21 during the liability period as may be proven;

22     3.     For penalties pursuant to Labor Code § 226(e) for violation of Labor Code

23 § 226(a) in the amount of fifty dollars ($50) for the initial pay period in which a violation occurs

24 and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not

25 exceeding an aggregate penalty of four thousand dollars ($4,000);

26     4.     For penalties pursuant to Labor Code § 203 for all employees who were

27 terminated or resigned equal to their daily wage times thirty (30) days;

28

FIRST AMENDED CLASS ACTION COMPLAINT

5.      That the court determine that the failure of the Defendants to pay wages to the Plaintiffs and Plaintiff Class members be adjudged and decreed to violate the applicable regulations and statutes;

6.      An award of prejudgment and post judgment interest;

7.      An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing Plaintiff with proper wages and/or overtime, meal periods, rest periods, accurate itemized wage statements, and wages upon termination/resignation pursuant to Labor Code §§ 203, 226(a), 226.7, 510, 512, 515, 558, 1194, 1199 and IWC 7-2001;

8.      For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement or profits, in an amount as may be proven;

9.      For penalties and other relief pursuant to Labor Code §2699, et seq.;

10.     As Plaintiffs has properly given Defendant Notice, Plaintiffs seek unpaid wages and penalties pursuant to Labor Code §558, as permitted by Labor Code §2699(f), in the amount of, fifty dollars ($50) for each initial violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages and one hundred ($100) dollars for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

11.     Prejudgment interest;

12.     An award providing for payment of costs of suit;

13.     An award of attorneys' fees; and

14.     Such other and further relief as this Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial of his claims by jury to the extent authorized by law.

15

FIRST AMENDED CLASS ACTION COMPLAINT

1   Dated: April 6, 2017                    Eason & Tambornini, ALC

2

3                                           By: _____

4                                               Matthew R. Eason
                                                Erin M. Scharg
5                                               Attorneys for Plaintiffs and the Proposed Class

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           16
                        FIRST AMENDED CLASS ACTION COMPLAINT

## PROOF OF SERVICE

I, Angelica Saechao, hereby declare and state that:

I am over the age of eighteen years, employed in the County of Sacramento, California, and not a party to the within action.   My business address is 1234 h Street, Suite 200, Sacramento, California.

On April 6, 2017, I served the following:

### FIRST AMENDED CLASS ACTION COMPLAINT

on the parties in said action addressed as follows:

Christopher M. Ahearn
Fisher & Phillips LLP
2050 Main St., Suite 1000
Irvine, CA 92614

[X ]   (BY MAIL)   I caused such envelopes with postage fully prepaid to be placed in the United States mail at Sacramento, California.

[ ]   (BY FEDERAL EXPRESS) I caused such envelope(s) to be placed in the Federal Express repository at Sacramento, California.

[ ]   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand to the office of the addressee(s)

[ ]   (BY FACSIMILE/TELECOPIER) I personally sent to the addressee's telecopier number (stated above) a true copy of the above-described documents. Thereafter, I caused a true copy to be placed in the United States mail at Sacramento, California, with first-class postage affixed thereto

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

On April 6, 2017, at Sacramento, California.

ANGELICA SAECHAO

1

EXHIBIT 1C



EASON & TAMBORNINI
A LAW CORPORATION

Matthew R. Eason
Kyle K. Tambornini
Erin M. Lillis
Jennifer A. Eason

1819 K Street, #200
Sacramento, CA 95811
(916) 438 – 1819
Fax (916) 438 - 1820

Writer's e-mail
matthew@capcitylaw.com

September 8, 2016

Via Certified Mail
California Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

Via Certified Mail
BALL METAL BEVERAGE CONTAINER CORP.
Attn: Agent for Service of Process
C T CORPORATION SYSTEM
818 WEST SEVENTH ST STE 930
LOS ANGELES CA 90017

Via Certified Mail
BALL METAL BEVERAGE CONTAINER CORP.
Attn: Agent for Service of Process
P O BOX 9005
BROOMFIELD CO 80021-0905

     Re:    Notice of Violations of California Labor Code Sections 201, 202, 203, 226.7, 510, 1194, and 1198.

     Pursuant to Labor Code 2699.3, please accept this letter as Robert Westfall's notice of Ball Metal Beverage Container Corporation's  violations of California Labor Code Sections 201, 202, 203, 226.7, 510, 1194, and 1198.

     It is, and has been, the policy of the above to not pay its employees for working during their rest and meal breaks, to not provide their employees uninterrupted rest and meal breaks free from all duties, to not accurately record their hours worked, to not pay the employees for all hours worked, to not pay overtime in accordance with California law.

