UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Westfall, et al., | No. 2:16-cv-02632-KJM-CKD |
| Plaintiffs, | ORDER |
| v. | |
| Ball Metal Beverage Container Corporation, | |
| Defendant. | |

      The parties settled this wage-and-hour class action lawsuit on August 7, 2020. *See generally* Stip. of Class Action and PAGA Settlement ("Stip."), ECF No. 98. The court preliminarily approved the settlement on September 16, 2021. *See* Order, ECF No. 104. Two days before the final approval hearing, Andre Bernstein and Richard Martin filed objections with this court. *See generally* Objections, ECF No. 121. They provided evidence of their timely submitted objections, *see* Proofs of Delivery, Lesches Decl. Ex. D, ECF No. 121-7 (confirmation emails showing objections were "delivered" and "available" on April 4 and April 8, 2022), which the settlement administrator did not report to the court, *see* Neylon Decl. ¶ 10, ECF No. 119-1 (class administrator reporting he "received no requests for opt-outs/objections" as of May 17, 2022). The objectors also express concern that the settlement would waive valuable claims without appropriate consideration. *See* Objections at 15–21. The objectors thus request discovery before this court finally approves the parties' settlement agreement. *See id.* at 9.

After careful consideration, the court grants the objectors' request. There have been numerous problems since this court preliminarily approved the settlement agreement, the most concerning of which involve the settlement administrator. As noted, the administrator reported that he "received no requests for opt-outs/objections" as of May 17, 2022. Neylon Decl. ¶ 10; *accord* Am. Mem. at 8, ECF No. 119 ("No objections or opt-outs were received."). But the objectors have presented evidence that they submitted timely objections and that the administrator received those objections in early April 2022. *See* Proofs of Delivery. The administrator now submits he received the objections on May 24, 2022—the day before objectors filed objections with this court. *See* Suppl. Neylon Decl. ¶ 5, ECF No. 127-2. The administrator implicitly suggests the delay was the courier's fault. *See id.* ¶ 6. He has tried, with no luck, contacting the Post Office supervisor "to review the certified mail pickup records to determine when the Objections were retrieved by its courier." *Id.* He also says his company audited its correspondence "out of an abundance of caution" and found two timely exclusion requests that were "misfiled" and thus not reported to the court. *Id.* ¶ 7.

The administrator's errors are not limited to his representations to this court, as there have been other issues since preliminary approval. First, the administrator mailed notice packets that provided only twenty-two days to opt out or object to the settlement. *See* Joint Stip. ¶ 3, ECF No. 108; *contra* Stip. ¶ 2.7(a)–(c) (noting class members may object or opt out with written notice to the class administrator within 45 days from the date the notice is mailed). Second, when the administrator mailed a revised notice packet, he once again failed to give class members forty-five days to object or opt out. *See* Settlement Agreement at 11, ECF No. 119-1 (forty-fifth days to object or opt out was Sunday, April 3, 2022); *Riddle v. Atkins & Ogle L. Offs., LC*, No. 19-0249, 2020 WL 1303939, at *3 (S.D.W. Va. Feb. 26, 2020) (extending, during preliminary approval, opt-out and objection date one day because deadline fell on a Sunday). Third, Objector Martin submits the administrator sent his notice packet to the wrong address for Martin despite having his correct address on file. *See* Martin Decl. ¶ 3, ECF No. 121-3. Fourth, the administrator did not submit his declaration to this court until four days before the final approval

/////

hearing; class counsel therefore relied solely on information in the administrator's "dashboard" in moving for final approval. *See* Mem. Final Approval at 7 n.1, ECF No. 116.

On a separate note, the parties' failure to notify this court of Objector Martin's seemingly related case against defendant Ball Metal Beverage Container Corporation also raises concerns. *See* Case No. 2:21-cv-01049-MCE-DB. Despite Martin's conspicuousness as a potential objector, the parties did not notify the court of Martin's lawsuit. *Contra* Local Rule 123(b) ("Counsel who has reason to believe that an action on file or about to be filed may be related to another action on file . . . shall promptly file in each action and serve on all parties in each action a Notice of Related Cases."). This court now will relate that separate case, in the interests of judicial efficiency, issuing a separate order to that effect.

Given the issues described above, the court finds it does not have sufficient facts to intelligently approve the settlement agreement; the court thus **grants** the objectors' request for discovery. The objectors are entitled to discovery related to (1) why objections and opt-outs were not reported to the court, (2) why the *Martin* lawsuit was not reported to the court as a related case, (3) whether notices were mailed properly, (4) whether there are other unreported objections and/or opt-outs, and (5) whether the settlement waives valuable claims unfairly or without adequate consideration. Discovery shall be completed by October 7, 2022. Objectors shall file their response to plaintiffs' renewed motion for final approval by October 21, 2022. Plaintiffs shall file their reply by October 28, 2022. The final approval hearing is **continued** to November 4, 2022.

This order resolves ECF No. 121.

IT IS SO ORDERED.

DATED: August 16, 2022.

CHIEF UNITED STATES DISTRICT JUDGE