1  MATTHEW R. EASON, Esq., Cal. Bar No. 160148
   KYLE K. TABORNINI, Esq., Cal. Bar No. 160538
2  **EASON & TAMBORNINI, ALC**
   1234 H Street, Suite 200
3  Sacramento, CA 95814
   Telephone (916) 438-1819
4  Facsimile (916) 438-1820
   Matthew@capcitylaw.com
5  http://www.capcitylaw.com

6  TIMOTHY DEL CASTILLO-Cal. Bar No. 277296
   CASTLE LAW: CALIFORNIA EMPLOYMENT COUNSEL P.C.
7  2999 Douglas Blvd., Ste. 180
   Roseville, CA 95661-4219
8  Phone: (916) 245-0122)
   Email: tdc@castleemploymentlaw.com

9  Attorneys for Plaintiff Robert Westfall
    Individually and on behalf of all others similarly situated
10
   **BLADY WORKFORCE LAW GROUP LLP**
11 I. BENJAMIN BLADY — Cal. Bar No. 162470
   5757 Wilshire Boulevard, Suite 535
12 Los Angeles, CA 90036
   Phone: (323) 933-1352
13 Email: bblady@bwlawgroup.com

14
   **LESCHES LAW**
15 LEVI LESCHES — Cal. Bar No. 305173
   5757 Wilshire Boulevard, Suite 535
16 Los Angeles, CA 90036
   Phone: (323) 900-0580
17 Email: levi@lescheslaw.com

18
   ATTORNEYS FOR
19 Plaintiff Richard MARTIN Individually and on behalf of all others similarly situated; Andre
   BERNSTEIN
20

21
                **UNITED STATES DISTRICT COURT**
22
              **EASTERN DISTRICT OF CALIFORNIA**
23
                     (Sacramento Division)
24

25 | ROBERT WESTFALL, individually and | Case No.: 2:16-cv-02632-KJM-GGH |
   on behalf of all others similarly situated;
26 DAVID ANDERSON; LYNN BOBBY; | **SECOND AMENDED CLASS ACTION**
   DAVID ELLINGER, | **COMPLAINT**
27 | 1. California Wages and Overtime Violations
                    Plaintiffs, | Under Labor Code §§510, 1194, 1199
28 | 2. Failure to Provide Meal Breaks Under
                       v. | Labor Code §§ 226.7 and 512
                         | 3. Failure to Provide Rest Breaks Under

                     Complaint

Richard MARTIN, Individually and on behalf of all others similarly situated,

Plaintiff-Intervenor,

BALL METAL BEVERAGE CONTAINER CORPORATION., a Colorado Corporation, Does 1-20 inclusive,

Defendants.

Labor Code § 226.7
4. Violation of Labor Code § 226(a)
5. Penalties Pursuant to Labor Code § 203
6. Violation of Business & Professions Code § 17200
7. Penalties Pursuant to Labor Code §2699, et seq.
8. Penalties Pursuant to Labor Code § 2699 et seq.

*(Amendment permitted as a Matter of Right Pursuant to Labor Code §2699.3(a)(2)(C)*

Plaintiffs Robert Westfall, David Anderson, Lynn Bobby, David Ellinger individually, on behalf of himself, all others similarly situated, (collectively "Plaintiffs") complain of Defendant BALL METAL BEVERAGE CONTAINER CORPORATION ("Defendant BALL") and each of them, as follows:

# I

## **INTRODUCTION**

1.     This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of Plaintiffs and all non-exempt employees who hold or held the position of "Electronic Technician," "Machinist/Mechanic," and/or "Maintenance", or non-exempt employees who worked in the production, engineering, and production support departments of, Defendant and any subsidiaries or affiliated companies and Does 1 to 20, and who are currently employed by or formerly employed at the Fairfield Plant, located at or near 2400 Huntington Dr, Fairfield, CA 94533.

2.     This is also a Representative Action, pursuant to Labor Code § 2699 et seq., on behalf of Plaintiff and all individuals who hold or held the position of "Electronic Technician," "Machinist/Mechanic," and/or "Maintenance", or non-exempt employees who worked in the production, engineering, and production support departments of, Defendant and any

2

SECOND AMENDED CLASS ACTION COMPLAINT

subsidiaries or affiliated companies and Does 1 to 20, and who are currently employed by or formerly employed at the Fairfield Plant, located at or near 2400 Huntington Dr, Fairfield, CA 94533 ("aggrieved employees").

3.    This is also a Representative Action, pursuant to Labor Code §§ 2699 et seq., and §§ 6300 *et seq.* on behalf of Plaintiff-Intervenor Richard Martin and all employees who are currently employed by or formerly employed in the Internal Coating "spray operation" area of the Fairfield Plant, located at or near 2400 Huntington Dr, Fairfield, CA 94533.

4.    Plaintiffs, Plaintiff-Intervenor, and the aggrieved employees are persons employed in the Manufacturing Industry as that term is defined in Industrial Welfare Commission Order No. 1-2001 (hereinafter Wage Order #1).

5.    Plaintiffs, Plaintiff-Intervenor is not a person covered within the Executive Exemption, the Administrative Exemption, or Professional Exemption contained within Wage Order #1.

6.    Wage Order #1 provides that "An 'alternative workweek schedule' means any regularly scheduled workweek requiring an employee to work more than eight (8) hours in a 24-hour period.