                        Eason & Tambornini, ALC



                        Matthew R. Eason

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 3.45
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $ 4.40
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery $
Postage
$ 0.465
Total Postage and
$ 8.315
Sent To
Street and Apt. No.
City, State, ZIP+4

PS Form 3800, A

Westfall
v.
Ball Metal
paga 1 tr

California Labor & Workforce
Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 2.45
Extra Services & Fees (check box, add fee as appropriate)
☑ Return Receipt (hardcopy)      $ 4.40
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery $
Postage
$ 0.465
Total Postage and Fees
$ 8.315
Sent To
Street and Apt. No., or F
City, State, ZIP+4

PS Form 3800, April

Westfall
v.
Ball Metal
pagaltr.

Ball Metal Beverage Container Corp.
Attn: Agent for Service of Process
C T Corporation System
818 West Seventh St., Ste. 930
Los Angeles. CA 90017

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 3.45
Extra Services & Fees (check box, add fee as appropriate)
☑ Return Receipt (hardcopy)      $ 4.40
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery $
Postage
$ 0.465
Total Postage and Fees
$ 8.315
Sent To
Street and Apt. No., or PC
City, State, ZIP+4

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

Westfall
v.
Ball Metal
pagaltr.

Ball Metal Beverage Container Corp.
Attn: Agent for Service of Process
PO Box 9005
Broomfield, CO 80021-0905

EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT
Case No. 2:16-CV-02632-KJM-GGH

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

«Barcode»    «BarcodeString»
SIMID «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City» «Abbrev» «Zip»

To:     All persons employed by the Defendant (with "Defendant" meaning Ball Metal Beverage
        Container Corporation), at its facility located in Fairfield, California, during any part of the time
        period from September 7, 2012 to _____ in a non-exempt employment position
        with Defendant, who held the position of electronic technician, machinist/mechanic, maintenance
        or were worked in the production, engineering, and production support departments.

### PLEASE READ CAREFULLY
### YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER YOU ACT OR NOT

*Why should you read this Notice?*

The Court has granted preliminary approval of a proposed settlement (the "Settlement") in the matter of *Westfall v. Ball Metal Beverage Container Corporation,* Case No. 2:16-cv-02632-KJM-GGH United States District Court for the Eastern District (Sacramento) (the "Lawsuit"). Because your rights may be affected by the Settlement, it is important that you read this Notice carefully.

You may be entitled to money from this Settlement. Defendant's records show that, at least at some point during the time period from September 7, 2012 to _____ (the "Class Period"), you were employed by Defendant in a Class Position, with the term "Class Position" meaning a non-exempt employment position with Defendant, who held the position of electronic technician, machinist/mechanic, maintenance or were worked in the production, engineering, and production support departments at Defendant's facility located in Fairfield, California. The Court ordered that this Notice be sent to you because you may be entitled to money under the Settlement and because the Settlement affects your legal rights.

The purpose of this Notice is to provide you with a brief description of the Lawsuit, to inform you of the terms of the Settlement, to describe your rights in connection with the Settlement, and to explain what steps you may take to participate in, object to, or exclude yourself from the Settlement. If you do not exclude yourself from the Settlement and the Court finally approves the Settlement, you will be bound to the terms of the Settlement and any final judgment.

*What is this case about?*

Former and current employees ("Plaintiffs") brought this Lawsuit against Defendant on a class and representative action basis on behalf of a class of all current and former non-exempt, hourly employees who held the position of electronic technician, machinist/mechanic, maintenance or worked in the production, engineering, and production support departments at the Fairfield plant location from September 7, 2012 to _____. Plaintiffs are known as the "Class Representatives," and their attorneys, who also represent the interests of all Class Members, are known as "Class Counsel."

In the Lawsuit, Plaintiff alleges that: (a) Defendant failed to pay all wages due, including minimum wages and overtime; (b) Defendant failed to provide Class Members with paid 10-minute rest periods for every 4 hours worked, or major fraction thereof; (c) Defendant failed to provide Class Members with timely, complete, 30-minute, duty-free meal periods commencing prior to the end of the fifth hour of work, as well as second meal periods for shifts in excess of ten hours; (d) Defendant furnished inaccurate wage statements; and (e) Defendant did not timely pay all wages owed to Class Members upon their separation of employment. Because of these alleged violations, Plaintiffs also contend, on a derivative basis, that Defendant engaged in unlawful business practices in violation of Cal. Bus. & Prof.

Code §§ 17200, *et seq.* and are also liable for civil penalties under the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2699, *et seq.* ("PAGA").

Defendant denies that it has done anything wrong. Defendant also denies that it owes Class Members any wages, restitution, penalties, damages, or other amounts. Defendant also denies that Plaintiff's claims may be brought on a collective, class, or representative basis. Accordingly, the Settlement constitutes a compromise of disputed claims and should not be construed as an admission of liability on the part of any of the Defendant, by whom all liability is expressly denied.