7.    At all times relevant within the last four years, Plaintiffs, Plaintiff-Intervenor and the aggrieved parties were regularly scheduled to work in excess of eight hours in a 24-hour period.

8.    Attached hereto as Exhibit 1 is a true and correct copy of the workweek schedule for the Plaintiffs and other aggrieved employees for the 2016 calendar year.

9.    At all times relevant within the last four years, Plaintiffs, Plaintiff-Intervenor worked an "alternative workweek schedule" as defined in Wage Order #1.

10.    Wage Order #1 provides that all work performed in excess of 12 hours per day and any work in excess of eight (8) hours on those days worked beyond the regularly schedule number of workdays established by the alternative workweek shall be paid at double the employee's regular rate of pay.

SECOND AMENDED CLASS ACTION COMPLAINT

FP 50545719.2

11.     At all times relevant times within the four years prior to the filing of the complaint, when Plaintiffs, Plaintiff-Intervenor and the aggrieved parties were an extra non-scheduled shift, and worked in excess of eight hours, they were paid time-and-a-half, and not double time.

12.     At all times relevant time within the four years prior to the filing of the complaint, Plaintiffs and the aggrieved parties were required as part of their job duties to monitor pages over the plant intercom system (hereinafter "The Pages").  On a typical workday, the number of Pages would routines exceeds 70 per day.  Those pages were spread out through the day based on Plant needs, and thus over any given period of time would average in excess of 6 pages an hour, including during the rest and meal break periods.

13.     At all times relevant time within the four years prior to the filing of the complaint, if the Plaintiffs, Plaintiff-Intervenor and aggrieved employees did not respond to a Page received while they were on their rest break, they were subject to discipline.

14.     At all times relevant time within the four years prior to the filing of the complaint, if the Plaintiffs, Plaintiff-Intervenor and aggrieved employees did not respond to a Page received by them while they were on their meal break, they were subject to discipline.

15.     At all times relevant time within the four years prior to the filing of the complaint, while ostensibly on their meal break, Plaintiffs, Plaintiff-Intervenor and the aggrieved employees were not free of all duties as they were required to monitor The Pages.

16.     At all times relevant time within the four years prior to the filing of the complaint, while ostensibly on their rest break, Plaintiffs, Plaintiff-Intervenor s and the aggrieved employees were not free of all duties as they were required to monitor The Pages.

17.     At all times relevant time within the four years prior to the filing of the complaint, while ostensibly on their meal break, if the Plaintiffs, Plaintiff-Intervenor and the aggrieved employees had to respond to a Page, they were not compensated for the actual time worked during their meal period, and the Plaintiffs and Plaintiff-Intervenor and the aggrieved employees were not paid at the overtime rate; and/or double the regular rate in instances where

such practices resulted in Plaintiffs and the aggrieved employees working in excess of 12 hours in a workday

18.   At all times relevant time within the four years prior to the filing of the complaint, the Plaintiffs and Plaintiff Intervenor and aggrieved employees were subject to annual bonuses which were paid by Defendant. The amount of the bonus paid to each employee differs. Some employees' bonuses are calculated using a percentage that is applied with reference to the employee's gross income for the preceding year and/or their cumulative hours and/or their cumulative overtime hours for the preceding year. Conversely, other employees' bonuses are calculated using a percentage based on number of overtime hours worked.  The "percentage-pay" bonus that did not spread the bonus across the non-overtime and/or mandatory hours for the previous year, in order to calculate the regular rate. Rather, overtime was paid at the regular rate of 1.5x the straight hourly pay.   Additionally, the Defendant paid two simultaneous bonuses (the BBPNCA bonus and the "Corporate" bonus), without recalculating the regular rate based on the one bonus.  Instead, Defendant paid the second bonus as a straight percentage of the underlying gross income (*i.e.* without the other simultaneous bonus). Additionally, Defendant excluded vacation payback, disability pay, medical leave, and other pay, when calculating the percentage bonus.  At all times relevant time within the four years prior to the filing of the complaint, the Plaintiffs and Plaintiff Intervenor and aggrieved employees worked scheduled weeks of four (4) consecutive twelve (12) hour workdays, followed by four (4) days off work. The first eight hours of every day would be scheduled regular time, and the last four hours would be paid as scheduled and mandatory overtime. Employees were encouraged to volunteer for fifth and sixth days for such shifts. If insufficient employees volunteered, then employees would be assigned mandatory overtime. Whether mandatory or voluntary, fifth days and sixth days on shifts were paid as straight overtime for all twelve hours. Defendant's employees at the Fairfield location averaged about 400 hours of overtime a year.  As a result of these violations, Defendant failed to pay overtime at the regular rate of pay.  Additionally, Defendant failed to pay double the regular rate of pay as required.

SECOND AMENDED CLASS ACTION COMPLAINT

FP 50545719.2

19.     Additionally, as a result of these violations, Defendant failed to pay overtime in within the time periods specified in §§ 204 *et seq.* of the *Labor Code.*

20.     Defendant failed to pay sick pay at the regular rate of pay as required under § 264(l) of the *Labor Code*, because Defendant failed to include sick pay in the gross income that Defendants the applied a "percentage bonus" to.  Furthermore, Defendant did not include the shift-differential and/or the continuous-operating bonus in calculation of the regular rate when paying sick time.