The Court has not ruled on the merits of Plaintiffs' claims. However, to avoid additional expense, inconvenience, and interference with their business operations, Defendant has concluded that it is in its best interests to settle the Lawsuit on the terms summarized in this Notice. After Defendant provided relevant information to Class Counsel, the Settlement was reached after mediation and arm's length negotiations between the parties.

The Class Representative and Class Counsel support the Settlement. Among the reasons for support are the defenses to liability potentially available to Defendant, the risk of denial of class certification and/or the striking of PAGA claims due to lack of manageability, the inherent risk of trial on the merits, the possibility of lengthy appeals that could result in adverse rulings for the Class, and the delays and uncertainties associated with ongoing litigation.

**If you are still employed by the Defendant, your decision about whether to participate in the Settlement will not affect your employment.** California law and Defendant's policies strictly prohibit unlawful retaliation. Defendant will not take any adverse employment action against or otherwise target, retaliate, or discriminate against any Class Member because of his/her decision to either participate or not participate in the Settlement.

*Who are the Attorneys?*

| Attorneys for Plaintiffs | Attorneys for Defendant |
|---|---|
| Matthew R. Eason<br>mattew@capcityLaw.com<br>Kyle Tabornini<br>EASON & TAMBORNINI, ALC<br>1819 K Street, Suite 200<br>Sacramento. CA 95811<br>Telephone: (916) 438-1820<br>Facsimile:  (916) 438-1820 | Christopher M. Ahearn<br>cahearn@fisherphillips.com<br>John K. Skousen<br>jskousen@fisherphillips.com<br>April A. Perkins<br>aperkins@fisherphillips.com<br>FISHER & PHILLIPS LLP<br>2050 Main Street, Suite 1000<br>Irvine, California 92614<br>Telephone: (949) 851-2424 |

*What are the terms of the Settlement?*

On [DATE], the Court preliminarily certified a class, for settlement purposes only, consisting of all Class Members persons employed during the Class Period.

Defendant has collectively agreed to pay $2,450,000 (the "Maximum Settlement Amount") to fully resolve all claims in the Lawsuit, including payments to Class Members, Class Counsel's attorneys' fees and expenses, Settlement administration costs, payment to the California Labor and Workforce Development Agency ("LWDA") for its share of PAGA civil penalties, and the Class Representative's Enhancement Payments.

The following deductions from the Maximum Settlement Amount will be requested by the parties:

Attorneys' Fees and Expenses. Class Counsel have been prosecuting the Lawsuit on behalf of Class Members on a contingency fee basis (that is, without being paid any money to date) and have been paying all litigation costs and expenses. The Court will determine the actual amount awarded to Class Counsel as attorneys' fees, which will be paid from the Maximum Settlement Amount. Class Members are not personally responsible for any of Class Counsel's attorneys' fees or expenses. Class Counsel will ask for up to 33.33 percent of the Maximum Settlement Amount in attorneys' fees as reasonable compensation for the work Class Counsel performed and will continue to perform in this

Lawsuit through Settlement finalization as well as costs incurred in connection with the Lawsuit which Class Counsel currently estimate will be no greater than $16,000.00.

Settlement Administration Costs. The Court has approved The Heffler Claims Group to act as the "Class Administrator," who is sending this Notice to you and will perform many other duties relating to the Settlement. The Court has approved setting aside up to $15,000.00 from the Maximum Settlement Amount to pay the settlement administration costs.

Class Representative Enhancement Payments. Class Counsel will ask the Court to award the Class Representative an enhancement in the amount of $7,500 each to compensate them for their service and extra work provided on behalf of the Class Members.

PAGA Payment to State of California. The parties have agreed to allocate $20,000 towards the Settlement of the PAGA claims in the Lawsuit. $15,000 will be paid to the State of California Labor and Workforce Development Agency, representing its 75% share of the civil penalties. The remaining $5,000 will be allocated to Class Members as described below.

Calculation of Class Members' Individual Payment Amounts. After deducting the Court-approved amounts above, the balance of the Maximum Settlement Amount will form the Net Settlement Amount, which will be distributed to all Class Members who do not submit a valid and timely Request for Exclusion (described below). The Net Settlement Amount will be allocated to all participating Class Members based on position and in in proportion to the number of full or partial work weeks that each of them worked in a Class Position during the Class Period for the Defendant. Payment of such class member shares shall have no effect on eligibility for, or calculation of, (a) any employee benefits, such as vacations, holiday pay, and/or retirement plans, or (b) economic value-added incentive compensation and/or bonus programs.

Payment of the Settlement. If the Court grants final approval of the Settlement, Individual Payment Amounts will be mailed to all Class Members who did not submit a valid and timely Request for Exclusion.