21.     At all relevant times within the four years prior to the filing of the complaint, the Plaintiffs, Plaintiff Intervenor and aggrieved employees were required to pass through a security gate to commence their work-day, but they were not compensated for the time reasonably necessary to traverse from the security gate until the point that they could first clock in for their shifts.  During such times, Claimant and similarly situated employees were under the control of Defendant, and/or suffered or permitted to work, but were not paid for such work.  Employees are owed wages at the overtime rate for this time.   Additionally, Employees are owed doubletime to the extent that they worked, when considering such hours worked, more than 12 consecutive hours.

22.     Additionally, Richard Martin, and other employees in the Internal Coating "spray operation" area of the Fairfield Plant, were subjected to "regulatory violations," "general violations," and "repeat violations," as defined in 8 C.C.R. § 334, relating to airborne exposures.

23.     Plaintiffs, Plaintiff-Intervenor on behalf of themselves and all aggrieved employees, bring this action pursuant to Labor Code §§ 201, 202, 203, 226(a), 226.7, 510, 512, 515, 558, 1194, 1199, 2699; Wage Order 7-2001; and California Code of Regulations, Title 8, Section 11070, seeking wages and/or overtime, meal break premiums, rest break premiums, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

24.     Plaintiffs, Plaintiff-Intervenor on behalf of themselves and all aggrieved employees, pursuant to Business & Professions Code §§ 17200-17208, also seek injunctive

FP 50545719.2

relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

## II

## JURISDICTION AND VENUE

25.    This Court has subject matter jurisdiction over all causes of action asserted for the reasons set forth in the Notice of Removal, ECF No. 1.

26.    This Court has personal jurisdiction over Defendant because Defendant has caused injuries in the County of Solano and State of California through their acts, and by their violation of the California Labor Code, California state common law, and California Business & Professions Code sections 17200, *et seq*.

27.    Venue as to each Defendant is proper in this judicial district, pursuant to section 1391(b) of title 28 of the *United States Code*.  Defendant operates within California and does business within Solano County.  The unlawful acts alleged herein have a direct effect on Plaintiff and all aggrieved employees within the State of California.

## III

## PARTIES

## A. PLAINTIFF

28.    Plaintiff Robert Westfall, is a competent adult and was a resident of California, was an employee of the Defendants.  Plaintiff Westfall was employed by the Defendants to perform services as a "Electronic Technician" commencing on or about January 2001 and continuing through present.  Plaintiff Westfall's claims are common to those of the Proposed Class Members.

29.    Plaintiffs, Plaintiff-Intervenor and all aggrieved employees were regularly required to:

        a.    Work without being compensated for all hours worked and at the proper corresponding rate;

SECOND AMENDED CLASS ACTION COMPLAINT

FP 50545719.2

b.    Work without being provided meal periods uninterrupted by the Pages or provided a meal period premium at the proper corresponding rate;

c.    Work without being provided their rest periods uninterrupted by The Pages or provided a rest period premium at the proper corresponding rate; and

d.    Work without being provided an accurate itemized wage statement that accurately report total hours worked.

30.    Plaintiff Richard Martin, is a competent adult and a resident of Virgina, is a former employee of the Defendants.  Pursuant to stipulation between Plaintiff Westfall, Martin, and Defendant, Plaintiff Martin is conditionally stipulated to as a Plaintiff-Intervenor herein, subject to the agreement that, in the event that certain agreed to conditions are not met, Martin shall take appropriate action to seek his dismissal as a Plaintiff herein.

**B. DEFENDANTS**

31.    Defendant BALL is believed to be a Colorado corporation operating within the State of California.

32.    Defendant BALL has done and does business throughout the State of California.

33.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 20, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiffs, Plaintiff-Intervenor are informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs, Plaintiff-Intervenor will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

34.    Plaintiffs, Plaintiff-Intervenor are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  Furthermore,

Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the aggrieved employees.

## IV

## CLASS ACTION ALLEGATIONS

35.    Plaintiffs Westfall, Bobby, Anderson and Ellinger bring this action on behalf of themselves and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure and/or Rule 23(b)(3) and/or Rule 23(b)(2) of the Code of Civil Procedure. Plaintiff Westfall, Anderson, Bobby and Ellinger seeks to represent All non-exempt employees who hold or held the position of "Electronic Technician," "Machinist/Mechanic," and/or "Maintenance", or non-exempt employees who worked in the production, engineering, and production support departments of, Defendant and any subsidiaries or affiliated companies and Does 1 to 20, and who are currently employed by or formerly employed at the Fairfield Plant, located at or near 2400 Huntington Dr, Fairfield, CA 94533 ("Proposed Class").

36.    Plaintiff Martin brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure and/or Rule 23(b)(3) and/or Rule 23(b)(2) of the Code of Civil Procedure. Plaintiff seeks to represent All non-exempt employees who hold or held the position of "Electronic Technician," "Machinist/Mechanic," and/or "Maintenance", or non-exempt employees who worked in the production, engineering, and production support departments of, Defendant and any subsidiaries or affiliated companies and Does 1 to 20, and who are currently employed by or formerly employed at the Fairfield Plant, located at or near 2400 Huntington Dr, Fairfield, CA 94533 ("Proposed Class").

37.    Plaintiffs, Plaintiff-Intervenor reserves the right under Rule 3.765(b) of the California Rules of Court and similar applicable governing Federal Rules and Code provisions to amend or modify the class description with greater specificity, by division into subclasses, or by limitation to particular issues.