Allocation and Taxes. For tax purposes, each Individual Payment Amount shall be treated as follows: (i) 33.33% as "Wages," for which an IRS Form W-2 will be issued and (ii) 66.67% as "Penalties, Interest and other Non-wages" for which an IRS Form 1099 will be issued. Class Members are responsible for the proper income tax treatment of the Individual Settlement Payments. Neither the Class Administrator, nor Defendant, nor their counsel, nor Class Counsel are able to provide tax advice. Accordingly, Class Members should consult with their tax advisors concerning the tax consequences and treatment of payments they receive under the Settlement.

Release. Upon the date the Court makes the award granting final approval of the Settlement, as to the Class Period, Class Members (including you), except those that make a valid and timely request to be excluded from the Settlement as specified in this notice, will be deemed, on behalf of themselves, and on behalf of all who claim by or through them on in their stead, to have forever released, acquitted and discharged and covenanted not to sue Defendant, and each of their respective attorneys, past, present and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, joint employers, co-employers, payroll service providers, staffing agencies, Professional Employer Organizations ("PEO's"), Administrative Service Organizations ("ASO's"), insurers, related corporations, and/or privies, both individually and collectively, and any individual or entity which could be jointly liable with Defendant (referred to as the "Released Parties") for any and all claims, debts, promises, agreements, actions, causes of action, suits, claims, liens, penalties, interest, demands, damages, controversies, attorneys' fees, costs of suit, losses, expenses, and liabilities (based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state or otherwise), arising from or that could have reasonably been asserted based on the allegations in the Complaint and any exhibits thereto, including for:

    (1)    Failure to pay wages, including minimum wage and overtime;

    (2)    Failure to provide meal periods;

    (3)    Failure to authorize and/or permit rest periods;

    (4)    Failure to pay "premiums" related to meal and/or rest periods pursuant to Cal. Lab. Code § 226.7;

    (5)    Failure to furnish accurate, itemized wage statements;

    (6)    Failure to pay all wages upon separation of employment;

    (8)    Unfair competition; and

(9)     Violation of any provisions of the California Labor Code that are subject to penalties pursuant to the California Labor Code Private Attorneys General Act of 2004 that were or could have been asserted based on the allegations in the Complaint, as well as PAGA penalties that were or could have been sought in relation to violation of such provisions.

Conditions of Settlement. The Settlement is conditioned upon the Court entering an order at or following the final approval hearing finally approving the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class, and the entry of a judgment.

Arbitration Agreements. By participating in this Settlement, you waive your right to arbitrate any and all claims released as part of this Settlement that may be subject to any applicable arbitration agreement(s) you may have entered into with Defendant.

### *How can I claim money from the Settlement?*

Do Nothing. If you do nothing, you will be entitled to your share of the Settlement based on the proportionate number of work weeks you were employed the Defendant during the Class Period in a Class Position. You also will be bound by the Settlement, including the release of claims stated above.

### *What other options do I have?*

Dispute Information in this Notice of Settlement. Your Individual Payment Amount is based on your Class Position and the number of calendar weeks, during the time period from September 7, 2012 to _____, in which you performed any work (called "work weeks") as an employee of Defendant in a Class Position. Any disputes, along with supporting documentation, must be received no later than _____. **DO NOT SEND ORIGINALS; DOCUMENTATION SENT TO THE ADMINISTRATOR WILL NOT BE RETURNED OR PRESERVED.**

The parties and the Class Administrator will evaluate the evidence submitted and discuss in good faith how to resolve any disputes submitted by Class Members. Should a consensus not be reached, the Class Administrator's decision as to the number of work weeks shall be final and non-appealable.

Exclude Yourself from the Settlement. If you **do not** wish to take part in the Settlement, you may exclude yourself by sending to the Class Administrator a written "Request for Exclusion from the Class Action Settlement" letter postmarked no later than _____, with your name, address, telephone number, last four digits of your social security number, and your signature. The Request for Exclusion should state:

"I WISH TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN THE BALL CORP. ACTION. I UNDERSTAND THAT IF I ASK TO BE EXCLUDED FROM THE SETTLEMENT CLASS, I WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT OF THIS ACTION."

Send the Request for Exclusion directly to the Class Administrator at The Heffler Claims Group, 1515 Market St., Suite 1700, Philadelphia, PA 19102. Any person who submits a timely Request for Exclusion from the Settlement shall, upon timely receipt by the Class Administrator, no longer be a Class Member, shall be barred from participating in any portion of the Settlement, shall be barred from objecting to the Settlement, and shall receive no benefits from the Settlement. Do not submit both a Dispute and a Request for Exclusion. If you do, the Request for Exclusion will be invalid, you will be considered a Class Member, and you will be bound by the terms of the Settlement. By submitting a timely Request for Exclusion, you will retain whatever rights or claims you may have, if any, and pursue them at your expense against Defendant and Released Parties.