SECOND AMENDED CLASS ACTION COMPLAINT

FP 50545719.2

38.    Plaintiffs, Plaintiff-Intervenor are informed and believe that this action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the Proposed Classes are easily ascertainable.

**A. Numerosity**

39.    Plaintiffs, Plaintiff-Intervenor are informed and believes that the potential members of the Proposed Classes as defined are so numerous that joinder of all the members of the Proposed Classes is impracticable.

40.    While the precise number of proposed Class Members has not been determined at this time, Plaintiffs, Plaintiff-Intervenor are informed and believes that Defendant currently employ, and during the relevant time periods employed approximately 385 Class Members.

41.    Plaintiffs, Plaintiff-Intervenor   allege that Defendant's employment records would provide information as to the number and location of all members of the Proposed Classes.

42.    Plaintiffs, Plaintiff-Intervenor are informed and believes that joinder of all members of the Proposed Classes is not practicable.

**B. Commonality**

43.    There are questions of law and fact common to the Proposed Classes that predominate over any questions affecting only individual Proposed Class Members.   These common questions of law and fact include, without limitation:

a.    Whether Defendant failed to pay wages and/or overtime compensation and/or double-time compensation, and at the proper corresponding rate, as required by the Labor Code and Wage Orders under Labor Code §§ 510, 1194, and 1199;

b.    Whether Defendant violated Labor Code §§ 226.7 and 512 and IWC Wage Order 1-2001 or other applicable IWC Wage Orders, by failing to provide required meal periods free from the duty to monitor The Pages and interruptions throughout the term of

SECOND AMENDED CLASS ACTION COMPLAINT

1  employment and failing to compensate said employees one (1) hours wages in lieu of meal

2  period missed;

3          c.      Whether Defendant violated Labor Code § 226.7 and IWC Wage Order

4  1-2001 or other applicable IWC Wage Orders, by failing to inform Plaintiffs and the Proposed

5  Classes of their right to take rest periods free from duties to monitor The Pages interruptions

6  throughout the term of employment and failing to compensate said employees one (1) hours

7  wages at the regular rate in lieu of rest periods missed;

8          d.      Whether Defendants violated Labor Code § 226(a) and Wage Order 1-

9  2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11070 by

10 failing to provide accurate itemized wage statements that accurately reported, among other

11 things, total hours worked, and the applicable rates, for Plaintiffs and the members of the

12 Proposed Classes;

13         e.      Whether Defendant violated §§ 201-203 of the Labor Code by willfully

14 failing to pay Plaintiffs, Plaintiff-Intervenor and the members of the Proposed Classes all

15 compensation that was due and owing upon termination and which was attributable to the

16 alleged violations herein, whether such compensation was due and owing for time spent while

17 on the clock, based on unpaid or underpaid premiums related to failure to provide meal and rest

18 periods, and/or arising in whole or in part based on Defendant's alleged failure to compensate

19 Plaintiffs, Plaintiff-Intervenor and the members of the Proposed Classes for various entitlements

20 which were tied to the regular rate calculation;

21         f.      Whether Defendant violated § 204 of the Labor Code by failing to timely

22 pay regular wages, premiums, and overtime, and/or underpayments of such wages, premiums,

23 and overtime, attributable to the alleged violations during the course of employment of Plaintiffs

24 and the members of the Proposed Classes;

25         g.      Whether Defendant violated §§ 221, 223, 3751 of the Labor Code by

26 making non-permitted deductions when calculating the percentage bonuses;

27

28

SECOND AMENDED CLASS ACTION COMPLAINT

FP 50545719.2

h.    Whether Defendant employees in the Internal Coating "spray operation" area of the Fairfield Plant, were subjected to airborne exposures constituting "regulatory violations," "general violations," and "repeat violations," (as those terms are defined in 8 C.C.R. § 334);

i.    Whether Defendant violated § 17200 et seq. of the Business & Professions Code by engaging in the acts previously alleged;

j.    Whether Plaintiffs, Plaintiff-Intervenor and the members of the Proposed Classes are entitled to equitable relief pursuant to Business & Professions Code § 17200, et seq.; and

k.    Whether Defendant violated Labor Code § 2699, et seq. by engaging in the acts alleged herein.

**C. Typicality**

44.    Plaintiffs, Plaintiff-Intervenor f are informed and believe that their claims are typical of the claims of the Proposed Classes.

45.    Plaintiffs, Plaintiff-Intervenor are informed and believes that Plaintiffs, Plaintiff-Intervenor and all members of the Proposed Classes sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

**D. Adequacy of Representation**

46.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the proposed Classes.  Counsel who represent Plaintiffs and the Proposed Classes are competent and experienced in litigating employment class actions.

**E. Superiority of Class Action**

47.    Plaintiffs, Plaintiff-Intervenor are informed and believes that a class action is superior to other available means for the fair and efficient adjudication of this controversy.

48.    Plaintiffs, Plaintiff-Intervenor are informed and believes that individual joinder of all Proposed Class Members is not practicable, and questions of law and fact common to the

FP 50545719.2

Proposed Classes predominate over any questions affecting only individual members of the Proposed Classes.

49.    Plaintiffs, Plaintiff-Intervenor are informed and believes that each member of the Proposed Classes has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to provide wages and/or overtime, meal periods, rest periods, failing to provide accurate itemized wage statements, and failing to pay all wages upon resignation or termination.