Objecting to the Settlement. You have the right to object to the terms of the Settlement. However, if the Court rejects your objection, you will still be bound by the terms of the Settlement. If you wish to object to the Settlement, you must submit a written objection along with all supporting papers to the Class Administrator at The Heffler Claims Group, 1515 Market St., Suite 1700, Philadelphia, PA 19102postmarked on or before <<RESPONSE DEADLINE>>. Your written objection must include your name, current mailing address, telephone number, dates of employment with Defendant, as well as contact information for any attorney representing you regarding your objection, the case name and number, each specific reason in support of your objection, and any legal or factual support for each objection together with any evidence in support of your objection. If you fail to make an objection in the manner specified, you shall be deemed to have waived any objection and foreclosed from making any objection (by appeal or otherwise) to the Settlement.

You may also appear at the Final Approval Hearing scheduled to be held in Courtroom 2 of the United States District Court for the Eastern District 501 I St., Sacramento, CA 95814, on _____, at ____ a.m. / p.m. You

have the right to appear either in person or through your own attorney at this hearing, whether or not you submit a written objection.

If you object to the Settlement, you will remain a Class Member, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object.

*What is the next step?*

The Court will hold a final approval hearing on the adequacy, reasonableness, and fairness of the Settlement in Courtroom 2 of the United States District Court for the Eastern District 501 I St., Sacramento, CA 95814, on _____, at _____ a.m. / p.m. The location, date, and time of the final approval hearing may be moved without further notice to you. You should contact Class Counsel at (916) 438-1820 to confirm the address and time of the hearing. The Court also will be asked to rule on Class Counsel's request for attorneys' fees and reimbursement of documented costs and expenses and the enhancement payments to the Class Representatives. **You are not required to attend the final approval hearing.**

*How can I get additional information?*

This Notice of Pendency of Class Action and Proposed Settlement is only a summary of the action and the Settlement. For more information, you may inspect the Court's files and the Settlement Agreement at the Clerk's Office of the United States District Court for the Eastern District, located at 501 I St., Sacramento, CA 95814, during regular business hours. You may also contact Class Counsel using the contact information listed above for more information.

## PLEASE DO NOT CALL OR WRITE THE COURT, DEFENDANT, OR DEFENDANT'S ATTORNEYS FOR INFORMATION ABOUT THIS SETTLEMENT OR THE SETTLEMENT PROCESS.

*REMINDER AS TO TIME LIMITS*

The deadline for submitting a Request for Exclusion, Dispute or Objections is [DATE]. These deadlines will be strictly enforced.

EXHIBIT 3

**EXHIBIT 3**

**RELEASE OF CLAIMS BY CLASS**

A.        In exchange for the consideration recited in this Settlement, Named Plaintiffs and all Eligible Class Members on behalf of themselves and on behalf of all who claim by or through them or in their stead, for the period from September 7, 2012 to the Date of Preliminary Approval, do hereby and forever release, acquit and discharge and covenant not to sue Defendant, and each of its respective attorneys, past, present and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, joint employers, co-employers, payroll service providers, staffing agencies, Professional Employer Organizations ("PEO's"), Administrative Service Organizations ("ASO's"), insurers, related corporations, and/or privies, both individually and collectively, and any individual or entity which could be jointly liable with Defendant (referred to as the "Released Parties") for any and all claims, debts, promises, agreements, actions, causes of action, suits, claims, liens, penalties, interest, demands, damages, controversies, attorneys' fees, costs of suit, losses, expenses, and liabilities (based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state or otherwise), arising from or that could have reasonably been asserted based on the allegations in the Complaint (Exhibits 1-A, 1-B, and 1-C hereto), for:

        (1)        Failure to pay wages, including minimum wage and overtime;

        (2)        Failure to provide meal periods;

        (3)        Failure to authorize and/or permit rest periods;

        (4)        Failure to pay "premiums" related to meal and/or rest periods pursuant to Cal. Lab. Code § 226.7;

        (5)        Failure to furnish accurate, itemized wage statements in compliance with California Labor Code § 226(a);

        (6)        Failure to pay all wages upon separation of employment;

        (7)        Unfair competition; and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(8)    Violation of any provisions of the California Labor Code that are subject to penalties pursuant to the California Labor Code Private Attorneys General Act of 2004 that were or could have been asserted based on the allegations in the Complaint, as well as PAGA penalties that were or could have been sought in relation to violation of such provisions.

Such claims shall be known herein as the "Released Claims."

Upon the Effective Date of this Settlement, this waiver and release of claims shall be binding on Named Plaintiffs and all Eligible Class Members, including each of their respective attorneys, agents, spouses, executors, representatives, guardians *ad litem*, heirs, successors, and assigns, and shall inure to the benefit of Defendant. Unless they are Opt-Outs, the members of the Settlement Class are deemed to have specifically and knowingly agreed to the waiver and release of claims set forth above.