50.    Plaintiffs, Plaintiff-Intervenor are informed and believes that Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

51.    Plaintiffs, Plaintiff-Intervenor are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**VI**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND/OR OVERTIME UNDER**

**LABOR CODE §§ 510, 1194, and 1199**

**By Plaintiffs WESTFALL, ANDERSON, BOBBY, ELLINGER, and MARTIN,**

**individually and on behalf of all employees similarly situated, against ALL**

**DEFENDANTS, and DOES 1 through 20**

52.    Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

53.    Plaintiffs and the Proposed Classes were forced to work on a regular and consistent basis without receiving compensation for all hours worked at the proper rate.

54.    Plaintiffs and the Proposed Classes were not provided meal and rest breaks free from duty as a result of a paging system that was used to communicate in the Fairfield,

13

SECOND AMENDED CLASS ACTION COMPLAINT

California plant.  Each missed meal period was an on-duty meal period and should have been paid at the regular rate of pay.  Plaintiffs and the Proposed Classes were not paid for the on-duty meal breaks at the regular rate of pay. Failure to pay wages for the on duty meal break deprived Plaintiffs and the Proposed Classes, of, among other compensation owed, overtime wages.

55.    Plaintiffs and the Proposed Classes were required to attend turnover meetings at the beginning and end of each shift to advise and communicate with the oncoming shift employees of the events that had occurred during the prior shift. Plaintiffs and the Proposed Classes were not always paid for this time which often extended beyond the scheduled twelve hour shift.  Plaintiffs and the Proposed Classes are owed wages at the overtime rate for this time. Plaintiffs and the Proposed Classes are owed doubletime to the extent that they worked, when considering such hours worked, more than twelve consecutive hours.

56.    Plaintiffs and the Proposed Classes were required to pass through a security gate to commence their work day but they were not compensated for the time reasonably necessary to traverse form the security gate until the point that they could first clock in for their shifts. During such times, Plaintiffs and the Proposed Classes were under the control of Defendant and/or suffered or permitted to work, but were not paid for such work.  Plaintiffs and the Proposed Classes are owed wages at the overtime rate for this time.  Additionally, Plaintiffs and the Proposed Classes are owed doubletime to the extent that they worked, when considering such hours worked, more than twelve consecutive hours.

*57.*    Defendant has been paying annual bonuses to Plaintiffs and the Proposed Classes, which bonuses are paid in mid-February annually. The amount of the bonus paid to each employee differs. Some employees' bonuses are calculated using a percentage that is applied with reference to the employee's gross income for the preceding year and/or their cumulative hours and/or their cumulative overtime hours for the preceding year. Conversely, other employees' bonuses are calculated using a percentage based on number of overtime hours worked. Plaintiffs and the Proposed Classes worked scheduled weeks of four (4) consecutive twelve (12) hour workdays, followed by four (4) days off work. The first eight hours of every day would be scheduled regular time, and the last four hours would be paid as scheduled and mandatory overtime. Employees were encouraged to volunteer for fifth and sixth days for such

14

SECOND AMENDED CLASS ACTION COMPLAINT

shifts. If insufficient employees volunteered, then employees would be assigned mandatory overtime. Whether mandatory or voluntary, fifth days and sixth days on shifts were paid as straight overtime for all twelve hours. Defendant's employees at the Fairfield location averaged about 400 hours of overtime a year. Defendant does not spread the bonus across the non-overtime and/or mandatory hours for the previous year, in order to calculate the regular rate. Rather, overtime is paid at the regular rate of 1.5x the straight hourly pay.  Additionally, the Defendant paid two simultaneous bonuses (the BBPNCA bonus and the "Corporate" bonus), without recalculating the regular rate based on the one bonus.  Instead, Defendant paid the second bonus as a straight percentage of the underlying gross income (*i.e.* without the other simultaneous bonus).  As a result of these violations, Defendant failed to pay overtime at the regular rate of pay.

*58.*    In addition, Defendant failed to pay Plaintiffs and the Proposed Classes sick pay at the regular rate of pay as required under § 264(l) of the *Labor Code*, because Defendant failed to include sick pay in the gross income that Defendants the applied a "percentage bonus" to. Furthermore, Defendant did not include the shift-differential and/or the continuous-operating bonus in calculation of the regular rate when paying sick time.  Defendant also violated *Labor Code §227.3* which requires employers to pay unused vacation time at the regular rate. Defendant violated this section by failing to include shift differential and/or the continuous operating bonus in the calculation of the regular rate at the time of Plaintiffs and the Proposed Class Members use of vacation time and/or upon payment at termination of employment.

59.    Defendant often scheduled Plaintiffs and the Proposed Classes for mandatory fifth and/or sixth days of 12-hour shifts, and Plaintiffs maintain that section 511(b) of the *Labor Code*, by implication, requires the payment of doubletime for all hours worked in excess of eight hours on the fifth, sixth, and seventh days of consecutive shifts that all exceed 10 hours in length.  Additionally, Defendants failed to adhere to its designated start time and/or to its designated week start for purposes of calculating overtime and doubletime.

60.    As a result of the unlawful acts of Defendant, Plaintiffs and the members of the

FP 50545719.2

Proposed Classes have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

## VII

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS PURSUANT TO

### LABOR CODE § 226.7 AND LABOR CODE § 512

### By Plaintiffs WESTFALL, ANDERSON, BOBBY, and ELLINGER, individually and on behalf of all employees similarly situated, against ALL DEFENDANTS, and DOES 1 through 20

61.     Plaintiffs on behalf of himself and the Proposed Classes, realleges and incorporate by reference all previous paragraphs.