Furthermore, upon occurrence of the Effective Date of the Settlement, Named Plaintiffs and each and every Eligible Class Member and all successors in interest shall be permanently enjoined and forever barred from prosecuting any and all Released Claims against the Released Parties, and each of them.

EXHIBIT 4

1

2

## EXHIBIT 4

## GENERAL RELEASE BY NAMED PLAINTIFFS

3    THIS GENERAL RELEASE AGREEMENT (hereinafter, the "General Release") is

4 made and entered into by and between Defendant, on the one hand, and Named Plaintiffs, and

5 each of them, on the other. In consideration of and exchange for the promises, covenants, and

6 releases contained herein, the Parties agree as follows:

7    1.    No Admission of Liability. It is understood and agreed by the Parties that this

8 Agreement shall not be construed to be an admission of any liability or obligation owed by

9 Defendant, Named Plaintiffs, and each of them and/or any other person.

10    2.    Consideration. In consideration of, and exchange for the promises, covenants, and

11 releases contained herein and in the Joint Stipulation, including Named Plaintiffs' respective

12 roles as class and PAGA representatives in the Action, and subject to the Effective Date of the

13 Joint Stipulation, Defendant and Named Plaintiffs agree to the terms set forth herein. Named

14 Plaintiffs hereby acknowledge and agree that the Named Plaintiff Enhancements, along with the

15 other terms agreed to by Defendant in the Joint Stipulation, shall serve as consideration for this

16 General Release, regardless of whether the Court awards the Named Plaintiff Enhancements, or

17 awards it in the amount set forth in the Joint Stipulation. Named Plaintiffs and Class Counsel

18 further acknowledge and agree that they are not owed any additional consideration pursuant to

19 this General Release, including for attorneys' fees and costs, interest, penalties, or any other

20 amounts, other than as provided in the Joint Stipulation. Named Plaintiffs further acknowledge

21 and agree that the amount of consideration provided in this section is not otherwise owed by the

22 Defendant and that Named Plaintiffs would not otherwise be entitled to the amounts set forth in

23 this section were it not for their covenants, promises, and releases set forth hereunder. The

24 consideration provided herein shall not prevent Named Plaintiffs from receiving their respective

25 Eligible Class Member Shares. Named Plaintiffs further acknowledge and agree that they have

26 received all compensation due and payable from Defendant and that nothing further is owed by

27 Defendant, once Named Plaintiffs receive the consideration set forth herein.

28    ///

3.    Release by Named Plaintiffs. Named Plaintiffs agree on behalf of themselves, and their respective heirs, executors, administrators, successors, assigns, and lawyers, to release and discharge Defendant and each of its respective attorneys, past, present and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, joint employers, co-employers, payroll service providers, staffing agencies, Professional Employer Organizations ("PEO's"), Administrative Service Organizations ("ASO's"), insurers, related corporations, and/or privies, both individually and collectively, and any individual or entity which could be jointly liable with Defendant or any of them (referred to as the "Released Parties") from any and all claims, debts, promises, agreements, actions, causes of action, suits, claims, liens, penalties, interest, demands, damages, controversies, attorneys' fees, costs of suit, losses, expenses, and liabilities (based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state or otherwise) of every nature whatsoever, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, filed or unfiled, arising out of or in connection with Named Plaintiffs' employment with the Defendant. Such released claims shall be known as the "Released Claims." The Released Claims include, but are not limited to, all claims arising directly or indirectly from Named Plaintiffs' employment; or claims or demands related to Named Plaintiffs' performance of services, including but not limited to claims arising under federal, state or local law or cause of action, including, but not limited to, unpaid wages (straight time, overtime, bonuses, vacation, wage premiums; other wages); breach of contract; breach of the implied covenant of good faith and fair dealing; infliction of emotional harm; wrongful or retaliatory discharge; harassment, discrimination, or other violation of public policy; defamation and impairment of economic opportunity; violation of the California Fair Employment and Housing Act, the California Labor Code, the California Business and Professions Code, the California Constitution; and any claims for violation of the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, and the Americans With Disabilities Act of 1990. Notwithstanding the foregoing, the Released Claims shall not include any claims that cannot be released as a matter of law, including without

2

1  limitation, any workers' compensation claims by Named Plaintiffs against the Defendant.