62.     Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of compensation for one or more meal periods the employer fails to provide each day.

63.     Employees are entitled to a first meal period of at least thirty (30) minutes for shifts over five (5) hours, to be provided within the first five (5) hours of the shift, and a second meal period of at least thirty (30) minutes for shifts over ten (10) hours, to be provided within ten (10) hours of work.

64.     Plaintiffs and the Proposed Classes consistently worked shifts over five (5) hours.

65.     Defendant failed to provide Plaintiffs and the Proposed Class with proper uninterrupted meal breaks free from all duties including Pages, of not less than thirty (30) minutes as required by the Labor Code during the relevant time period.

66.     Defendant's Fairfield plant manufactures cans and employees in the engineering, production and support departments generally work a rotating schedule working twelve-hour shifts, four days on, four days off. Defendant utilized a paging system to communicate with

16

SECOND AMENDED CLASS ACTION COMPLAINT

employees of the needs and changes to the production line. The paging system had a speaker in the breakroom. The applicable Wage Order, 1-2001, requires that "suitable resting facilities shall be provided in an area separate from the toilet rooms and shall be available to employees during work hours." The same Wage Order requires that "if a meal period occurs on a shift beginning or ending at or between the hours of 10:00 p.m. and 6:00 a.m., facilities shall be available for securing hot food and drink or for hearting food or drink, and a suitable sheltered place shall be provided in which to consume such food or drink." While Defendant provided a room that complied on its face with these two portions of the Wage Order, when the employees used the suitable resting facilities, they did so on the condition that they remained vigilant and continued to work by monitoring pages, thus depriving them of meal and rest breaks free from duties. Employees are owed a meal break premium and rest break premium at the regular rate of pay for each day that they worked.

67.    Additionally, even for those meal periods for which Defendants paid a meal period premium, Defendants failed to pay the premium at the regular rate of pay, because, amongst other matters, Defendants did not include the shift-differential, economic value added bonus, and/or the continuous-operating bonus, among others, in calculation of the regular rate.

68.    Pursuant to Labor Code § 226.7, Plaintiffs and the Proposed Classes are entitled to damages in an amount equal to one (1) hour of wages at the regular rate of compensation for one or more denied meal breaks per day in a sum to be proven at trial.

**VIII**

**THIRD CAUSE OF ACTION**

**FAILURE TO ALLOW REST PERIODS PURSUANT TO LABOR CODE § 226.7**

**By Plaintiffs WESTFALL, ANDERSON, BOBBY, and ELLINGER, individually and on behalf of all employees similarly situated, against ALL DEFENDANTS, and DOES 1 through 20**

69.    Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

17

SECOND AMENDED CLASS ACTION COMPLAINT

70.    Labor Code § 226.7 requires an employer to pay an additional hour (1) of compensation at the regular rate of pay for each rest period the employer fails to provide.

71.    Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked (or major fraction thereof).

72.    While Defendant provided a break room that complied on its face with the two portions of the Wage Order described above, when the employees used the suitable resting facilities, they did so on the condition that they remained vigilant and continued to work by monitoring pages, thus depriving them of rest breaks free from duties. Employees are owed a rest break premium at the regular rate of pay for each day that they worked.

73.    Defendant failed to provide Plaintiffs and the Proposed Class with proper uninterrupted rest breaks free from all duties including pages, of not less than ten (10) minutes as required by the Labor Code during the relevant time period.

74.    Pursuant to Labor Code § 226.7, Plaintiffs and the Proposed Classes are entitled to damages in an amount equal to one (1) hour of wages at the regular rate of compensation for one or more denied rest periods each day in a sum to be proven at trial.

<h3 style="text-align:center">IX</h3>

<h3 style="text-align:center">FOURTH CAUSE OF ACTION</h3>

<h3 style="text-align:center">VIOLATION OF LABOR CODE § 226(a)</h3>

<h3 style="text-align:center">By Plaintiffs WESTFALL, ANDERSON, BOBBY, and ELLINGER, individually and on behalf of all employees similarly situated, against ALL DEFENDANTS, and DOES 1 through 20</h3>

75.    Plaintiffs, on behalf of themselves and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

76.    Labor Code section 226 requires employers to furnish to employees with "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made

18

FP 50545719.2

on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . ."

77.    Section 226(a) of the California Labor Code requires employers to itemize in wage statements all deductions from payment of wages, the appropriate rates of pay, and to accurately report total hours worked by the employees. It also requires that an employer include its name and address on the wage statement. Defendant has knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements provided to Plaintiffs and the Proposed Classes.

78.    IWC Wage Orders require employers to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by employees. Defendant failed to keep accurate records detailing, among other things, the total daily hours worked for Plaintiffs and members of the Proposed Classes.

79.    Defendant provided  itemized wages statements that failed to reflect, among other things,  the correct regular wage rate, overtime wage rate, and accurate number of hours worked.

80.    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

FP 50545719.2

**X**

**FIFTH CAUSE OF ACTION**

**WAITING TIME PENALTIES UNDER LABOR CODE § 203**

**By Plaintiffs WESTFALL, ANDERSON, BOBBY, and ELLINGER, individually and on behalf of all employees similarly situated, against ALL DEFENDANTS, and DOES 1 through 20**

81.     Plaintiffs, on behalf of the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

82.     Numerous members of the Proposed Classes are no longer employed by Defendant.  They were either terminated or quit Defendant's employ.