2      4.    Waiver of Section 1542. Named Plaintiffs hereby state that it is their intention in

3  executing the above Joint Stipulation that the same shall be effective as a bar to each and every

4  claim, demand, causes of action, obligation, damage, liability, charge, attorneys' fees and costs

5  hereinabove released. Named Plaintiffs hereby expressly waive and relinquish all rights and

6  benefits, if any, arising under the provisions of Section 1542 of the Civil Code of the State of

7  California which provides:

8      **SECTION 1542.   A GENERAL RELEASE DOES NOT EXTEND TO**
9      **CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT**
       **KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME**
10     **OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR**
       **HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER**
11     **SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

12     5.    Older Workers' Benefit Protection Act. Named Plaintiffs, and each of them,

13  acknowledge that they are knowingly and voluntarily waiving and releasing any rights each of

14  them may have under the Age Discrimination in Employment Act ("ADEA"). Named Plaintiffs

15  also acknowledge that the consideration given them for the waivers and releases in this

16  Agreement is in addition to anything of value to which he was already entitled. Named Plaintiffs

17  further acknowledge that they have been advised by this writing, as required by the Older

18  Workers' Benefit Protection Act, that: (a) their waivers and releases do not apply to any rights

19  or claims that may arise after their respective executions of this agreement; (b) they should each

20  consult with an attorney prior to executing this Agreement; (c) they each have at least twenty-

21  one (21) days to consider this Agreement (although Named Plaintiffs may by their own respective

22  individual choice execute this Agreement earlier); (d) they each have seven (7) days following

23  their respective executions of this Agreement to revoke the Agreement; and (e) this Agreement

24  shall not be effective until the date upon which such revocation period has expired. Named

25  Plaintiffs may revoke this Agreement only by effecting the delivery of written notice of such

26  revocation to Christopher M. Ahearn of Fisher & Phillips LLP, located at 2050 Main Street, Suite

27  1000, Irvine, CA 92614; email: cahearn@fisherphillips.com; fax: 949-851-0152, to be received

28  by the close of business on the seventh (7th) day following Named Plaintiff's execution of this

3

Agreement.

6.     Agreement to Dismiss All Claims. Because the intent of this Agreement is to bring to an end all claims, controversies, and causes of action Named Plaintiffs may have or claim to have against the Released Parties, Named Plaintiffs agree, as part of, and consistent with, the Joint Stipulation set forth above, to abandon and/or dismiss with prejudice any claim, proceeding, or cause of action that may be contemplated, filed, or pending in any forum, against the any of the Released Parties; provided however, that Named Plaintiffs will be permitted to participate in the Action for which they are appointed class representatives for purposes of effecting the aforementioned Joint Stipulation.

7.     Binding Nature. This General Release, and all the terms and provisions contained herein, shall bind the heirs, personal representatives, successors and assigns of each Party, and inure to the benefit of each Party, its agents, directors, officers, employees, servants, successors, and assigns.

8.     Construction. This Agreement shall not be construed in favor of one party or against the other.

9.     Partial Invalidity. Should any portion, word, clause, phrase, sentence, section, or paragraph of this General Release be declared void or unenforceable, such portion shall be considered independent and severable from the remainder, the validity of which shall remain unaffected.

10.    Compliance with Terms. The failure to insist upon compliance with any term, covenant or condition contained in this General Release shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

11.    Costs. The Parties agree that in the event any party breaches any provision of this General Release, the breaching party shall pay all costs and attorney's fees incurred in conjunction with enforcement of this General Release.

12.    Governing Law and Jurisdiction. This General Release shall be interpreted under

4

1 the law of the State of California, both as to interpretation and performance.

2          13.      <u>Section Headings</u>.  The section and paragraph headings contained in this General

3 Release are for reference purposes only and shall not affect in any way the meaning or

4 interpretation of this General Release.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE
<u>EXHIBIT 3 – NAMED PLAINTIFFS' GENERAL RELEASE</u>
FP 36762580.7

EXHIBIT 5

1 | JOHN K. SKOUSEN, SBN 192581
jskousen@fisherphillips.com
2 | CHRISTOPHER M. AHEARN, SBN 239089
cahearn@fisherphillips.com
3 | **FISHER PHILLIPS LLP**
2050 Main Street, Suite 1000
4 | Irvine, California 92614
T: (949) 851-2424
5 | F: (949) 851-0152

6 | APRIL A. PERKINS, SBN 322166
aperkins@fisherphillips.com
7 | **FISHER PHILLIPS LLP**
621 Capitol Mall, Suite 1400
8 | Sacramento, California 95814
T: (916) 210-0400
9 | F: (916) 210-0401

10 | Attorneys for Defendant BALL METAL BEVERAGE CONTAINER CORP.
(erroneously sued as "BALL METAL BEVERAGE CONTAINER CORPORATION")
11 |

12 | UNITED STATES DISTRICT COURT

13 | EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

14 | ROBERT WESTFALL, individually and on
behalf of all others similarly situated,        Case No: 2:16-CV-02632-KJM-CKD

15 |                                                  **[PROPOSED] ORDER GRANTING**
                    Plaintiff,                     **PLAINTIFF'S MOTION FOR**
16 |                                                **PRELIMINARY APPROVAL OF CLASS**
        v.                                         **AND PAGA SETTLEMENT**
17 |
    BALL METAL BEVERAGE CONTAINER          [Originally Solano Superior Court
18 | CORPORATION, a Colorado Corporation,      Action No. FCS047654]
    Does 1-20 inclusive,                     State Action Filed:     9-7-2016
19 |                                            FAC Filed:              4-6-2017
                    Defendants.               Trial Date:             None Set
20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT
FP 37116701.2