83.     Defendant's failure to pay wages, as alleged above was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiffs and the Proposed Classes to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

84.     Defendant has failed to pay others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter.  Pursuant to the provisions of Labor Code § 203, the Proposed Classes whose employment ended are entitled to a penalty in the amount of their daily wage multiplied by thirty (30) days.

//

//

//

//

//

//

//

//

SECOND AMENDED CLASS ACTION COMPLAINT

FP 50545719.2

# XI

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE § 17200

**By Plaintiffs WESTFALL, ANDERSON, BOBBY, MARTIN and ELLINGER, individually and on behalf of all employees similarly situated, against ALL DEFENDANTS, and DOES 1 through 20**

85.    Plaintiffs, Plaintiff-Intervenor on behalf of themselves and the Proposed Classes, reallege and incorporate by reference all previous paragraphs.

86.    This is a Class Action for Unfair Business Practices.  Plaintiffs, Plaintiff-Intervenor, on behalf of themselves, on behalf of the general public, and on behalf of the Proposed Classes, bring this claim pursuant to Business & Professions Code § 17200, et seq. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiffs, Plaintiff-Intervenor, the general public, and the Proposed Classes.  Plaintiffs, Plaintiff-Intervenor seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

87.    Plaintiffs, Plaintiff-Intervenor are "persons" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

88.    Business & Profession Code § 17200, et seq. prohibits unlawful and unfair business practices.

89.    California's wage and hour laws express fundamental public policies.  Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States.  Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding

FP 50545719.2

employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

90.     Defendant has violated statutes and public policies as alleged herein.  Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, et seq., depriving Plaintiffs, Plaintiff-Intervenor, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

91.     Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200 et seq. of the Business & Professions Code.

92.     Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful.  As such it is a violation of § 17200 et seq. of the Business & Professions Code.

93.     As a proximate result of the above-mentioned acts of Defendant, Plaintiffs, Plaintiff-Intervenor and others similarly situated have been damaged in a sum as may be proven.

94.     Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above.  Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiffs, Plaintiff-Intervenor and members of the Proposed Classes the money Defendant has unlawfully failed to pay.

//
//
//
//

SECOND AMENDED CLASS ACTION COMPLAINT

FP 50545719.2

## XII

### SEVENTH CAUSE OF ACTION

**BY PLAINTIFF IN HIS REPRESENTATIVE CAPACITY ON BEHALF OF ALL OTHER EMPLOYEES SIMILARLY SITUATED-PRIVATE ATTORNEY GENERAL ACT—LABOR CODE SECTION 2698, ET. SEQ. AGAINST DEFENDANTS**

**By Plaintiffs WESTFALL, ANDERSON, BOBBY, and ELLINGER, individually and on behalf of all employees similarly situated, against ALL DEFENDANTS, and DOES 1 through 20**

95.     Plaintiffs incorporates paragraphs 1 through 75 of this complaint as if fully alleged herein.

96.     Plaintiffs and the Plaintiff Class Members are aggrieved employees as defined *in Labor Code §2699(a)*. Plaintiffs bring this cause of action on behalf of themselves and the Plaintiff Class Members affected by the labor law violations alleged in this complaint.

97.     Defendant committed the following violations of the California Labor Code against Plaintiffs and Plaintiff Class Members, and, on information and belief, against other current or former "Electronic Technician" while they were and are employed by Defendant, and each of them:

a.     Defendants, and each of them, violated *Labor Code §§226.7 and 512* by not providing lawful meal breaks free from all duties for Plaintiffs and Plaintiff Class Members or paying meal period premiums in lieu thereof at the regular rate of pay.

b.     Defendants, and each of them, violated *Labor Code §226.7* by not providing lawful rest periods for Plaintiffs and Plaintiff Class Members or paying rest period premiums in lieu thereof at the regular rate of pay;

c.     Defendants, and each of them, violated *Labor Code §226(a)* by not providing an accurate itemized wage statement to Plaintiffs and Plaintiff Class Members;

d.     Defendants, and each of them, violated *Labor Code §510 and §1194* by failing to

23

pay Plaintiffs and Plaintiff Class Members wages for all hours worked including payment of overtime wages at the regular rate for all hours worked beyond an eight (8) hour day and forty (40) hours per week.

e.    Defendants, and each of them, violated *Labor Code §1194, 1197.1, IWC Wage Order No. 1-2001 §4* by failing to pay minimum wages to Plaintiffs and Plaintiff Class Members.

f.    Defendants, and each of them, violated *Labor Code §227.3* which requires employers to pay unused vacation time at the regular rate. Defendant violated this section by failing to include shift differential and/or the continuous operating bonus in the calculation of the regular rate.

g.    Defendants, and each of them, violated *Labor Code §1174* by failing to accurately record all time worked on their time records.

h.    Defendants, and each of them, violated *Labor Code §204* by failing to pay Plaintiffs and the Plaintiff Class Members for all overtime and doubletime no later than the second payday after the overtime and doubletime labor occurred. Defendants, and each of them, violated *Labor Code §246* by failing to provide a reasonable minimum increment, not to exceed two hours for the use of paid sick leave.

i.    Defendants, and each of them, violated *Labor Code §§ 221, 224, 3751, IWC Wage Order No. 1-2001 §11* by deducting from employee wages based on reductions to financial performance that were attributable to cash shortage, breakage, loss of equipment and payments relating to workers' compensation benefits.

j.    Defendants, and each of them, violated *Labor Code §§201-203* by failing to timely pay Plaintiffs and Plaintiff Class Members all wages owed to an employee who is discharged or quits.