1    The motion of named plaintiffs Robert Westfall, David E. Anderson, Lynn Bobby, and

2  David Ellinger (hereinafter collectively, "Plaintiffs") for Preliminary Approval of Class Action

3  and PAGA Settlement (hereinafter, the "Motion") came on regularly for hearing before this court

4  on September 4, 2020 at 10:00 a.m. The Court, having considered the proposed Joint Stipulation

5  of Class Action and PAGA Settlement (the "Settlement"), as well as all other papers filed in

6  relation to such motion, and oral argument of counsel at hearing on the Motion, and good cause

7  appearing, the Court hereby ORDERS as follows:

8    1.    All capitalized terms herein, to the extent they are given a specific meaning in the

9  Settlement, shall have the same meaning as set forth in the Settlement.

10    2.    The Court GRANTS Preliminary Approval of the class action and PAGA

11  settlement as set forth in the Settlement and finds its terms to be within the range of reasonableness

12  of a settlement that ultimately could be granted approval by the Court at a Final Approval Hearing.

13  For purposes of the Settlement, the Court finds that the proposed Class is ascertainable and that

14  there is a sufficiently well-defined community of interest among the Class Members of in

15  questions of law and fact. Therefore, for settlement purposes only, the Court grants conditional

16  certification of the following Class:

17    3.    For purposes of the Settlement, the Court appoints Plaintiffs as Class

18  Representatives, and attorneys Matthew Eason and Kyle Tambornini of Eason & Tambornini,

19  ALC as Class Counsel.

20    4.    The Court designates Heffler Claim Group, as the Class Administrator.

21    5.    The Court approves, as to form and content, the Notice of Pendency of Class

22  Action and Proposed Settlement ("Class Notice"). The Court finds that the form of such notice

23  regarding the pendency of the action and of the Settlement, and the agreed-upon methods of giving

24  notice to Class Members, constitute the best notice practicable under the circumstances, and

25  constitute valid, due, and sufficient notice to all Class Members. The agreed-upon form and method

26  of giving notice complies fully with the requirements of Rule 23 of the Federal Rules of Civil

27  Procedure, the California and United States Constitutions, and other applicable law.

28  ///

1

FP 37116701.2

6. The Court further approves the procedures for Class Members to opt out of or object to the Settlement, as set forth in the Class Notice.

7. The procedures and requirements for Class Members to object to the Settlement are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement, in accordance with the due process rights of all Class Members.

8. The Court directs the Class Administrator to mail the Class Notice to the Class Members in accordance with the terms of the Settlement.

9. The Class Notice shall provide at least forty-five (45) calendar days' notice for Class Members to opt out of, or object to, the Settlement.

10. The Final Approval Hearing on the question of whether the Settlement should be finally approved as fair, reasonable, and adequate is scheduled in Courtroom 3 of this Court, located at 501 I St., Sacramento, CA 95814, on _____, at ____ a.m. / p.m.

11. At the Final Approval Hearing, the Court will consider: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate for the Class Members; (b) whether a judgment granting final approval of the Settlement should be entered; and (c) whether Plaintiffs' application for reasonable attorneys' fees, reimbursement of litigation expenses, enhancement payments to Named Plaintiffs, and payment to the Labor and Workforce Development Agency ("LWDA") for penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA") should be granted.

12. Counsel for the parties shall file memoranda, declarations, or other statements and materials in support of their request for final approval of the Settlement, attorneys' fees, litigation expenses, Plaintiffs' enhancement payments, settlement administration costs, and payment to the LWDA for PAGA penalties prior to the Final Approval Hearing according to the time limits set by the Code of Civil Procedure and the California Rules of Court, and consistent with the Settlement.

///

///

2

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT

FP 37116701.2

13.  An implementation schedule is below:

| Event | Date |
|---|---|
| Defendant to provide class data to Class Administrator no later than [45 days after preliminary approval]: | |
| Class Administrator to mail Class Notice to Class Members no later than [30 days after delivery of Class Data] | |
| Deadline for Class Members to request exclusion from, or object to, the Settlement and/or to submit Disputes Concerning Class Member Status, or Disputes Concerning Class Member Workweeks [45 days after mailing]: | |
| Deadline for Plaintiffs to file Motion for Final Approval of Class Action Settlement: | |
| Final Fairness Hearing: | |

14.  Pending the Final Fairness Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement and this Order, are stayed.

15.  Counsel for the parties are hereby authorized to use all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement.

**IT IS SO ORDERED.**

Dated: _____, 2020

_____
Honorable Kimberly J. Mueller
United States District Court Judge

3

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT

FP 37116701.2