24

SECOND AMENDED CLASS ACTION COMPLAINT

k.    Defendants, and each of them, violated *Business and Professions Code §§17200 et. seq.* by committing unlawful business practices.

98.    Pursuant to *Labor Code Section 2699(a)* Plaintiff seeks to recover civil penalties, as otherwise provided by statute, for which Defendants, and each of them, are liable as a result of Defendants' violation of the *Labor Code* set forth herein above in an amount to be proved at trial.

Wherefore, Plaintiffs request relief as pray for hereinafter.

**XII**

**EIGHTH CAUSE OF ACTION**

**BY PLAINTIFF-IN-INTERVENTION RICHARD MARTIN IN HIS REPRESENTATIVE CAPACITY ON BEHALF OF ALL OTHER EMPLOYEES SIMILARLY SITUATED-PRIVATE ATTORNEY GENERAL ACT—LABOR CODE SECTION 2698, ET. SEQ. AGAINST DEFENDANTS**

**By Plaintiffs MARTIN, individually and on behalf of all employees similarly situated, against ALL DEFENDANTS, and DOES 1 through 20**

99.    Plaintiff Martin incorporates the foregoing paragraphs of this complaint as if fully alleged herein.

100.    Plaintiff Martin all employees who are currently employed by or formerly employed in the Internal Coating "spray operation" area of the Fairfield Plant, located at or near 2400 Huntington Dr, Fairfield, CA 94533, are aggrieved employees as defined *in Labor Code §2699(a)*. Plaintiff Martin brings this cause of action on behalf of himself and the Class Members affected by the labor law violations alleged in this cause of action.

101.    Defendant committed the following violations of the California Labor Code against Plaintiff and relevant Class Members while they were and are employed by Defendant, including:

a.    Defendants, and each of them, violated 8 C.C.R § 5149 by not providing adequate

25

SECOND AMENDED CLASS ACTION COMPLAINT

FP 50545719.2

training regarding handled chemicals.

b.  Defendants, and each of them, violated 8 C.C.R § 5144 by not providing adequate engineering controls.  (See also 8 C.C.R. § 5153(b)(1); id., § 5153(e)& (g).).

c.  Defendants, and each of them, violated 8 C.C.R § 5192, § 5149; § 5149; § 5144 by not providing adequate response training.

102.    Pursuant to *Labor Code Section 2699(a)* Plaintiff seeks to recover civil penalties, as otherwise provided by statute, for which Defendants, and each of them, are liable as a result of Defendants' violation of the *Labor Code* set forth herein above in an amount to be proved at trial.

Wherefore, Plaintiff request relief as pray for hereinafter.

# XIII

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs, Plaintiff-Intervenor pray for the following relief:

1.    For compensatory damages in the amount of unpaid wages and/or overtime not paid to Plaintiffs, Plaintiff-Intervenor and each other member of the Proposed Classes from at least four (4) years prior to the filing of this action to the present as may be proven;

2.    For compensatory damages in the amount of Plaintiffs, Plaintiff-Intervenor and each member of the Proposed Classes' correct hourly premium wage for each rest period and/or meal period missed or taken late during the liability period as may be proven;

SECOND AMENDED CLASS ACTION COMPLAINT

FP 50545719.2

3.      For penalties pursuant to Labor Code § 226(e) for violation of Labor Code § 226(a) in the amount of fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000);

4.      For penalties pursuant to Labor Code § 203 for all employees who were terminated or resigned equal to their daily wage times thirty (30) days;

5.      That the court determine that the failure of the Defendants to pay wages to the Plaintiffs, Plaintiff-Intervenor and Plaintiff Class members be adjudged and decreed to violate the applicable regulations and statutes;

6.      An award of prejudgment and post judgment interest;

7.      An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing Plaintiffs, Plaintiff-Intervenor with proper wages, premiums, and/or overtime, meal periods, rest periods, accurate itemized wage statements, and wages upon termination/resignation pursuant to Labor Code §§ 203, 226(a), 226.7, 510, 512, 515, 558, 1194, 1199 and IWC 7-2001;

8.      For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement or profits, in an amount as may be proven;

9.      For penalties and other relief pursuant to Labor Code §2699, et seq.;

10.     As Plaintiffs, Plaintiff-Intervenor have properly given Defendant Notice, Plaintiffs, Plaintiff-Intervenor seeks unpaid wages and penalties pursuant to Labor Code §558, as permitted by Labor Code §2699(f), in the amount of, fifty dollars ($50) for each initial violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover such underpaid wages and one hundred ($100) dollars for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover such underpaid wages;

11.     Prejudgment interest;

27

SECOND AMENDED CLASS ACTION COMPLAINT

12.    An award providing for payment of costs of suit;

13.    An award of attorneys' fees; and

14.    Such other and further relief as this Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated: May 30, 2024                Eason & Tambornini, ALC


By: /s/ *MATTHEW R. EASON*
         Matthew R. Eason
         Erin M. Scharg
          Attorneys for Plaintiff and the Proposed Class

28

SECOND AMENDED CLASS ACTION COMPLAINT

FP 50545719.2